**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Andrew S. Tulumello**
+1 (202) 682-7100
drew.tulumello@weil.com

BY ECF

April 4, 2025

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:   *Pospisil et al. v. ATP Tour, Inc. et al.,* No. 1:25-cv-02207-MMG (S.D.N.Y.) – April 11, 2025 Hearing

Dear Judge Garnett,

Plaintiffs, together with Defendant ATP Tour, Inc. ("ATP"), jointly submit this letter in advance of the April 11, 2025 hearing concerning Plaintiffs' motion for a protective order under Fed. R. Civ. P. 23(d). Pursuant to the Court's March 25, 2025 order, ECF No. 27, the parties write to inform the Court of the witnesses each party intends to call, the expected length of such testimony, and the anticipated presentation of evidence.

The parties anticipate the hearing will take the three hours allotted by the Court. The parties propose brief opening statements of 10 minutes per side, followed by the presentation of Plaintiffs' and ATP's respective witnesses, with an opportunity for direct examination, cross examination, and redirect. At the conclusion of witness testimony, the parties would be prepared to address any remaining questions from the Court. The parties anticipate presenting evidence and slide decks using the display monitors in Courtroom 906 and will coordinate with the Courtroom Deputy for an equipment test and any necessary approvals.

**Plaintiffs' Statement**

Plaintiffs intend to call the following witnesses:

| Witness | Expected Length of Testimony |
|---|---|
| Vasek Pospisil<br>*Plaintiff and Professional Tennis Player* | 30 minutes |
| Wajid Mir Syed<br>*General Counsel and Executive Vice President, Player Engagement Professional Tennis Players Association* | 30 minutes |
| Reilly Opelka (via Microsoft Teams)<br>*Plaintiff and Professional Tennis Player* | 15 minutes |

April 4, 2025                                                                                                          **Weil, Gotshal & Manges LLP**
Page 2

Plaintiffs respectfully request that the Court permit Mr. Opelka to testify remotely. Mr. Opelka, a named plaintiff in this action, is a professional tennis player. He is unable to attend the hearing in person because he must be in Barcelona on April 11 to compete in the Barcelona Open. The Barcelona Open is an ATP sponsored event and Mr. Opelka is being touted by the tournament as one of its featured players (www.Barcelonaopenbancsadabel.com). Players forfeit prize money and risk losing rankings points by failing to play in ATP's tournaments. *See* Complaint, ECF No. 1 ¶¶ 185-98. ATP will have a full and fair opportunity to question Mr. Opelka at the hearing. Mr. Opelka in his declaration did not name the individual he spoke to on the ATP Player Advisory Council in order to protect that individual from the type of ATP conduct that caused Plaintiffs to seek relief from the Court. *See* ECF No. 20 at 1, 3. The parties also can address this specific issue at the hearing.

The Court also should reject ATP's objection to Mr. Pospisil's testimony. *See infra*. Mr. Popisil is the lead plaintiff in this case and a co-founder of the PTPA. This Court's order set an evidentiary hearing and expressly authorized Plaintiffs to "offer testimony from *any* additional witnesses they wish." *See* ECF 27 (emphasis added). The order did not require affidavits or declarations from Plaintiffs' witnesses in advance.

Mr. Pospisil and Mr. Opelka will not, as ATP suggests, offer any new "arguments." They will testify to their knowledge about the influence and leverage ATP holds over class members' professional lives and ATP's pressure campaign against class members, both of which Plaintiffs raised in their initial Letter Motion to the Court. *See* ECF No. 20. Accordingly, the case cited by ATP, in which the court disregarded an "argument . . . raised [] for the first time in [a] reply memorandum," is not relevant. *See Playboy Enters. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997).

**ATP's Statement**

ATP objects to Plaintiffs calling Mr. Pospisil. Despite being a named Plaintiff and ostensibly represented by Plaintiffs' counsel,[1] Mr. Pospisil never submitted a declaration in support of Plaintiffs' motion, and is not mentioned in Plaintiffs' initial motion papers or reply as having any personal knowledge relevant to their request for relief. In response to ATP's question regarding the substance of Mr. Pospisil's proffered testimony, Plaintiffs responded only that he "will be testifying about matters relevant to the motion." Plaintiffs' reply was filed days after the Court's order contemplating testimony from additional witnesses, and anything Mr. Pospisil wanted to offer in support of this motion should have been submitted then. *See, e.g.*, *Playboy Enters. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (declining to consider an argument that "existed well before Dumas filed her initial memorandum, and the Court is aware of no reason for Dumas' manipulative omission of the argument from her first submission") (citing cases). Beginning their presentation with up to 30 minutes of his testimony underscores that Plaintiffs improperly seek to litigate this issue by ambush.

ATP also has concerns regarding Mr. Opelka testifying from outside the United States by Microsoft Teams. In its March 25 Order, the Court directed all of the declarants to testify live at the April 11 hearing. Since

---

[1] Since the PTPA began its litigation campaign, one of its named Plaintiffs in the related U.K. case unilaterally withdrew because he did "not fully align with how the case has been approached." Neil McLeman, *British Tennis Star Withdraws from Novak Djokovic-Led PTPA Lawsuit and Gives Reason*, Express (Mar. 31, 2025), www.express.co.uk/sport/tennis/2034893/british-tennis-news-novak-djokovic (cited in Plaintiffs' Reply, ECF 36 at 2 n.1). There is thus reason to question whether the PTPA and its counsel actually represent all of the named Plaintiffs in this case.

April 4, 2025  
Page 3

**Weil, Gotshal & Manges LLP**

the Order, plaintiffs submitted a three-sentence declaration from Mr. Opelka in support of their reply brief, in which Mr. Opelka contends he had a conversation with an unnamed ATP Tour Player Advisory Council member who Plaintiffs still refuse to identify.  *See* Decl. of R. Opelka (ECF 34).  Their refusal to identify an ATP Tour Player Advisory Council member who might otherwise be able to provide truthful testimony about the allegations or to otherwise limit ATP's ability to defend against such allegations, "should not be rewarded."  *See, e.g.*, *Playboy Enters.*, 960 F. Supp. At 720 n.7.  While ATP respectfully defers to the Court's judgment as to whether to permit Mr. Opelka's remote testimony, it remains to be seen whether ATP will have a full and fair opportunity to cross-examine Mr. Opelka when Plaintiffs will not identify who allegedly spoke to Mr. Opelka.  ATP reserves all rights object to Mr. Opelka's specific testimony on that issue, or any other issue that was not disclosed in his declaration.

The ATP intends to call the following witness:

| **Witness** | **Expected Length of Testimony** |
|---|---|
| Luben Pampoulov<br>*Player Representative Board Director*<br>*ATP Tour, Inc.* | 60 minutes |

ATP reserves the right to call additional witnesses in rebuttal depending on the nature and scope of testimony proffered by Plaintiffs at the hearing.

We look forward to appearing before Your Honor to discuss this matter next week.

Respectfully submitted,

*/s/ Andrew S. Tulumello*

Andrew S. Tulumello  
*Counsel for Plaintiffs*

   cc:    all counsel of record (via ECF)