

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

April 22, 2025

Bradley I. Ruskin
Member of the Firm
d +1.212.969.3465
f 212.969.2900
bruskin@proskauer.com
www.proskauer.com

**BY ECF**

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

Re:   *Pospisil, et al. v. ATP Tour, Inc., et al.*, No. 1:25-cv-02207-MMG (S.D.N.Y.)

Dear Judge Garnett:

Yesterday evening, Plaintiffs sent us a letter "regarding statements made by ATP Tour, Inc. at the April 11, 2025 hearing and in its supplemental letter brief on Plaintiffs' Rule 23(d) motion," expressing Plaintiffs' view "that the ATP may have misstated the holdings of the *Deutscher Tennis Bund* cases in the Third Circuit and the Delaware Supreme Court as it pertains to Section 23.3 of the ATP Bylaws." Rather than debate the holdings of those cases with Plaintiffs, and whether any disagreement with ATP's characterization of those cases should have been raised either at the April 11 hearing or in Plaintiffs' April 18 letter brief, ATP respectfully submits that it could have more precisely and accurately described the specific litigation surrounding the fee-shifting bylaw in the *Deutscher Tennis Bund* case and seeks to do so here.

ATP wrote the following in its letter brief: "The enforceability of this fee-shifting provision in a similar antitrust lawsuit brought by two Tournament Members against ATP was specifically litigated and upheld by the Delaware Supreme Court. *See generally ATP Tour, Inc. v. Deutscher Tennis Bund*, 91 A.3d 554, 555 (Del. 2014)." ECF No. 62 at 2 n.1. That is what happened. Following certification by the United States District Court for the District of Delaware, the Delaware Supreme Court held that "[a] fee-shifting bylaw, like the one described in the first certified question, is facially valid." *See Deutscher Tennis Bund*, 91 A.3d at 558. However, "because certifications by their nature only address questions of law," the Delaware Supreme Court did not address whether there could be factual circumstances surrounding the bylaw's adoption that would render it unenforceable. *See id.* at 559-60; *see also Deutscher Tennis Bund v. ATP Tour, Inc.*, No. 1:07-cv-00178-GMS, ECF No. 282 at 2 (D. Del. Sept. 29, 2014) ("The Delaware Supreme Court answered the question of 23.3's validity affirmatively. It expressed no view as to whether the provision is enforceable under Delaware law because it lacked sufficient facts to do so."). The litigation settled shortly after the Delaware Supreme Court's decision and resulting remand to the district court, with the losing plaintiffs making a payment to ATP. Section 23.3 of the ATP Bylaws has now been in effect for almost twenty years.

Plaintiffs also raised concerns regarding ATP's counsel's statements at page 26, lines 9-14 of the April 11 hearing transcript. ATP believes there were transcription errors in that passage, but to the extent ATP's counsel said that the Third Circuit ruled that the fee-shifting bylaw was not preempted by the antitrust laws, ATP respectfully requests the opportunity to correct the record on

**Proskauer»**

Judge Garnett
April 22, 2025
Page 2

that issue. The Third Circuit held that the district court erred in ruling that federal preemption applied, and vacated the district court's ruling, but it did so on ripeness grounds. *See Deutscher Tennis Bund*, 480 Fed. App'x at 126-27 ("The question we address first is one that was not raised by the parties: whether federal preemption is ripe for decision when there has been no determination of whether Article 23.3 is valid (therefore, enforceable) under state law."). Because there had not (yet) been a determination that the bylaw was valid under Delaware law, "the constitutional issue of preemption" was premature. *See id.*

Respectfully submitted,

*/s/ Bradley I. Ruskin*

Bradley I. Ruskin
*Counsel for Defendant ATP Tour, Inc.*