**Weil, Gotshal & Manges LLP**

BY ECF

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Andrew S. Tulumello**
+1 (202) 682-7100
drew.tulumello@weil.com

April 23, 2025

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:   *Pospisil et al. v. ATP Tour, Inc. et al.,* No. 1:25-cv-02207-MMG (S.D.N.Y.) – Plaintiffs' Opposition to Defendants' Letter-Motion to Adjourn Initial Case Management Conference

Dear Judge Garnett:

Plaintiffs respectfully submit this letter in opposition to Defendants' Letter Motion to Adjourn the Initial Pretrial Conference. ECF No. 65. On March 20, 2025, consistent with Fed. R. Civ. P. 16(b), this Court issued an order setting the Initial Pretrial Conference for May 8, 2025, and directing the parties to submit a proposed scheduling order by May 1, 2025. ECF No. 16. Absent "good cause," a scheduling order must be entered by May 22, 2025—60 days after any defendant has appeared, Fed. R. Civ. P. 16(b)(2). Defendants have not proffered any "good cause" for such delay, and Plaintiffs respectfully request that the Court maintain the Initial Pretrial Conference that it has set.

The Federal Rules of Civil Procedure and this Court's Individual Rules require the parties to create a discovery plan and discuss matters such as a case schedule, document preservation, and settlement. Fed. R. Civ. P. 26(f); Individual Rules and Practices of Hon. Margaret M. Garnett § II.A.5. The purpose of these requirements is to "reduce or avoid problems" through "advance planning and collaboration." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2051.1 (3d ed. 2025). On April 15, and consistent with the Court's Order, Plaintiffs sent Defendants a proposed case schedule. Contrary to Defendants' assertion, on April 17, the parties held the 26(f) Conference as required under the Federal Rules of Civil Procedure—each of the defendants were represented on the call and the parties discussed the Rule 26(f) matters such as the proposed case schedule, document preservation, the need for a protective order and an ESI protocol, and an estimate for the length of trial. In addition, the parties have been engaged in ongoing discussions concerning the proposed Case Management Plan that the Court directed the parties to submit by May 1.

Notwithstanding the parties' ongoing discussions, Defendants request an adjournment of the Initial Pretrial Conference because "preparing and investigating responses to the complaint . . . will inform [their] collective understanding of the scope and cadence of appropriate discovery and other matters to be discussed at the Initial Pretrial Conference." ECF No. 65. But that is not "good cause" to delay. The Initial

April 23, 2025  
Page 2

**Weil, Gotshal & Manges LLP**

Pretrial Conference is currently scheduled to take place less than two weeks before Defendants' response to the complaint is due. By then, Defendants will be well prepared to discuss the general scope of discovery, which of course can and will evolve as the case progresses.[1]

One of the primary purposes of the initial pretrial conference is "establishing early and continuing control so that the case will not be protracted because of lack of management." Fed. R. Civ. P. 16(a)(2). That purpose is especially compelling in class actions, which inherently require considered coordination and management. Indeed, the Federal Rules require that class certification must happen at "an early practicable time," which counsels in favor of early and proactive case management. Fed. R. Civ. P. 23(c)(1)(A).

Given the nature of this litigation, the parties' need, already, for Court intervention on the Rule 23(d) motion, and the complexity of the action, this case would benefit from close supervision and a schedule issued within the timeline contemplated by the Federal Rules of Civil Procedure. Thus, Plaintiffs respectfully request that the Court maintain the Initial Pretrial Conference on May 8, 2025, as previously scheduled.

Respectfully submitted,

*/s/ Andrew S. Tulumello*

Andrew S. Tulumello  
*Counsel for Plaintiffs*

cc:   all counsel of record (via ECF)

---

[1] To the extent Defendants' request intimates that a motion to dismiss obviates the need for the Initial Pretrial Conference, they are mistaken. Rule 16 contemplates that motions may be pending at the time of the conference. *See* Fed. R. Civ. P. 16(c)(2)(K).