**Weil, Gotshal & Manges LLP**

BY ECF

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Andrew S. Tulumello**
+1 (202) 682-7100
drew.tulumello@weil.com

April 23, 2025

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:     *Pospisil et al. v. ATP Tour, Inc. et al.,* No. 1:25-cv-02207-MMG (S.D.N.Y.)

Dear Judge Garnett:

Plaintiffs write in response to Defendant ATP's April 22, 2025 letter, in which ATP sought to clarify the holdings of the *Deutscher Tennis Bund* cases in the Third Circuit and Delaware Supreme Court. While Plaintiffs acknowledge ATP's clarification of the record, Plaintiffs respectfully submit that further explanation of those cases is warranted.

In its April 22, 2025 letter, ATP doubles down on a statement made in its post-hearing letter: "'The enforceability of *this* fee-shifting provision in a similar antitrust lawsuit brought by two Tournament Members against ATP was *specifically litigated and upheld* by the Delaware Supreme Court. *See generally ATP Tour, Inc. v. Deutscher Tennis Bund*, 91 A.3d 554, 555 (Del. 2014).' ECF No. 62 at 2 n.1. *That is what happened*." ECF No. 64 (emphasis added).

Plaintiffs respectfully disagree. The Delaware Supreme Court did not "uphold" the bylaw or hold that the bylaw was "enforceable"—or, at least, that is an incomplete description of the Court's holding. After observing that fee-shifting bylaws, generally, are facially valid under Delaware law, the Delaware Supreme Court stated that "[w]hether the specific ATP fee-shifting bylaw is enforceable . . . depends on the manner in which it was adopted and the circumstances under which it was invoked. Bylaws that may otherwise be facially valid will not be enforced if adopted or used for an inequitable purpose." *ATP Tour, Inc. v. Deutscher Tennis Bund*, 91 A.3d 554, 558 (Del. 2014). The Court then cited cases invalidating bylaws adopted by a board to "perpetuate itself in office" or to "obstruct the legitimate efforts of dissident stockholders in the exercise of their rights to undertake a proxy contest against management." *Id.* at 558–59.

The Delaware Supreme Court stated that "the enforceability of a facially valid bylaw may turn on the circumstances surrounding its adoption and use" and held that the certification request "does not provide

Hon. Margaret M. Garnett  **Weil, Gotshal & Manges LLP**
April 23, 2025
Page 2

the stipulated facts necessary to determine whether the ATP bylaw was enacted for a proper purpose or properly applied." *Id.* at 559.

In Plaintiffs' view, the Delaware Supreme Court decision cannot be read as "upholding" the "enforceability" of the bylaw when the decision states, expressly, that it cannot reach that issue: "we cannot say, as a matter of law, that the ATP fee-shifting provision was adopted for a proper purpose or is enforceable in the circumstances presented." *Id.* at 560.

A correct application of the Third Circuit and Delaware Supreme Court decisions will matter at later stages of the case, but it also is meaningful to the pending Rule 23(d) motion.  In large measure, ATP opposes Plaintiffs' Rule 23(d) motion on the ground that it should be able to provide purportedly truthful information to the players.  But telling the players that they are individually responsible for the legal fees of ATP assumes ATP's bylaw is not inequitable and could be properly applied here, which is, at the very least, an open question.[1]

ATP should not be threatening players with tens of millions of dollars in legal fees to force them to disavow this suit (on top of losing prize money, pensions, and other benefits).  And ATP certainly cannot justify that conduct on the ground that "the enforceability of *this* fee-shifting provision … was *specifically litigated and upheld* by the Delaware Supreme Court." ECF No. 62 at 2 n.1; ECF No. 64 at 1 (emphasis added).  If ATP mischaracterizes the issue this way in open court, it is not hard to envision what ATP is saying to class members behind closed doors.

A Rule 23(d) order should issue.

Plaintiffs attach the Third Circuit, Delaware Supreme Court, and District Court opinions to this letter with relevant highlighting by Plaintiffs' counsel for the Court's convenience.

Respectfully submitted,

*/s/ Andrew S. Tulumello*

Andrew S. Tulumello
*Counsel for Plaintiffs*

cc:    all counsel of record (via ECF)

---

[1] Plaintiffs will demonstrate that the bylaw is manifestly unconscionable as applied to individual players. The bylaw also is separately preempted by the Sherman Act, as the district court initially held, *Deutscher Tennis Bund v. ATP Tour, Inc.*, 2009 WL 3367041, at *3–4 (D. Del. Oct. 19, 2009), before the Third Circuit held that the issue of state-law validity should be decided before preemption, *Deutscher Tennis Bund v. ATP Tour Inc.*, 480 F. App'x 124, 127 (3d Cir. 2012).