# EXHIBIT 2

---

**AMENDED AND RESTATED**

**BY-LAWS**

**OF**

**WTA TOUR, INC.**

---

of Incorporation, by a majority of the entire Board. Any By-Law adopted by the Board may be amended or repealed by the members and, unless otherwise provided in the Certificate of Incorporation or by the By-Laws adopted by the members, any By-Law adopted by the members may be amended or repealed by the Board. If any By-Law regulating an impending election of Directors is adopted, amended or repealed by the Board, there shall be set forth in the notice of the next meeting of the members for the election of Directors the By-Law so adopted, amended or repealed, together with a concise statement of the changes made.

(b) Notwithstanding the foregoing, any amendment or repeal of the following Sections shall constitute a "Supermajority Matter" subject to the voting provisions of Sections 4.7(b) or 5.13(b), as applicable: Section 2.1, 2.3, 2.4, 3.1, 4.1 (insofar as it sets forth the number of Delegates to be elected or appointed by each class of members), 4.7, 5.2, 5.13, 8.2 this 10.10 and Schedule 1- Section 3. Furthermore, any amendment to these By-Laws which restricts the right of the Federation Class Delegate to elect a voting Director shall be adopted pursuant to Section 4.7(c) hereof.

Section 10.11  <u>Use of Gender Pronouns</u>.

Whenever either the pronoun "he" or "she" is used, it is not intended to be restrictive and shall be construed to mean "he or she."

Section 10.12  <u>Jurisdiction and Venue</u>.

(a) Each Member on behalf of itself and its owners, affiliates and representatives, and each Director, officer, key employee and agent of the Tour (i) submits to the jurisdiction of the New York state courts located in New York County, New York and the United States District Court for the Southern District of New York and all related appellate courts (collectively, the "New York Courts"), (ii) consents to service of process by express delivery, any process which provides a confirmation of delivery or any other manner permitted by the rules and procedures established by the applicable New York Courts or any applicable law, and (iii) irrevocably agrees to be bound by any final judgment of any New York Courts. The foregoing submission to personal jurisdiction is self-operative and no further instrument or action, other than service of process in the manner permitted herein or by the rules and procedures established by the applicable New York Courts or any applicable law, shall be necessary in order to confer such personal jurisdiction over any Member or any of its owners, affiliates or representatives, or any Director, officer, key employee or agent of the Tour.

(b) No current or prior Member or anyone on their behalf (each a "Claiming Party"), may commence, assert or cause any claim or counterclaim (each a "Claim") against (i) the Tour, (ii) any affiliated Tour entity, (iii) any officer, Director, employee or representative of the Tour or any affiliated Tour entity, including, without limitation, any Tour Board Representative, Player Council Delegate or Tournament Council Delegate, or (iv) any other Member, (collectively, "Tour Parties"), without first exhausting (x) any and all available appeals and other remedies internal to the Tour (including, without limitation, any appeal to the Tour Board, the President, any other officer of the Tour or any internal committee or review board) provided for under the Certificate of Incorporation, these By-Laws, the WTA Tour Rules or any applicable agreement,

and (xi) any and all available appeals expressly provided for in the WTA Tour Rules (collectively, "Internal Dispute Resolution Procedures").

(c) Following exhaustion of any and all available appeals and remedies under Internal Dispute Resolution Procedures, the New York Courts shall have exclusive jurisdiction over any dispute or controversy between any Claiming Party and the Tour or any Member; provided, however, that (i) the foregoing shall not limit or affect in any way the applicability or enforceability of any Internal Dispute Resolution Procedures (including, without limitation, any right or obligation that any person or entity may have under the WTA Tour Rules to appeal), (ii) in the event of any conflict or inconsistency between this Section 10.12(c) and any other agreement between any Claiming Party and the Tour or any Member that, by its express terms, provides for a specific forum that will have exclusive jurisdiction over such dispute or controversy, such other provision shall control, and (iii) in the event any provision of the Certificate of Incorporation, these By-Laws, the WTA Tour Rules or any applicable agreement provides that any decision or determination of the arbitrator, the Tour Board, any officer of the Tour or any other person or persons designated by the Tour Board or any officer of the Tour (including any internal committee or review board) shall be final, binding or otherwise non-appealable, no person or entity may challenge or appeal such decision or determination to any New York Court or any other court, arbitrator or other authority.

Section 10.13  <u>Governing Law</u>.

Any dispute or controversy between any Claiming Party and any Tour Party (including, but not limited to, matters concerning the arbitrability of disputes) shall be governed by the laws of the State of New York without reference to New York conflict of laws principles; provided, that any dispute or controversy arising from any separate agreement between any Tour Party and any Claiming Party that provides for a specific governing law shall be governed by such law.

Section 10.14  <u>Litigation Costs</u>.

(a) In the event that (i) any Claiming Party initiates or asserts any Claim or joins, offers substantial assistance to or has a direct financial interest in any Claim against the Tour or any Member (including any Claim purportedly filed on behalf of the Tour or any Member), and (ii) the Claiming Party (or the third party that received substantial assistance from the Claiming Party or in whose Claim the Claiming Party had a direct financial interest) does not obtain a judgment on the merits that substantially achieves, in substance and amount, the full remedy sought, then each Claiming Party shall be obligated jointly and severally to reimburse the Tour and any such Member for all fees, costs and expenses of every kind and description (including, but not limited to, all reasonable attorneys' fees and other litigation expenses) (collectively, "Litigation Costs") that the parties may incur in connection with such Claim.

(b) In the event that (i) the Tour initiates, asserts any Claim or joins, offers substantial assistance to or has a direct financial interest in any Claim against any Claiming Party, other than a Claim for declaratory relief, and (ii) the Tour (or the third party that received substantial assistance from the Tour or in whose Claim the Tour had a direct financial interest) does not obtain a judgment on the merits that substantially achieves, in substance and amount, the