# Exhibit 11



# Code: Procedural Rules

Home (/) / Arbitration (en/arbitration.html) / Code: Procedural Rules (en/arbitration/code-procedural-rules.html)

# A. General Provisions

**R27**   Application of the Rules

These Procedural Rules apply whenever the parties have agreed to refer a sports-related dispute to CAS. Such reference may arise out of an arbitration clause contained in a contract or regulations or by reason of a later arbitration agreement (ordinary arbitration proceedings) or may involve an appeal against a decision rendered by a federation, association or sports-related body where the statutes or regulations of such bodies, or a specific agreement provide for an appeal to CAS (appeal arbitration proceedings).

Such disputes may involve matters of principle relating to sport or matters of pecuniary or other interests relating to the practice or the development of sport and may include, more generally, any activity or matter related or connected to sport.

**R28**   Seat

The seat of CAS and of each Arbitration Panel ("Panel") is Lausanne, Switzerland. However, should circumstances so warrant, and after consultation with all parties, the President of the Panel may decide to hold a hearing in another place and may issue the appropriate directions related to such hearing.

**R29**   Language

The CAS working languages are French, English and Spanish. In the absence of agreement between the parties, the President of the Panel or, if she/he has not yet been appointed, the President of the relevant Division, shall select one of these three languages as the language of the arbitration at the outset of the procedure, taking into account all relevant circumstances. Thereafter, the proceedings shall be conducted exclusively in that language, unless the parties and the Panel agree otherwise.

The parties may request that a language other than French, English or Spanish be selected, provided that the Panel and the CAS Court Office agree. If agreed, the CAS Court Office determines with the Panel the conditions related to the choice of the language; the Panel may order that the parties bear all or part of the costs of translation and interpretation. If a hearing is to be held, the Panel may allow a party to use a language other than that chosen for the arbitration, on condition that it provides, at its own cost, interpretation into and from the official language of the arbitration.

The Panel or, prior to the constitution of the Panel, the Division President may order that all documents submitted in languages other than that of the proceedings be filed together with a certified translation in the language of the proceedings.

**R30**   Representation and Assistance

The parties may be represented or assisted by persons of their choice. The names, addresses, electronic mail addresses, telephone and facsimile numbers of the persons representing the parties shall be communicated to the CAS Court Office, the other party and the Panel after its formation. Any party represented by an attorney or other person shall provide written confirmation of such representation to the CAS Court Office.

**R31**   Notifications and Communications

All notifications and communications that CAS or the Panel intend for the parties shall be made through the CAS Court Office. The notifications and communications shall be sent to the address shown in the arbitration request or the statement of appeal, or to any other address specified at a later date.

All arbitration awards, orders, and other decisions made by CAS and the Panel shall be notified by courier and/or by facsimile and/or by electronic mail but at least in a form permitting proof of receipt.

The request for arbitration, the statement of appeal and any other written submissions, printed or saved on digital medium, must be filed by courier delivery to the CAS Court Office by the parties in as many copies as there are other parties and arbitrators, together with one additional copy for the CAS itself, failing which the CAS shall not proceed. If they are transmitted in advance by facsimile or by electronic mail at the official CAS email address (procedures@tas-cas.org), the filing is valid upon receipt of the facsimile or of the electronic mail by the CAS Court Office provided that the written submission and its copies are also filed by courier or uploaded to the CAS e-filing platform within the first subsequent business day of the relevant time limit, as mentioned above.

Filing of the above-mentioned submissions via the CAS e-filing platform is permitted under the conditions set out in the CAS guidelines on electronic filing.

The exhibits attached to any written submissions may be sent to the CAS Court Office by electronic mail, provided that they are listed and that each exhibit can be clearly identified; the CAS Court Office may then forward them by the same means. Any other communications from the parties intended for the CAS Court Office or the Panel shall be sent by courier, facsimile or electronic mail to the CAS Court Office.

**R32**   Time limits

The time limits fixed under this Code shall begin from the day after that on which notification by the CAS is received. Official holidays and non-working days are included in the calculation of time limits. The time limits fixed under this Code are respected if the communications by the parties are sent before midnight, time of the location of their own domicile or, if represented, of the domicile of their main legal representative, on the last day on which such time limits expire. If the last day of the time limit is an official holiday or a non-business day in the location from where the document is to be sent, the time limit shall expire at the end of the first subsequent business day.

Upon application on justified grounds and after consultation with the other party (or parties), either the President of the Panel or, if she/he has not yet been appointed, the President of the relevant Division, may extend the time limits provided in these Procedural Rules, with the exception of the time limit for the filing of the statement of appeal, if the circumstances so warrant and provided that the initial time limit has not already expired. With the exception of the time limit for the statement of appeal, any request for a first extension of time of a maximum of ten days can be decided by the CAS Director General without consultation with the other party (-ies).

The Panel or, if it has not yet been constituted, the President of the relevant Division may, upon application on justified grounds, suspend an ongoing arbitration for a limited period of time.

**R33**   Independence and Qualifications of Arbitrators

Every arbitrator shall be and remain impartial and independent of the parties and shall immediately disclose any circumstances which may affect her/his independence with respect to any of the parties.

Every arbitrator shall appear on the list drawn up by the ICAS in accordance with the Statutes which are part of this Code, shall have a good command of the language of the arbitration and shall be available as required to complete the arbitration expeditiously.

**R34**   Challenge

An arbitrator may be challenged if the circumstances give rise to legitimate doubts over her/his independence or over her/his impartiality. The challenge shall be brought within seven days after the ground for the challenge has become known.

Challenges shall be determined by the Challenge Commission, which has the discretion to refer a case to ICAS. The challenge of an arbitrator shall be lodged by the party raising it, in the form of a petition setting forth the facts giving rise to the challenge, which shall be sent to the CAS Court Office or the CAS Anti-Doping Division Court Office. The Challenge Commission or ICAS shall rule on the challenge after the other party (or parties), the challenged arbitrator and the other arbitrators, if any, have been invited to submit written comments. Such comments shall be communicated by the CAS Court Office or the CAS Anti-Doping Division Court Office to the parties and to the other arbitrators, if any. The Challenge Commission or ICAS shall give brief reasons for its decision and may decide to publish it.

**R35**   Removal

An arbitrator may be removed by the Challenge Commission if she/he refuses to or is prevented from carrying out her/his duties or if she/he fails to fulfil her/his duties pursuant to this Code within a reasonable time. The Challenge Commission shall invite the parties, the arbitrator in question and the other arbitrators, if any, to submit written comments and shall give brief reasons for its decision. Removal of an arbitrator cannot be requested by a party.

**R36**   Replacement

In the event of resignation, death, removal, replacement of a Sole Arbitrator by a 3-member Panel during the procedure or successful challenge of an arbitrator, such arbitrator shall be replaced in accordance with the provisions applicable to her/his appointment. If, within the time limit fixed by the CAS Court Office, the Claimant/Appellant does not appoint an arbitrator either to replace the arbitrator it had initially appointed or to constitute a 3-member Panel, the arbitration shall not be initiated, or in the event it has been already initiated, shall be terminated. Unless otherwise agreed by the parties or otherwise decided by the Panel, the proceedings shall continue without repetition of any aspect thereof prior to the replacement.

**R37**   Provisional and Conservatory Measures

No party may apply for provisional or conservatory measures under these Procedural Rules before all internal legal remedies provided for in the rules of the federation or sports-body concerned have been exhausted.

Upon filing of the request for provisional measures, the Applicant shall pay a non-refundable Court Office fee of Swiss francs 1,000.—, without which CAS shall not proceed. The CAS Court Office fee shall not be paid again upon filing of the request for arbitration or of the statement of appeal in the same procedure.

The President of the relevant Division, prior to the transfer of the file to the Panel, or thereafter, the Panel may, upon application by a party, make an order for provisional or conservatory measures. In agreeing to submit any dispute subject to the ordinary arbitration procedure or to the appeal arbitration procedure to these Procedural Rules, the parties expressly waive their rights to request any such measures from state authorities or tribunals.

Should an application for provisional measures be filed, the President of the relevant Division or the Panel shall invite the other party (or parties) to express a position within ten days or a shorter time limit if circumstances so require. The President of the relevant Division or the Panel shall issue an order on an expedited basis and shall first rule on the prima facie CAS jurisdiction. The Division President may terminate the arbitration procedure if she/he rules that the CAS clearly has no jurisdiction. In cases of utmost urgency, the President of the relevant Division, prior to the transfer of the file to the Panel, or thereafter the President of the Panel may issue an order upon mere presentation of the application, provided that the opponent is subsequently heard.

When deciding whether to award preliminary relief, the President of the Division or the Panel, as the case may be, shall consider whether the relief is necessary to protect the applicant from irreparable harm, the likelihood of success on the merits of the claim, and whether the interests of the Applicant outweigh those of the Respondent(s).

The procedure for provisional measures and the provisional measures already granted, if any, are automatically annulled if the party requesting them does not file a related request for arbitration within 10 days following the filing of the request for provisional measures (ordinary procedure) or any statement of appeal within the time limit provided by Article R49 of the Code (appeals procedure). Such time limits cannot be extended.

Provisional and conservatory measures may be made conditional upon the provision of security.

# B. Special Provisions Applicable to the Ordinary Arbitration Procedure

**R38**    Request for Arbitration

The party intending to submit a matter to arbitration under these Procedural Rules (Claimant) shall file a request with the CAS Court Office containing:

- the name and full address of the Respondent(s);
- a brief statement of the facts and legal argument, including a statement of the issue to be submitted to the CAS for determination;
- its request for relief;
- a copy of the contract containing the arbitration agreement or of any document providing for arbitration in accordance with these Procedural Rules;
- any relevant information about the number and choice of the arbitrator(s); if the relevant arbitration agreement provides for three arbitrators, the name of the arbitrator from the relevant CAS list of arbitrators chosen by the Claimant.

Upon filing its request, the Claimant shall pay the Court Office fee provided in Article R64.1.

If the above-mentioned requirements are not fulfilled when the request for arbitration is filed, the CAS Court Office may grant a single short deadline to the Claimant to complete the request, failing which the CAS Court Office shall not proceed.

**R39**    Initiation of the Arbitration by CAS and Answer - CAS Jurisdiction

Unless it is clear from the outset that there is no arbitration agreement referring to CAS, the CAS Court Office shall take all appropriate actions to set the arbitration in motion. It shall communicate the request to the Respondent, call upon the parties to express themselves on the law applicable to the merits of the dispute and set time limits for the Respondent to submit any relevant information about the number and choice of the arbitrator(s) from the CAS list, as well as to file an answer to the request for arbitration.

The answer shall contain:

- a brief statement of defence;
- any defence of lack of jurisdiction;
- any counterclaim.

The Respondent may request that the time limit for the filing of the answer be fixed after the payment by the Claimant of its share of the advance of costs provided by Article R64.2 of this Code.

The Panel shall rule on its own jurisdiction, irrespective of any legal action already pending before a State court or another arbitral tribunal relating to the same object between the same parties, unless substantive grounds require a suspension of the proceedings.

When an objection to CAS jurisdiction is raised, the CAS Court Office or the Panel, if already constituted, shall invite the parties to file written submissions on jurisdiction. The Panel may rule on its jurisdiction either in a preliminary decision or in an award on the merits.

Where a party files a request for arbitration related to an arbitration agreement and facts similar to those which are the subject of a pending ordinary procedure before CAS, the President of the Panel, or if she/he has not yet been appointed, the President of the Division, may, after consulting the parties, decide to consolidate the two procedures.

**R40**     Formation of the Panel

**R40.1**  Number of Arbitrators

The Panel is composed of one or three arbitrators. If the arbitration agreement does not specify the number of arbitrators and unless the parties have agreed to a Panel composed of a Sole Arbitrator at the outset of the procedure, the President of the Division shall determine the number, taking into account the circumstances of the case. The Division President may then choose to appoint a Sole arbitrator when the Claimant so requests and the Respondent does not pay its share of the advance of costs within the time limit fixed by the CAS Court Office.

**R40.2**  Appointment of the Arbitrators

The parties may agree on the method of appointment of the arbitrators from the CAS list. In the absence of an agreement, the arbitrators shall be appointed in accordance with the following paragraphs.

If, by virtue of the arbitration agreement or a decision of the President of the Division, a sole arbitrator is to be appointed, the parties may select her/him by mutual agreement within a time limit of fifteen days set by the CAS Court Office upon receipt of the request. In the absence of agreement within that time limit, the President of the Division shall proceed with the appointment.

If, by virtue of the arbitration agreement, or a decision of the President of the Division, three arbitrators are to be appointed, the Claimant shall nominate its arbitrator in the request or within the time limit set in the decision on the number of arbitrators, failing which the request for arbitration is deemed to have been withdrawn. The Respondent shall nominate its arbitrator within the time limit set by the CAS Court Office upon receipt of the request. In the absence of such appointment, the President of the Division shall proceed with the appointment in lieu of the Respondent. The two arbitrators so appointed shall select the President of the Panel by mutual agreement within a time limit set by the CAS Court Office. Failing agreement within that time limit, the President of the Division shall appoint the President of the Panel.

**R40.3**  Confirmation of the Arbitrators and Transfer of the File

An arbitrator nominated by the parties or by other arbitrators shall only be deemed appointed after confirmation by the President of the Division, who shall ascertain that each arbitrator complies with the requirements of Article R33.

Once the Panel is formed, the CAS Court Office takes notice of the formation and transfers the file to the arbitrators, unless none of the parties has paid an advance of costs provided by Article R64.2 of the Code.

An ad hoc clerk independent of the parties may be appointed to assist the Panel.  Her/his fees shall be included in the arbitration costs.

**R41**     Multiparty Arbitration

**R41.1**  Plurality of Claimants / Respondents

If the request for arbitration names several Claimants and/or Respondents, CAS shall proceed with the formation of the Panel in accordance with the number of arbitrators and the method of appointment agreed by all parties. In the absence of agreement, the President of the Division shall decide on the number of arbitrators in accordance with Article R40.1.

If a sole arbitrator is to be appointed, Article R40.2 shall apply. If three arbitrators are to be appointed and there are several Claimants, the Claimants shall jointly nominate an arbitrator. If three arbitrators are to be appointed and there are several Respondents, the Respondents shall jointly nominate an arbitrator. In the absence of such a joint nomination, the President of the Division shall proceed with the particular appointment.

If there are three or more parties with divergent interests, both arbitrators shall be appointed in accordance with the agreement between the parties. In the absence of agreement, the arbitrators shall be appointed by the President of the Division in accordance with Article R40.2.

In all cases, the arbitrators shall select the President of the Panel in accordance with Article R40.2.

**R41.2** Joinder

If a Respondent intends to cause a third party to participate in the arbitration, it shall so state in its answer, together with the reasons therefor, and file an additional copy of its answer. The CAS Court Office shall communicate this copy to the person whose participation is requested and fix a time limit for such person to state its position on its participation and to submit a response pursuant to Article R39. It shall also fix a time limit for the Claimant to express its position on the participation of the third party.

**R41.3** Intervention

If a third party wishes to participate as a party to the arbitration, it shall file an application to this effect with the CAS Court Office, together with the reasons therefor within 10 days after the arbitration has become known to the intervenor, provided that such application is filed prior to the hearing, or prior to the closing of the evidentiary proceedings if no hearing is held. The CAS Court Office shall communicate a copy of this application to the parties and fix a time limit for them to express their position on the participation of the third party and to file, to the extent applicable, an answer pursuant to Article R39.

**R41.4** Joint Provisions on Joinder and Intervention

A third party may only participate in the arbitration if it is bound by the arbitration agreement or if it and the other parties agree in writing.

Upon expiration of the time limit set in Articles R41.2 and R41.3, the President of the Division or the Panel, if it has already been appointed, shall decide on the participation of the third party, taking into account, in particular, the prima facie existence of an arbitration agreement as contemplated in Article R39. The decision of the President of the Division shall be without prejudice to the decision of the Panel on the same matter.

If the President of the Division accepts the participation of the third party, CAS shall proceed with the formation of the Panel in accordance with the number of arbitrators and the method of appointment agreed by all parties. In the absence of agreement between the parties, the President of the Division shall decide on the number of arbitrators in accordance with Article R40.1. If a sole arbitrator is to be appointed, Article R40.2 shall apply. If three arbitrators are to be appointed, the arbitrators shall be appointed by the President of the Division and shall nominate the President of the Panel in accordance with Article R40.2.

Regardless of the decision of the Panel on the participation of the third party, the formation of the Panel cannot be challenged. In the event that the Panel accepts the participation, it shall, if required, issue related procedural directions.

After consideration of submissions by all parties concerned, the Panel shall determine the status of the third party and its rights in the procedure.

After consideration of submissions by all parties concerned, the Panel may allow the filing of amicus curiae briefs, on such terms and conditions as it may fix.

**R42** Conciliation

The President of the Division, before the transfer of the file to the Panel, and thereafter the Panel may at any time seek to resolve the dispute by conciliation. Any settlement may be embodied in an arbitral award rendered by consent of the parties.

**R43**   Confidentiality

Proceedings under these Procedural Rules are confidential. The parties, the arbitrators and CAS undertake not to disclose to any third party any facts or other information relating to the dispute or the proceedings without the permission of CAS. Awards shall not be made public unless all parties agree or the Division President so decides.

**R44**   Procedure before the Panel

**R44.1**  Written Submissions

The proceedings before the Panel comprise written submissions and, in principle, an oral hearing. Upon receipt of the file and if necessary, the President of the Panel shall issue directions in connection with the written submissions. As a general rule, there shall be one statement of claim, one response and, if the circumstances so require, one reply and one second response. The parties may, in the statement of claim and in the response, raise claims not contained in the request for arbitration and in the answer to the request. Thereafter, no party may raise any new claim without the consent of the other party.

Together with their written submissions, the parties shall produce all written evidence upon which they intend to rely. After the exchange of the written submissions, the parties shall not be authorized to produce further written evidence, except by mutual agreement, or if the Panel so permits, on the basis of exceptional circumstances.

In their written submissions, the parties shall list the name(s) of any witnesses, whom they intend to call, including a brief summary of their expected testimony, and the name(s) of any experts, stating their area of expertise, and shall state any other evidentiary measure which they request. Any witness statements shall be filed together with the parties' submissions, unless the President of the Panel decides otherwise.

If a counterclaim and/or jurisdictional objection is filed, the CAS Court Office shall fix a time limit for the Claimant to file an answer to the counterclaim and/or jurisdictional objection.

**R44.2** Hearing

If a hearing is to be held, the President of the Panel shall issue directions with respect to the hearing as soon as possible and set the hearing date. As a general rule, there shall be one hearing during which the Panel hears the parties, any witnesses and any experts, as well as the parties' final oral arguments, for which the Respondent is heard last.

The President of the Panel shall conduct the hearing and ensure that the statements made are concise and limited to the subject of the written presentations, to the extent that these presentations are relevant. Unless the parties agree otherwise, the hearings are not public. The hearing may be recorded. Any person heard by the Panel may be assisted by an interpreter at the cost of the party which called such person.

The parties may only call such witnesses and experts which they have specified in their written submissions. Each party is responsible for the availability and costs of the witnesses and experts it has called.

The President of the Panel may decide to conduct a hearing by video-conference or to hear some parties, witnesses and experts via tele-conference or video-conference. With the agreement of the parties, she/he may also exempt a witness or expert from appearing at the hearing if the witness or expert has previously filed a statement.

The Panel may limit or disallow the appearance of any witness or expert, or any part of their testimony, on the grounds of irrelevance.

Before hearing any witness, expert or interpreter, the Panel shall solemnly invite such person to tell the truth, subject to the sanctions of perjury.

Once the hearing is closed, the parties shall not be authorized to produce further written pleadings, unless the Panel so orders.

After consulting the parties, the Panel may, if it deems itself to be sufficiently well informed, decide not to hold a hearing.

**R44.3**  Evidentiary Proceedings Ordered by the Panel

A party may request the Panel to order the other party to produce documents in its custody or under its control. The party seeking such production shall demonstrate that such documents are likely to exist and to be relevant.

If it deems it appropriate to supplement the presentations of the parties, the Panel may at any time order the production of additional documents or the examination of witnesses, appoint and hear experts, and proceed with any other procedural step. The Panel may order the parties to contribute to any additional costs related to the hearing of witnesses and experts.

The Panel shall consult the parties with respect to the appointment and terms of reference of any expert. The expert shall be independent of the parties. Before appointing her/him, the Panel shall invite her/him to immediately disclose any circumstances likely to affect her/his independence with respect to any of the parties.

**R44.4**  Expedited Procedure

With the consent of the parties, the Division President or the Panel may proceed in an expedited manner and may issue appropriate directions therefor.

**R44.5** Default

If the Claimant fails to submit its statement of claim in accordance with Article R44.1 of the Code, the request for arbitration shall be deemed to have been withdrawn.

If the Respondent fails to submit its response in accordance with Article R44.1 of the Code, the Panel may nevertheless proceed with the arbitration and deliver an award.

If any of the parties, or its witnesses, has been duly summoned and fails to appear at the hearing, the Panel may nevertheless proceed with the hearing and deliver an award.

**R45**     Law Applicable to the Merits

The Panel shall decide the dispute according to the rules of law chosen by the parties or, in the absence of such a choice, according to Swiss law. The parties may authorize the Panel to decide ex aequo et bono.

**R46**     Award

The award shall be made by a majority decision, or, in the absence of a majority, by the President alone. The award shall be written, dated and signed. Unless the parties agree otherwise, it shall briefly state reasons. The sole signature of the President of the Panel or the signatures of the two co-arbitrators, if the President does not sign, shall suffice. Before the award is signed, it shall be transmitted to the CAS Director General who may make rectifications of pure form and may also draw the attention of the Panel to fundamental issues of principle. Dissenting opinions are not recognized by the CAS and are not notified.

The Panel may decide to communicate the operative part of the award to the parties, prior to delivery of the reasons. The award shall be enforceable from such notification of the operative part by courier, facsimile and/or electronic mail.

The award notified by the CAS Court Office shall be final and binding upon the parties subject to recourse available in certain circumstances pursuant to Swiss Law within 30 days from the notification of the award by mail or courier. It may not be challenged by way of an action for setting aside to the extent that the parties have no domicile, habitual residence, or business establishment in Switzerland and that they have expressly excluded all setting aside proceedings in the arbitration agreement or in a subsequent agreement, in particular at the outset of the arbitration.

# C. Special Provisions Applicable to the Appeal Arbitration Procedure

**R47**    Appeal

An appeal against the decision of a federation, association or sports-related body may be filed with CAS if the statutes or regulations of the said body so provide or if the parties have concluded a specific arbitration agreement and if the Appellant has exhausted the legal remedies available to it prior to the appeal, in accordance with the statutes or regulations of that body.

An appeal may be filed with CAS against an award rendered by CAS acting as a first instance tribunal if such appeal has been expressly provided by the rules of the federation or sports-body concerned.

**R48**    Statement of Appeal

The Appellant shall submit to CAS a statement of appeal containing:

- the name and full address of the Respondent(s);
- a copy of the decision appealed against;
- the Appellant's request for relief;
- the nomination of the arbitrator chosen by the Appellant from the relevant CAS list of arbitrators, subject to Article S18, unless the Appellant requests the appointment of a sole arbitrator;
- if applicable, an application to stay the execution of the decision appealed against, together with reasons;
- a copy of the provisions of the statutes or regulations or the specific agreement providing for appeal to CAS.

Upon filing the statement, the Appellant shall pay the CAS Court Office fee provided for in Article R64.1 or Article R65.2.

If the above-mentioned requirements are not fulfilled when the statement of appeal is filed, the CAS Court Office may grant a one-time-only short deadline to the Appellant to complete its statement of appeal, failing receipt of which within the deadline, the CAS Court Office shall not proceed.

**R49**    Time limit for Appeal

In the absence of a time limit set in the statutes or regulations of the federation, association or sports-related body concerned, or in a previous agreement, the time limit for appeal shall be twenty-one days from the receipt of the decision appealed against. The Division President shall not initiate a procedure if the statement of appeal is, on its face, late and shall so notify the person who filed the document. When a procedure is initiated, a party may request the Division President or the President of the Panel, if a Panel has been already constituted, to terminate it if the statement of appeal is late. The Division President or the President of the Panel renders her/his decision after considering any submission made by the other parties.

**R50**    Number of Arbitrators

The appeal shall be submitted to a Panel of three arbitrators, unless the parties have agreed to a Panel composed of a sole arbitrator or, in the absence of any agreement between the parties regarding the number of arbitrators, the President of the Division decides to submit the appeal to a sole arbitrator, taking into account the circumstances of the case, including whether or not the Respondent pays its share of the advance of costs within the time limit fixed by the CAS Court Office.

If the President of the Division decides to submit the appeal to a 3-member Panel, the Appellant shall appoint an arbitrator within the time limit set by the President of the Division, failing which the appeal shall be deemed withdrawn.

When two or more cases clearly involve the same issues, the President of the Appeals Arbitration Division may invite the parties to agree to refer these cases to the same Panel; failing any agreement between the parties, the President of the Division shall decide.

**R51**   Appeal Brief

Within ten days following the expiry of the time limit for the appeal, the Appellant shall file with the CAS Court Office a brief stating the facts and legal arguments giving rise to the appeal, together with all exhibits and specification of other evidence upon which it intends to rely. Alternatively, the Appellant shall inform the CAS Court Office in writing within the same time limit that the statement of appeal shall be considered as the appeal brief. The appeal shall be deemed to have been withdrawn if the Appellant fails to meet such time limit.

In its written submissions, the Appellant shall specify the name(s) of any witnesses, including a brief summary of their expected testimony, and the name(s) of any experts, stating their area of expertise, it intends to call and state any other evidentiary measure which it requests. The witness statements, if any, shall be filed together with the appeal brief, unless the President of the Panel decides otherwise.

**R52**   Initiation of the Arbitration by the CAS

Unless it appears from the outset that there is clearly no arbitration agreement referring to CAS, that the agreement is clearly not related to the dispute at stake, or that the internal legal remedies available to the Appellant have clearly not been exhausted, CAS shall take all appropriate actions to set the arbitration in motion. The CAS Court Office shall communicate the statement of appeal to the Respondent, and the President of the Division shall proceed with the formation of the Panel in accordance with Articles R53 and R54. If applicable, she/he shall also decide promptly on any application for a stay or for interim measures.

The CAS Court Office shall send a copy of the statement of appeal and appeal brief to the authority which issued the challenged decision, for information.

The CAS Court Office may publicly announce the initiation of any appeals arbitration procedure and, at a later stage and where applicable, the composition of the arbitral panel and the hearing date, unless the parties agree otherwise.

With the agreement of the parties, the Panel or, if it has not yet been appointed, the President of the Division may proceed in an expedited manner and shall issue appropriate directions for such procedure.

Where a party files a statement of appeal in connection with a decision which is the subject of a pending appeal before CAS, the President of the Panel, or if she/he has not yet been appointed, the President of the Division, may decide, after inviting submissions from the parties, to consolidate the two procedures.

**R53**   Nomination of Arbitrator by the Respondent

Unless the parties have agreed to a Panel composed of a sole arbitrator or the President of the Division considers that the appeal should be submitted to a sole arbitrator, the Respondent shall nominate an arbitrator within ten days after receipt of the statement of appeal. In the absence of a nomination within such time limit, the President of the Division shall make the appointment.

**R54**   Appointment of the Sole Arbitrator or of the President and Confirmation of the Arbitrators by CAS

If, by virtue of the parties' agreement or of a decision of the President of the Division, a sole arbitrator is to be appointed, the President of the Division shall appoint the sole arbitrator upon receipt of the motion for appeal or as soon as a decision on the number of arbitrators has been rendered.

If three arbitrators are to be appointed, the President of the Division shall appoint the President of the Panel following nomination of the arbitrator by the Respondent and after having consulted the arbitrators. The arbitrators nominated by the parties shall only be deemed appointed after confirmation by the President of the Division. Before proceeding with such confirmation, the President of the Division shall ensure that the arbitrators comply with the requirements of Article R33.

When selecting sole arbitrators and presidents of panels, the President of the Division shall consider the criteria of expertise, diversity, equality and turnover of arbitrators.

In case a special list of arbitrators exists in relation to a particular sport or event, the Sole Arbitrator or the President of the Panel shall be appointed from such list, unless the parties agree otherwise or the President of the Division decides otherwise due to exceptional circumstances.

Once the Panel is formed, the CAS Court Office takes notice of the formation of the Panel and transfers the file to the arbitrators, unless none of the parties has paid an advance of costs in accordance with Article R64.2 of the Code.

An ad hoc clerk, independent of the parties, may be appointed to assist the Panel. Her/his fees shall be included in the arbitration costs.

Article R41 applies mutatis mutandis to the appeals arbitration procedure, except that the President of the Panel is appointed by the President of the Appeals Division.

**R55**    Answer of the Respondent - CAS Jurisdiction

Within twenty days from the receipt of the grounds for the appeal, the Respondent shall submit to the CAS Court Office an answer containing:

- a statement of defence;
- any defence of lack of jurisdiction;
- any exhibits or specification of other evidence upon which the Respondent intends to rely;
- the name(s) of any witnesses, including a brief summary of their expected testimony; the witness statements, if any, shall be filed together with the answer, unless the President of the Panel decides otherwise;
- the name(s) of any experts it intends to call, stating their area of expertise, and state any other evidentiary measure which it requests.

If the Respondent fails to submit its answer by the stated time limit, the Panel may nevertheless proceed with the arbitration and deliver an award.

The Respondent may request that the time limit for the filing of the answer be fixed after the payment by the Appellant of its share of the advance of costs in accordance with Article R64.2.

The Panel shall rule on its own jurisdiction. It shall rule on its jurisdiction irrespective of any legal action already pending before a State court or another arbitral tribunal relating to the same object between the same parties, unless substantive grounds require a suspension of the proceedings.

When an objection to CAS jurisdiction is raised, the CAS Court Office or the Panel, if already constituted, shall invite the parties to file written submissions on the matter of CAS jurisdiction. The Panel may rule on its jurisdiction either in a preliminary decision or in an award on the merits.

**R56**    Appeal and answer complete - Case Management - Conciliation

Unless the parties agree otherwise or the President of the Panel orders otherwise on the basis of exceptional circumstances, the parties shall not be authorized to supplement or amend their requests or their argument, to produce new exhibits, or to specify further evidence on which they intend to rely after the submission of the appeal brief and of the answer.

After the filing of the answer, the Panel shall ask the parties whether they request a case management conference. In the affirmative, the Panel shall hold such case management conference with the parties in order to discuss procedural issues, the preparation of the hearing (if any) and any issues related to the taking of evidence. After the case management conference, if any, and prior to the hearing, if any, but at least prior to the termination of the evidentiary proceedings, the Panel shall issue an order of procedure setting forth the major elements of the arbitration procedure.

The Panel may at any time seek to resolve the dispute by conciliation. Any settlement may be embodied in an arbitral award rendered by consent of the parties.

**R57**    Scope of Panel's Review, Hearing

The Panel has full power to review the facts and the law. It may issue a new decision which replaces the decision challenged or annul the decision and refer the case back to the previous instance. The President of the Panel may request communication of the file of the federation, association or sports-related body, whose decision is the subject of the appeal. Upon transfer of the CAS file to the Panel, the President of the Panel shall issue directions in connection with the hearing for the examination of the parties, the witnesses and the experts, as well as for the oral arguments.

After consulting the parties, the Panel may, if it deems itself to be sufficiently well informed, decide not to hold a hearing. At the hearing, the proceedings take place in camera, unless the parties agree otherwise. At the request of a physical person who is party to the proceedings, a public hearing should be held if the matter is of a disciplinary nature. Such request may however be denied in the interest of morals, public order, national security, where the interests of minors or the protection of the private life of the parties so require, where publicity would prejudice the interests of justice, where the proceedings are exclusively related to questions of law or where a hearing held in first instance was already public.

The Panel has discretion to exclude evidence presented by the parties if it was available to them or could reasonably have been discovered by them before the challenged decision was rendered. Articles R44.2 and R44.3 shall also apply.

If any of the parties, or any of its witnesses, having been duly summoned, fails to appear, the Panel may nevertheless proceed with the hearing and render an award.

**R58**   Law Applicable to the merits

The Panel shall decide the dispute according to the applicable regulations and, subsidiarily, to the rules of law chosen by the parties or, in the absence of such a choice, according to the law of the country in which the federation, association or sports-related body which has issued the challenged decision is domiciled or according to the rules of law  the Panel deems appropriate. In the latter case, the Panel shall give reasons for its decision.

**R59**   Award

The award shall be rendered by a majority decision, or in the absence of a majority, by the President alone. It shall be written, dated and signed. The award shall state brief reasons. The sole signature of the President of the Panel or the signatures of the two coarbitrators, if the President does not sign, shall suffice.

Before the award is signed, it shall be transmitted to the CAS Director General who may make rectifications of pure form and may also draw the attention of the Panel to fundamental issues of principle. Dissenting opinions are not recognized by CAS and are not notified.

The Panel may decide to communicate the operative part of the award to the parties, prior to the reasons. The award shall be enforceable from such notification of the operative part by courier, facsimile and/or electronic mail.

The award, notified by the CAS Court Office, shall be final and binding upon the parties subject to recourse available in certain circumstances pursuant to Swiss Law within 30 days from the notification of the award by mail or courier. It may not be challenged by way of an action for setting aside to the extent that the parties have no domicile, habitual residence, or business establishment in Switzerland and that they have expressly excluded all setting aside proceedings in the arbitration agreement or in an agreement entered into subsequently, in particular at the outset of the arbitration.

The operative part of the award shall be communicated to the parties within three months after the transfer of the file to the Panel. Such time limit may be extended up to a maximum of four months after the closing of the evidentiary proceedings by the President of the Appeals Arbitration Division upon a reasoned request from the President of the Panel. In case of non-compliance with the time limit, the Panel may be removed in accordance with Article R35 and the arbitrators' fees may be reduced by the ICAS Board, depending on the specific circumstances of each individual case. In any event, the President of the Division shall inform the parties of the situation and determine if an ultimate time limit is granted to the Panel or which particular measures are taken.

A copy of the operative part of the award, if any, and of the full award shall be communicated to the authority or sports body which has rendered the challenged decision, if that body is not a party to the proceedings.

The original award, a summary and/or a press release setting forth the results of the proceedings shall be made public by CAS, unless both parties agree that they should remain confidential. In any event, the other elements of the case record shall remain confidential.

## D. Special Provisions Applicable to the Consultation Proceedings

R60 [abrogated]

R61 [abrogated]

R62 [abrogated]

## E. Interpretation

**R63**

A party may, not later than 45 days following the notification of the award, apply to CAS for the interpretation of an award issued in an ordinary or appeals arbitration, if the operative part of the award is unclear, incomplete, ambiguous, if its components are self-contradictory or contrary to the reasons, or if the award contains clerical mistakes or mathematical miscalculations.

When an application for interpretation is filed, the President of the relevant Division shall review whether there are grounds for interpretation. If so, she/he shall submit the request for interpretation to the Panel which rendered the award. Any Panel members who are unable to act at such time shall be replaced in accordance with Article R36. The Panel shall rule on the request within one month following the submission of the request for interpretation to the Panel.

## F. Costs of the Arbitration Proceedings

**R64**    General

**R64.1**  Upon filing of the request/statement of appeal, the Claimant/Appellant shall pay a nonrefundable Court Office fee of Swiss francs 1,000, without which the CAS shall not proceed.  The Panel shall take such fee into account when assessing the final amount of costs.

If an arbitration procedure is terminated before a Panel has been constituted, the Division President shall rule on costs in the termination order. She/he may only order the payment of legal fees and other expenses upon request of a party and after all parties have been given the opportunity to file written submissions on costs.

**R64.2**  Upon formation of the Panel, the CAS Court Office shall fix, subject to later changes, the amount, the method and the time limits for the payment of the advance of costs. The filing of a counterclaim or a new claim may result in the calculation of additional advances.

To determine the amount to be paid in advance, the CAS Court Office shall fix an estimate of the costs of arbitration, which shall be borne by the parties in accordance with Article R64.4. The advance shall be paid in equal shares by the Claimant(s)/Appellant(s) and the Respondent(s). If a party fails to pay its share, another may substitute for it; in case of non-payment of the entire advance of costs within the time limit fixed by the CAS, the request/appeal shall be deemed withdrawn and the CAS shall terminate the arbitration; this provision applies mutatis mutandis to any counterclaim.

The management of the advance of costs is an administrative issue which is dealt with by the CAS Court Office. Each procedure has its own account for the management of the advance of costs, even when two or more procedures are consolidated.

**R64.3** Each party shall pay for the costs of its own witnesses, experts and interpreters.

If the Panel appoints an expert or an interpreter, or orders the examination of a witness, it shall issue directions with respect to an advance of costs, if appropriate.

**R64.4** At the end of the proceedings, the CAS Court Office shall determine the final amount of the cost of arbitration, which shall include:

- the CAS Court Office fee,
- the administrative costs of the CAS calculated in accordance with the CAS scale,
- the costs and fees of the arbitrators,
- the fees of the ad hoc clerk, if any, calculated in accordance with the CAS fee scale,
- a contribution towards the expenses of the CAS, and
- the costs of witnesses, experts and interpreters.

The final account of the arbitration costs may either be included in the award or communicated separately to the parties. It shall contain a detailed breakdown of each arbitrator's costs and fees and of the administrative costs and shall be notified to the parties within a reasonable period of time. The advance of costs already paid by the parties are not reimbursed by the CAS with the exception of the portion which exceeds the total amount of the arbitration costs.

**R64.5** In the arbitral award, the Panel shall determine which party shall bear the arbitration costs or in which proportion the parties shall share them. As a general rule and without any specific request from the parties, the Panel has discretion to grant the prevailing party a contribution towards its legal fees and other expenses incurred in connection with the proceedings and, in particular, the costs of witnesses and interpreters. When granting such contribution, the Panel shall take into account the complexity and outcome of the proceedings, as well as the conduct and the financial resources of the parties.

**R65** Appeals against decisions issued by international federations in disciplinary matters

**R65.1** This Article R65 applies to appeals against decisions which are exclusively of a disciplinary nature and which are rendered by an international federation or sports-body. It is not applicable to appeals against decisions related to sanctions imposed as a consequence of a dispute of an economic nature. In case of objection by any party concerning the application of Article R64 instead of R65, the CAS Court Office may request that the arbitration costs be paid in advance pursuant to Article R64.2 pending a decision by the Panel on the issue.

**R65.2** Subject to Articles R65.2, para. 2 and R65.4, the proceedings shall be free. The fees and costs of the arbitrators, calculated in accordance with the CAS fee scale, together with the costs of CAS are borne by CAS.

Upon submission of the statement of appeal, the Appellant shall pay a non-refundable Court Office fee of Swiss francs 1,000.— without which CAS shall not proceed and the appeal shall be deemed withdrawn.

If an arbitration procedure is terminated before a Panel has been constituted, the Division President shall rule on costs in the termination order. She/he may only order the payment of legal costs upon request of a party and after all parties have been given the opportunity to file written submissions on costs.

**R65.3** Each party shall pay for the costs of its own witnesses, experts and interpreters. In the arbitral award and without any specific request from the parties, the Panel has discretion to grant the prevailing party a contribution towards its legal fees and other expenses incurred in connection with the proceedings and, in particular, the costs of witnesses and interpreters. When granting such contribution, the Panel shall take into account the complexity and the outcome of the proceedings, as well as the conduct and financial resources of the parties.

**R65.4** If the circumstances so warrant, including whether the federation which has rendered the challenged decision is not a signatory to the Agreement constituting ICAS, the President of the Appeals Arbitration Division may apply Article R64 to an appeals arbitration, either ex officio or upon request of the President of the Panel.

**R66**: abrogated

## G. Miscellaneous Provisions

**R67** These Rules are applicable to all procedures initiated by the CAS as from 1 February 2023. The procedures which are pending on 1 February 2023 remain subject to the Rules in force before 1 February 2023, unless both parties request the application of these Rules.

**R68** CAS arbitrators, CAS mediators, ICAS and its members, CAS and its employees are not liable to any person for any act or omission in connection with any CAS proceeding.

**R69** The French, the English and the Spanish texts are authentic. In the event of any discrepancy, the French text shall prevail.

**R70** The Procedural Rules may be amended pursuant to Article S8.

## Summary

A. General Provisions (en/arbitration/code-procedural-rules.html)
B. The Ordinary Arbitration Procedure (en/arbitration/code-procedural-rules.html#c249)
C. The Appeal Arbitration Procedure (en/arbitration/code-procedural-rules.html#c251)
D. The Consultation Proceedings (en/arbitration/code-procedural-rules.html#c253)
E. Interpretation (en/arbitration/code-procedural-rules.html#c255)
F. Costs of the Arbitration Proceedings (en/arbitration/code-procedural-rules.html#c257)
G. Miscellaneous Provisions (en/arbitration/code-procedural-rules.html#c259)

## Download

Download the Code 2023 edition (in force from 01.02.23)
(fileadmin/user_upload/CAS_Code_2023__EN_.pdf)

Amendments to the Code, in force as from 1 February 2023
(fileadmin/user_upload/CAS_Code_2023_amendments_01.02.23.pdf)

## Archive

Download the Code 2022 edition (in force from 01.11.22)
(fileadmin/user_upload/CAS_Code_2022__EN_.pdf)

Amendments to the Code, in force as from 1 November 2022
(fileadmin/user_upload/CAS_Code_2022_amendments__01.11.22_.pdf)

Download the Code 2021 edition (in force from 01.01.21)
(fileadmin/user_upload/CAS_Code_2021__EN_.pdf)

Amendment to the Code, in force as of 01.01.21
(fileadmin/user_upload/Article_S18_CAS_Code__2021_.pdf)

Download the Code 2020 edition (in force from 01.07.20)
(fileadmin/user_upload/CAS_Code_2020__EN_.pdf)

Amendments to the Code, in force as of 01.07.20
(fileadmin/user_upload/CAS_Code_2020__EN__-_modifications_visible.pdf)

CAS Emergency Guidelines - valid from 16 March 2020. Modified on 24 April 2020. Modified on 15 May 2020.
(fileadmin/user_upload/CAS_Guidelines_COVID-19_15.05.20.pdf)

Download the Code 2019 edition
(fileadmin/user_upload/Code_2019__en_.pdf)

Amendments to the Code, 2019 edition
(fileadmin/user_upload/Amendments_Code_2019__en_.pdf)

Download the Code 2017 edition (in force from 01.01.17)
(fileadmin/user_upload/Code_2017_FINAL__en_.pdf)

Amendments to the Code, in force as of 01.01.2017
(fileadmin/user_upload/Amendments_Code_2017_tracked_changes.pdf)

Download the Code 2016 edition (in force from 01.01.16)
(fileadmin/user_upload/Code_2016_final__en_.pdf)

Amendments to the Code in force as of 01.01.2016
(fileadmin/user_upload/Amendments_to_the_Code__2016_.pdf)

Download the Code 2013 edition (in force on 01.03.13)
(fileadmin/user_upload/CAS_Code_2013_en.pdf)

Download the Code 2012 edition, amended on 01.01.12
(fileadmin/user_upload/Code20201220_en_2001.01.pdf)

Download the Code (2004 edition)
(fileadmin/user_upload/CAS_Code_2004_internet_.pdf)



## Join our mailing list



Subscribe

If you are subscribed already and want to unsubscribe or edit your profile, click here. (/en/media/newsletter/?&cmd=infomail&backURL=https%3A%2F%2Fwww.tas-cas.org%2Fen%2Farbitration%2Fcode-procedural-rules.html%3F)

## Latest news

List of Hearings

(en/media/latest-news/article/list-of-hearings-4.html)
15.04.2025

New CAS Bulletin

(en/media/latest-news/article/new-cas-bulletin/)
28.03.2025

# Contact us

Avenue Bergières 10
CH-1004 Lausanne
Tel: +41 (21) 613 5000
Fax: +41 (21) 613 5001
info@tas-cas.org or media@tas-cas.org

