# Exhibit 12

# Statutes of the Bodies Working for the Settlement of Sports-Related Disputes[*]

## A      Joint Dispositions

S1      In order to settle sports-related disputes through arbitration and mediation, two bodies are hereby created:

- **the International Council of Arbitration for Sport (the "ICAS")**
- **the Court of Arbitration for Sport (the "CAS").**

The disputes to which a federation, association or other sports-related body is party are a matter for arbitration in the sense of this Code, only insofar as the statutes or regulations of the said sports-related bodies or a specific agreement so provide.

The seat of the ICAS and the CAS is established in Lausanne, Switzerland.

S2      The task of the ICAS is to facilitate the settlement of sports-related disputes through arbitration or mediation and to safeguard the independence of the CAS and the rights of the parties. To this end, it looks after the administration and financing of the CAS.

S3      The CAS, which maintains a list of arbitrators, provides for the arbitral resolution of sports-related disputes through arbitration conducted by Panels composed of one or three arbitrators.

The CAS is comprised of an Ordinary Arbitration Division and an Appeals Arbitration Division.

The CAS, which maintains a list of mediators, provides for the resolution of sports-related disputes through mediation. The mediation procedure is governed by separate rules.

## B      The International Council of Arbitration for Sport (ICAS)

### 1      Composition

---

[*] NOTE : In this Code, the masculine gender used in relation to any physical person shall, unless there is a specific provision to the contrary, be understood as including the feminine gender.

S4    The ICAS is composed of twenty members, namely high-level jurists appointed in the following manner :

    a.  four members are appointed by the International Sports Federations (the "IFs"), *viz.* three by the Summer Olympic IFs ("ASOIF") and one by the Winter Olympic IFs ("AIWF"), chosen from within or from outside their membership;

    b.  four members are appointed by the Association of the National Olympic Committees ("ANOC"), chosen from within or from outside its membership ;

    c.  four members are appointed by the International Olympic Committee ("IOC"), chosen from within or from outside its membership ;

    d.  four members are appointed by the twelve members of the ICAS listed above, after appropriate consultation with a view to safeguarding the interests of the athletes ;

    e.  four members are appointed by the sixteen members of the ICAS listed above and chosen from among personalities independent of the bodies designating the other members of the ICAS.

S5    The members of the ICAS are appointed for a renewable period of four years. Such nominations shall take place during the last year of the four-year cycle.

Upon their appointment, the members of the ICAS sign a declaration undertaking to exercise their function in a personal capacity, with total objectivity and independence, in conformity with this Code. They are, in particular, bound by the confidentiality obligation provided in Article R43.

The members of the ICAS may not appear on the list of CAS arbitrators nor act as counsel to one of the parties in proceedings before the CAS.

If a member of the ICAS resigns, dies or is prevented from carrying out his functions for any other reason, he is replaced, for the remaining period of his mandate, in conformity with the terms applicable to his appointment.

The ICAS may grant the title of Honorary Member to any former ICAS member who has made an exceptional contribution to the development of ICAS/CAS. The title of Honorary Member may be granted posthumously.

## 2    Attributions

S6    The ICAS exercises the following functions:

    1.    It adopts and amends this Code;

    2.    It elects from among its members for a renewable period of four years:
- the President,
- two Vice-Presidents who shall replace the President if necessary, by order of seniority in age; if the office of President becomes vacant, the senior Vice-President shall exercise the functions and responsibilities of the President until the election of the new President,

- the President of the Ordinary Arbitration Division and the President of the Appeals Arbitration Division of the CAS,
- the deputies of the two Division Presidents who can replace them in the event they are prevented from carrying out their functions;

The election of the President and of the Vice-Presidents shall take place at the ICAS meeting following the appointment of the ICAS members for a period of four years.

The election of the President, Vice-Presidents, Division Presidents and their deputies shall take place at the last ICAS plenary meeting before the end of the four-year cycle.

3. It appoints the personalities who are to constitute the list of arbitrators and the list of CAS mediators and can remove them from those lists (Article S3);

4. It exercises those functions concerning the challenge and removal of arbitrators, and any other functions which the Procedural Rules confer upon it;

5. It looks after the financing of the CAS. To this end, *inter alia*;

5.1 it receives and manages the funds allocated to its operations, in conformity with the financial regulations of the CAS;

5.2 it approves the ICAS budget prepared by the CAS Court Office;

5.3 it approves the annual accounts of the CAS established by the CAS Court Office;

6. It appoints the CAS Secretary General and terminates his duties upon proposal of the President;

7. It supervises the activities of the CAS Court Office;

8. If it deems such action appropriate, it sets up regional or local, permanent or *ad hoc* arbitration structures;

9. If it deems such action appropriate, it creates a legal aid fund to facilitate access to CAS arbitration for natural persons without sufficient financial means. The operation of the legal aid fund including criteria to access the funds is set out in the CAS legal aid guidelines;

10. It may take any other action which it deems likely to protect the rights of the parties and, in particular, to best guarantee the total independence of the arbitrators and to promote the settlement of sports-related disputes through arbitration.

S7 The ICAS exercises its functions either itself, or through the intermediary of its Board, comprising the President and two Vice-Presidents of the ICAS, the President of the Ordinary Arbitration Division and the President of the CAS Appeals Arbitration Division.

The ICAS may not delegate to the Board the functions listed under Article S6, paragraphs 1, 2, 5.2 and 5.3.

## 3    Operation

S8 1. The ICAS meets whenever the activity of the CAS so requires, but at least once a year.

The ICAS constitutes a quorum when at least half its members participate in taking a decision. Decisions are taken during meetings or by correspondence by a majority of the votes cast. Abstentions and blank or spoiled votes are not taken into consideration in the calculation of the required majority. Voting by proxy is not allowed. Voting is held by secret ballot if the President so decides or upon the request of at least a quarter of the members present. The President has the casting vote in the event of a tie.

2.    Any modification of this Code requires a majority of two thirds of the ICAS members. Furthermore, the provisions of item 1 above apply.

3.    Any ICAS member is eligible to be a candidate for the ICAS Presidency. Registration for candidature shall be made in writing and filed with the Secretary General no later than four months prior to the election meeting.

The election of the ICAS President shall take place at the ICAS meeting following the appointment of the ICAS members for a period of four years. The quorum is three quarters of the ICAS members. The President is elected by an absolute majority of the members present. If there is more than one candidate for the position of President, successive rounds of voting shall be organized. The candidate having the least number of votes in each round shall be eliminated. In the case of a tie among two or more candidates, a vote between those candidates shall be organized and the candidate having the lesser number of votes shall be eliminated. If following this subsequent vote, there is still a tie, the candidate(s) who has(have) seniority of age is(are) selected.

If the quorum is not reached or if the last candidate in the voting rounds, or the only candidate, does not obtain an absolute majority in the last voting round, the current acting president shall remain in his position until a new election. The new election shall be held within four months of the unsuccessful election and in accordance with the above rules, with the exception that the President is elected by a simple majority when two candidates or less remain in competition.

The election is held by secret ballot. An election by correspondence is not allowed.

4.    The CAS Secretary General takes part in the decision-making with a consultative voice and acts as Secretary to the ICAS.

S9    The President of the ICAS is also President of the CAS. He is also responsible for the ordinary administrative tasks within the remit of the ICAS.

S10    The Board of the ICAS meets at the invitation of the ICAS President.

The CAS Secretary General participates in the decision-making with a consultative voice and acts as Secretary to the Board.

The Board constitutes a quorum if three of its members participate in taking a decision. Decisions are taken during meetings or by correspondence with a simple majority of those voting; the President has the casting vote in the event of a tie.

S11    A member of the ICAS or the Board may be challenged when circumstances allow legitimate doubt to be cast on his independence *vis-à-vis* one of the parties to an arbitration which must be the subject of a decision by the ICAS or the Board pursuant to Article S6, paragraph 4. He shall spontaneously disqualify himself when the subject of a decision is an arbitration procedure in which a sports-related body to which he belongs appears as a party or in which a member of the law firm to which he belongs is an arbitrator or counsel.

The ICAS, with the exception of the challenged member, shall determine the directions with respect to the procedure for challenge.

The disqualified member shall not take part in the deliberations concerning the arbitration in question and shall not receive any information on the activities of the ICAS and the Board concerning such arbitration.

## C    The Court of Arbitration for Sport (CAS)

### 1    Mission

S12    The CAS sets in operation Panels which have the task of providing for the resolution by arbitration and/or mediation of disputes arising within the field of sport in conformity with the Procedural Rules (Articles R27 et seq.).

To this end, the CAS attends to the constitution of Panels and the smooth running of the proceedings. It places the necessary infrastructure at the disposal of the parties.

The responsibilities of such Panels are, *inter alia*:

a.    to resolve the disputes that are referred to them through ordinary arbitration ;
b.    to resolve through the appeals arbitration procedure disputes concerning the decisions of federations, associations or other sports-related bodies, insofar as the statutes or regulations of the said sports-related bodies or a specific agreement so provide ;

### 2    Arbitrators

S13    The personalities designated by the ICAS, in conformity with Article S6, paragraph 3, appear on the CAS list for a renewable period of four years. The ICAS reviews the complete list every four years; the new list enters into force on 1 January of the following year.

There are at least one hundred and fifty arbitrators and at least fifty mediators.

S14    In establishing the list of CAS arbitrators, the ICAS shall call upon personalities with full legal training, recognized competence with regard to sports law and/or international arbitration, a good knowledge of sport in general and a good command of at least one CAS working language, whose names and qualifications are brought to the attention of the ICAS, including by the IOC, the IFs and the NOCs.

S15    The proposals for designating such arbitrators that shall constitute the list referred to in Article S14, shall be notified to the ICAS.

The list of CAS arbitrators and all modifications to such list are published.

S16    In appointing the personalities who appear on the list of arbitrators, the ICAS shall, wherever possible, ensure fair representation of the continents and of the different juridical cultures.

S17    Subject to the provisions of the Procedural Rules (Articles R27 et seq.), if a CAS arbitrator resigns, dies or is prevented from carrying out his functions for any other reason, he may be replaced, for the remaining period of his mandate, in conformity with the terms applicable to his appointment.

S18    The personalities who appear on the list of arbitrators may be called upon to serve on Panels constituted by either of the CAS Divisions.

Upon their appointment, the CAS arbitrators and mediators sign a declaration undertaking to exercise their functions personally with total objectivity and independence, and in conformity with the provisions of this Code.

CAS arbitrators and mediators may not act as counsel for a party before the CAS.

S19    CAS arbitrators and mediators are bound by the duty of confidentiality, which is provided for in the Code and in particular shall not disclose to any third party any facts or other information relating to proceedings conducted before CAS.

The ICAS may remove, temporarily or permanently, an arbitrator or a mediator from the list of CAS members if he violates any rule of this Code or if his action affects the reputation of ICAS/CAS.

### 3    Organisation of the CAS

S20   The CAS is composed of two divisions, the Ordinary Arbitration Division and the Appeals Arbitration Division.

a.   **The Ordinary Arbitration Division** constitutes Panels, whose task is to resolve disputes submitted to the ordinary procedure, and performs, through the intermediary of its President or his deputy, all other functions in relation to the smooth running of the proceedings conferred upon it by the Procedural Rules (Articles R27 et seq.).

b.   **The Appeals Arbitration Division** constitutes Panels, whose task is to resolve disputes concerning the decisions of federations, associations or other sports-related bodies insofar as the statutes or regulations of the said sports-related bodies or a specific agreement so provide. It performs, through the intermediary of its President or his deputy, all other functions in relation to the smooth running of the proceedings conferred upon it by the Procedural Rules (Articles R27 et seq.).

Arbitration proceedings submitted to the CAS are assigned by the CAS Court Office to one of these two Divisions according to their nature. Such assignment may not be contested by the parties or raised by them as a cause of irregularity. In the event of a change of circumstances during the procedure, the CAS Court Office, after consultation with the Panel, may assign the arbitration to another Division. Such re-assignment shall not affect the constitution of the Panel or the validity of the proceedings that have taken place prior to such re-assignment.

The CAS has a mediation system that it sets in motion in accordance with its regulations.

S21   The President of one or other of the two Divisions of the CAS may be challenged if circumstances exist that give rise to legitimate doubts with regard to his independence *vis-à-vis* one of the parties to an arbitration assigned to his Division. He shall spontaneously disqualify himself if, in arbitration proceedings assigned to his Division, one of the parties is a sports-related body to which he belongs, or if a member of the law firm to which he belongs is acting as arbitrator or counsel.

The ICAS, with the exception of the challenged member, shall determine the directions with respect to the procedure for challenge.

If the President of one of the two Divisions is challenged, the functions relating to the smooth running of the proceedings conferred upon him by the Procedural Rules (Articles R27 et seq.), are performed by his deputy or by the CAS President if the deputy is also challenged. The persons disqualified shall not receive any information

concerning the activities of the CAS regarding the arbitration proceedings which led to their disqualification.

S22    The CAS includes a Court Office composed of a Secretary General and one or more Counsel, who replace the Secretary General when required.

The CAS Court Office performs the functions which are assigned to it by this Code.

**D    Miscellaneous Provisions**

S23    These Statutes are supplemented by the Procedural Rules adopted by the ICAS.

S24    The English text and the French text are authentic. In the event of any divergence, the French text shall prevail.

S25    These Statutes may be amended by decision of the ICAS, in conformity with Article S8.

S26    These Statutes and Procedural Rules come into force through the decision of the ICAS, taken by a two-thirds majority.

# Procedural Rules

## A        General Provisions

R27    Application of the Rules

These Procedural Rules apply whenever the parties have agreed to refer a sports-related dispute to the CAS. Such disputes may arise out of an arbitration clause inserted in a contract or regulations or of a later arbitration agreement (ordinary arbitration proceedings) or involve an appeal against a decision rendered by a federation, association or sports-related body where the statutes or regulations of such bodies, or a specific agreement provides for an appeal to the CAS (appeal arbitration proceedings).

Such disputes may involve matters of principle relating to sport or matters of pecuniary or other interests brought into play in the practice or the development of sport and, generally speaking, any activity related or connected to sport.

R28    Seat

The seat of the CAS and of each Arbitration Panel ("Panel") is Lausanne, Switzerland. However, should circumstances so warrant, and after consultation with all parties, the President of the Panel or, if he has not yet been appointed, the President of the relevant Division may decide to hold a hearing in another place and issues the appropriate directions related to such hearing.

R29    Language

The CAS working languages are French and English. In the absence of agreement between the parties, the President of the Panel or, if he has not yet been appointed, the President of the relevant Division, shall select one of these two languages as the language of the arbitration at the outset of the procedure, taking into account all pertinent circumstances. Thereafter, the procedure is conducted exclusively in the language selected, unless the parties and the Panel agree otherwise.

The parties may request that another language be selected provided that the Panel and the CAS Court Office agree. If agreed, the CAS Court Office determines with the Panel the conditions related to the choice of the language; if necessary, the Panel may order that the parties bear all or part of the translation and interpreting costs.

The Panel may order that all documents submitted in languages other than that of the procedure be filed together with a certified translation in the language of the procedure.

R30    Representation and Assistance

The parties may be represented or assisted by persons of their choice. The names, addresses, telephone and facsimile numbers of the persons representing the parties shall be communicated to the CAS Court Office, the other party and the Panel after its formation. A power of attorney must be provided.


R31    Notifications and Communications

All notifications and communications that the CAS or the Panel intend for the parties shall be made through the CAS Court Office. The notifications and communications shall be sent to the address shown in the arbitration request or the statement of appeal, or to any other address specified at a later date.

All arbitration awards, orders, and other decisions made by the CAS and the Panel shall be notified by any means permitting proof of receipt.

All communications from the parties intended for CAS or the Panel shall be sent by courier or facsimile to the CAS Court Office, failing which they shall be declared inadmissible. The request for arbitration, the statement of appeal and all written submissions must be filed by the parties in as many copies as there are other parties and arbitrators, together with one additional copy for the CAS itself. In case of non-compliance with this rule, the CAS will not proceed. The exhibits attached to any written submissions may be sent to the CAS Court Office by electronic mail; the CAS Court Office may then forward them by the same means.


R32    Time limits

The time limits fixed under this Code shall begin from the day after that on which notification by the CAS is received. Official holidays and non-working days are included in the calculation of time limits. The time limits fixed under this Code are respected if the communications by the parties are sent before midnight on the last day on which such time limits expire. If the last day of the time limit is an official holiday or a non-business day in the country where the notification has been made, the time limit shall expire at the end of the first subsequent business day.

Upon application on justified grounds, either the President of the Panel or, if he has not yet been appointed, the President of the relevant Division, may extend the time limits provided in these Procedural Rules, with the exception of the time limit for the filing of the statement of appeal, if the circumstances so warrant and provided that the initial time limit has not already expired. With the exception of the time limit for the statement of appeal, any request for a first extension of time of a maximum of five days can be decided by the CAS Secretary General.

The Panel or, if it has not yet been constituted, the President of the relevant Division may, upon application on justified grounds, suspend an ongoing arbitration for a limited period of time.

R33    Independence and Qualifications of Arbitrators

Every arbitrator shall be and remain independent of the parties and shall immediately disclose any circumstances likely to affect his independence with respect to any of the parties.

Every arbitrator shall appear on the list drawn up by the ICAS in accordance with the Statutes which are part of this Code, shall have a good command of the language of the arbitration and shall have the availability required to expeditiously complete the arbitration.

R34    Challenge

An arbitrator may be challenged if the circumstances give rise to legitimate doubts over his independence. The challenge shall be brought within seven days after the ground for the challenge has become known.

Challenges are in the exclusive power of the ICAS Board which may decide at its discretion to refer a case to the ICAS. The petition setting forth the facts giving rise to the challenge shall be lodged by a party. The ICAS Board or the ICAS shall rule on the challenge after the other party (-ies), the challenged arbitrator and the other arbitrators have been invited to submit written comments. The ICAS Board or the ICAS shall give brief reasons for its decision and may decide to publish it.

R35    Removal

An arbitrator may be removed by the ICAS if he refuses to or is prevented from carrying out his duties or if he fails to fulfil his duties pursuant to the present Code within a reasonable time. The ICAS may exercise such power through its Board in accordance with the Statutes which form part of this Code. The Board shall invite the parties, the arbitrator in question and the other arbitrators to submit written comments and shall give brief reasons for its decision.

R36    Replacement

In the event of resignation, death, challenge or removal of an arbitrator, such arbitrator shall be replaced in accordance with the provisions applicable to his appointment. Unless otherwise agreed by the parties or otherwise decided by the Panel, the proceedings shall continue without repetition of the procedure which took place prior to the replacement.

R37    Provisional and Conservatory Measures

No party may apply for provisional or conservatory measures under these Procedural Rules before the request for arbitration or the statement of appeal, which implies the exhaustion of internal remedies, has been filed with the CAS.

The President of the relevant Division, prior to the transfer of the file to the Panel, or thereafter the Panel may, upon application by one of the parties, make an order for provisional or conservatory measures. In agreeing to submit to these Procedural Rules any dispute subject to appeal arbitration proceedings, the parties expressly waive their rights to request such measures from state authorities. This waiver does not apply to provisional or conservatory measures in connection with disputes subject to ordinary arbitration proceedings.

If an application for provisional measures is filed, the President of the relevant Division or the Panel invites the opponent to express his position within ten days or within a shorter time limit if circumstances so require. The President of the relevant Division or the Panel shall issue an order within a short time and shall rule first on the CAS jurisdiction. The Division President may terminate the arbitration procedure if he rules that the CAS has manifestly no jurisdiction. In case of utmost urgency, the President of the relevant Division, prior to the transfer of the file to the Panel, or thereafter the President of the Panel may issue an order upon mere presentation of the application, provided that the opponent is heard subsequently.

Provisional and conservatory measures may be made conditional upon the provision of security.


**B    Special Provisions Applicable to the Ordinary Arbitration Procedure**


R38    Request for Arbitration

The party intending to submit a reference to arbitration under these Procedural Rules shall file a request with the CAS containing :
- the name and full address of the Respondent(s);
- a brief statement of the facts and legal argument, including a statement of the issue to be submitted to the CAS for determination;
- the Claimant's request for relief;
- a copy of the contract containing the arbitration agreement or of any document providing for arbitration in accordance with these Procedural Rules;
- any relevant information about the number and choice of the arbitrator(s), in particular if the arbitration agreement provides for three arbitrators, the name and address of the arbitrator chosen by the Claimant from the CAS list of arbitrators.

Upon filing its request, the Claimant shall pay the Court Office fee provided in Article R64.1.

If the above-mentioned requirements are not fulfilled when the request for arbitration is filed, the CAS Court Office shall grant once only a short deadline to the Claimant to complete his request, failing which it shall be deemed withdrawn.

R39     Initiation of the Arbitration by the CAS and Answer – CAS Jurisdiction

Unless it is apparent from the outset that there is manifestly no arbitration agreement referring to the CAS, the CAS Court Office shall take all appropriate actions to set the arbitration in motion. To this effect, it shall in particular communicate the request to the Respondent, call upon the parties to express themselves on the law applicable to the merits of the dispute and set time limits for the Respondent to submit any relevant information about the number and choice of the arbitrator(s), in particular to appoint an arbitrator from the CAS list, as well as to file an answer to the request for arbitration. The answer shall contain :

- •     a brief statement of the defence;
- •     any defence of lack of jurisdiction;
- •     any counterclaim.

The Respondent may request that the time limit for the filing of the answer be fixed after the payment by the Claimant of the advance of costs provided by Art. R64.2 of this Code.

The Panel shall rule on its own jurisdiction. It shall rule on its jurisdiction irrespective of any legal action already pending before a State court or another arbitral tribunal relating to the same object between the same parties, unless substantive grounds require a suspension of the proceedings.

When an objection to the CAS jurisdiction is raised, the CAS Court Office or the Panel, if already constituted, shall invite the parties to file written submissions on the CAS jurisdiction. In general, the arbitral tribunal may rule on its jurisdiction either in a preliminary decision or in an award on the merits.

Where a party files a request for arbitration related to an arbitration agreement and facts similar to those being the subject of a pending ordinary procedure before the CAS, the President of the Panel, or if he has not yet been appointed, the President of the Division, may, after consulting the parties, decide to consolidate the two procedures.

R40     Formation of the Panel

R40.1   Number of Arbitrators

The Panel is composed of one or three arbitrators. If the arbitration agreement does not specify the number of arbitrators, the President of the Division shall determine the number, taking into account the amount in dispute and the complexity of the dispute.

R40.2   Appointment of the Arbitrators

The parties may agree on the method of appointment of the arbitrators from the CAS list. In the absence of an agreement, the arbitrators shall be appointed in accordance with the following paragraphs.

If, by virtue of the arbitration agreement or a decision of the President of the Division, a sole arbitrator is to be appointed, the parties may select him by mutual agreement within a time limit of fifteen days set by the CAS Court Office upon receipt of the request. In the absence of an agreement being reached within that time limit, the President of the Division shall proceed with the appointment.

If, by virtue of the arbitration agreement or a decision of the President of the Division, three arbitrators are to be appointed, the Claimant shall nominate its arbitrator in the request or within the time limit set in the decision on the number of arbitrators and the Respondent shall nominate its arbitrator within the time limit set by the CAS Court Office upon receipt of the request. In the absence of such appointment, the President of the Division shall proceed with the appointment in lieu of the parties. The two arbitrators so appointed shall select the President of the Panel by mutual agreement within a time limit set by the CAS Court Office. In the absence of an agreement being reached within that time limit, the President of the Division shall appoint the President of the Panel in lieu of the two arbitrators.

R40.3   Confirmation of the Arbitrators and Transfer of the File

Any arbitrator  nominated by the parties or by other arbitrators shall only be deemed appointed after confirmation by the President of the Division. Before proceeding with such confirmation, the latter shall ascertain that the arbitrator fulfils the requirements of Article R33.

Once the Panel is formed, the CAS Court Office takes notice of the formation and transfers the file to the arbitrators unless none of the parties has paid an advance of costs provided by Art. R64.2 of the Code.

An *ad hoc* clerk may be appointed to assist the Panel. He must be independent from the parties. His fees shall be included in the arbitration costs.

R41   Multiparty Arbitration

R41.1   Plurality of Claimants / Respondents

If the request for arbitration names several Claimants and/or Respondents, the CAS shall proceed with the formation of the Panel in accordance with the number of arbitrators and the method of appointment agreed by all parties. In the absence of such an agreement, the President of the Division shall decide on the number of arbitrators in accordance with Article R40.1.

If a sole arbitrator is to be appointed, Article R40.2 shall apply. If three arbitrators are to be appointed and there are several Claimants, the Claimants shall jointly nominate an arbitrator. If three arbitrators are to be appointed and there are several Respondents, the Respondents shall jointly nominate an arbitrator. In the absence of such a joint nomination, the President of the Division shall proceed with the appointment in lieu of the Claimants/Respondents. If there are three or more parties with divergent interests, both arbitrators shall be appointed in accordance with the agreement between the parties. In the absence of such agreement, the arbitrators shall be appointed by the President of the Division in accordance with Article R40.2. In all cases, the arbitrators shall select the President of the Panel in accordance with Article R40.2.

## R41.2  Joinder

If a Respondent intends to cause a third party to participate in the arbitration, it shall mention it in its answer, together with the reasons therefor, and file an additional copy of its answer. The CAS Court Office shall communicate this copy to the person whose participation is requested and set such person a time limit to state its position on its participation and to submit a response pursuant to Article R39. It shall also set a time limit for the Claimant to express its position on the participation of the third party.

## R41.3  Intervention

If a third party intends to participate as a party to the arbitration, it shall file with the CAS an application to this effect, together with the reasons therefor within 10 days after the arbitration has become known to the intervenor but before the hearing or before the closing of the evidentiary proceedings if no hearing is held. The CAS Court Office shall communicate a copy of this application to the parties and set a time limit for them to express their position on the participation of the third party and to file, to the extent applicable, an answer pursuant to Article R39.

## R41.4  Joint Provisions on Joinder and Intervention

A third party may only participate in the arbitration if it is bound by the arbitration agreement or if itself and the other parties agree in writing.

Upon expiration of the time limit set in Articles R41.2 and R41.3, the President of the Division or the Panel, if it has already been appointed, shall decide on the participation of the third party, taking into account, in particular, the prima facie existence of an arbitration agreement as referred to in Article R39 above. The decision of the President of the Division shall be without prejudice to the decision of the Panel on the same matter.

If the President of the Division accepts the participation of the third party, the CAS shall proceed with the formation of the Panel in accordance with the number of arbitrators and the method of appointment agreed by all parties. In the absence of such an agreement between the parties, the President of the Division shall decide on the

number of arbitrators in accordance with Article R40.1. If a sole arbitrator is to be appointed, Article R40.2 shall apply. If three arbitrators are to be appointed, the arbitrators shall be appointed by the President of the Division and shall nominate the President of the Panel in accordance with Article R40.2.

Regardless of the decision of the Panel on the participation of the third party, the formation of the Panel cannot be challenged. In the event that the Panel accepts the participation, it shall, if required, issue related procedural directions.

After consultation with the parties, the Panel shall determine the status of the third party and its rights in the procedure.

After consultation with the parties, the Panel may allow the filing of *amicus curiae* briefs.

## R42    Conciliation

The President of the Division, before the transfer of the file to the Panel, and thereafter the Panel may at any time seek to resolve the dispute by conciliation. Any settlement may be embodied in an arbitral award rendered by consent of the parties.

## R43    Confidentiality

Proceedings under these Procedural Rules are confidential. The parties, the arbitrators and the CAS undertake not to disclose to any third party any facts or other information relating to the dispute or the proceedings without the permission of the CAS. Awards shall not be made public unless all parties agree or the Division President so decides.

## R44    Procedure before the Panel

## R44.1  Written Submissions

The procedure before the Panel comprises written submissions and, if the Panel deems it appropriate, an oral hearing. Upon receipt of the file, the President of the Panel, if appropriate, shall issue directions in connection with the written submissions. As a general rule, there shall be one statement of claim, one response and, if the circumstances so require, one reply and one second response. The parties may, in the statement of claim and in the response, raise claims not contained in the request for arbitration and in the answer to the request. Thereafter, no party may raise any new claim without the consent of the other party.

Together with their written submissions, the parties shall produce all written evidence upon which they intend to rely. After the exchange of the written submissions, the parties shall not be authorized to produce further written evidence, except by mutual agreement or if the Panel so permits on the basis of exceptional circumstances.

In their written submissions, the parties shall list the name(s) of any witnesses, including a brief summary of their expected testimony, and the name(s) of any experts, stating their area of expertise, which they intend to call and state any other evidentiary measure which they request. Any witness statements shall be filed together with the parties' submissions.

If a counterclaim and/or jurisdictional objection is filed, the CAS Court Office shall fix a time limit for the filing of an answer to the counterclaim and/or jurisdictional objection by the Claimant.

## R44.2  Hearing

The President of the Panel shall issue directions with respect to the hearing as soon as possible and in particular set the hearing date. As a general rule, there shall be one hearing during which the Panel hears the parties, the witnesses and the expert as well as the parties' final oral arguments, for which the Respondent has the floor last.

The President of the Panel shall conduct the hearing and ensure that the statements made are concise and limited to the subject of the written presentations, to the extent that these presentations are relevant. Unless the parties agree otherwise, the hearings are not public. Minutes of the hearing may be taken. Any person heard by the Panel may be assisted by an interpreter at the cost of the party which called such person.

The parties call to be heard by the Panel such witnesses and experts which they have specified in their written submissions. The parties are responsible for the availability and costs of the witnesses and experts called to be heard.

The President of the Panel may decide to conduct a hearing by video-conference or to hear some parties, witnesses and experts via tele- or video-conference. With the agreement of the parties, he may also exempt a witness/expert from appearing at the hearing if the latter has previously filed a statement.

The Panel may limit or disallow the appearance of any witness or expert, or any part of their testimony, on the grounds of irrelevance.

Before hearing any witness, expert or interpreter, the Panel shall solemnly invite such person to tell the truth, subject to the sanctions of perjury.

Once the hearing is closed, the parties shall not be authorized to produce further written pleadings, unless the Panel so orders.

After consulting the parties, the Panel may, if it deems itself to be sufficiently well informed, decide not to hold a hearing.

## R44.3  Evidentiary Proceedings Ordered by the Panel

A party may request the Panel to order the other party to produce documents in its custody or under its control. The party seeking such production shall demonstrate that the documents are likely to exist and to be relevant.

If it deems it appropriate to supplement the presentations of the parties, the Panel may at any time order the production of additional documents or the examination of witnesses, appoint and hear experts, and proceed with any other procedural act. The Panel may order the parties to contribute to any additional costs related to the hearing of witnesses and experts.

The Panel shall consult the parties with respect to the appointment and terms of reference of such expert. The expert appointed by the Panel shall be and remain independent of the parties and shall immediately disclose any circumstances likely to affect his independence with respect to any of the parties.

## R44.4   Expedited Procedure

With the consent of the parties, the Division President or the Panel may proceed in an expedited manner and shall issue appropriate directions therefor.

## R44.5 Default

If the Claimant fails to submit its statement of claim in accordance with Article R44.1 of the Code, the request for arbitration shall be deemed withdrawn.

If the Respondent fails to submit its response in accordance with Article R44.1 of the Code, the Panel may nevertheless proceed with the arbitration and deliver an award.

If any of the parties is duly summoned yet fails to appear at the hearing, the Panel may nevertheless proceed with the hearing.

## R45   Law Applicable to the Merits

The Panel shall decide the dispute according to the rules of law chosen by the parties or, in the absence of such a choice, according to Swiss law. The parties may authorize the Panel to decide ex aequo et bono.

## R46   Award

The award shall be made by a majority decision, or, in the absence of a majority, by the President alone. The award shall be written, dated and signed. Unless the parties agree otherwise, it shall briefly state reasons. The signature of the President of the Panel shall suffice. Before the award is signed, it shall be transmitted to the CAS Secretary General who may make rectifications of pure form and may also draw the attention of the Panel to fundamental issues of principle. Dissenting opinions are not recognized by the CAS and are not notified.

The award notified by the CAS Court Office shall be final and binding upon the parties. It may not be challenged by way of an action for setting aside to the extent that the parties have no domicile, habitual residence, or business establishment in Switzerland and that they have expressly excluded all setting aside proceedings in the arbitration agreement or in an agreement entered into subsequently, in particular at the outset of the arbitration.

## C    Special Provisions Applicable to the Appeal Arbitration Procedure

**R47    Appeal**

An appeal against the decision of a federation, association or sports-related body may be filed with the CAS insofar as the statutes or regulations of the said body so provide or as the parties have concluded a specific arbitration agreement and insofar as the Appellant has exhausted the legal remedies available to him prior to the appeal, in accordance with the statutes or regulations of the said sports-related body.

An appeal may be filed with the CAS against an award rendered by the CAS acting as a first instance tribunal if such appeal has been expressly provided by the rules applicable to the procedure of first instance.

**R48    Statement of Appeal**

The Appellant shall submit to the CAS a statement of appeal containing :

- the name and full address of the Respondent(s);
- a copy of the decision appealed against;
- the Appellant's request for relief;
- the nomination of the arbitrator chosen by the Appellant from the CAS list, unless the parties have agreed to a Panel composed of a sole arbitrator;
- if applicable, an application to stay the execution of the decision appealed against, together with reasons;
- a copy of the provisions of the statutes or regulations or the specific agreement providing for appeal to the CAS.

Upon filing the statement, the Appellant shall pay the Court Office fee provided for under Article R64.1 or Article R65.2.

If the above-mentioned requirements are not fulfilled when the statement of appeal is filed, the CAS Court Office shall grant once only a short deadline to the Appellant to complete his statement, failing which it shall be deemed withdrawn.

**R49    Time limit for Appeal**

In the absence of a time limit set in the statutes or regulations of the federation, association or sports-related body concerned, or of a previous agreement, the time limit for appeal shall be twenty-one days from the receipt of the decision appealed against. After having consulted the parties, the Division President may refuse to entertain an appeal if it is manifestly late.

R50    Number of Arbitrators

The appeal shall be submitted to a Panel of three arbitrators, unless the Appellant establishes at the time of the statement of appeal that the parties have agreed to a Panel composed of a sole arbitrator or, in the absence of any agreement between the parties regarding the number of arbitrators, the President of the Division decides to submit the appeal to a sole arbitrator, taking into account the circumstances of the case.

When two or more cases have manifestly the same object, the President of the Appeals Arbitration Division may invite the parties to agree to refer these cases to the same Panel; in the absence of agreement between the parties, the President of the Division shall decide.

R51    Appeal Brief

Within ten days following the expiry of the time limit for the appeal, the Appellant shall file with the CAS a brief stating the facts and legal arguments giving rise to the appeal, together with all exhibits and specification of other evidence upon which he intends to rely or shall inform the CAS Court Office in writing that the statement of appeal shall be considered as the appeal brief, failing which the appeal shall be deemed withdrawn.

In his written submissions, the Appellant shall specify the name(s) of any witnesses, including a brief summary of their expected testimony, and the name(s) of any experts, stating their area of expertise, whom he intends to call and state any other evidentiary measure which he requests. The witness statements, if any, shall be filed together with the appeal brief, unless the President of the Panel decides otherwise.

R52    Initiation of the Arbitration by the CAS

Unless it is apparent from the outset that there is manifestly no arbitration agreement referring to the CAS or that the agreement is manifestly not related to the dispute at stake, the CAS shall take all appropriate actions to set the arbitration in motion. To this effect, the CAS Court Office shall, in particular, communicate the statement of appeal to the Respondent, and the President of the Division shall proceed with the formation of the Panel in accordance with Articles R53 and R54. If applicable, he shall also decide promptly on an application for a stay or for interim measures.

The CAS shall send a copy of the statement of appeal and appeal brief, for information, to the authority which has issued the decision challenged.

With the agreement of the parties, the Panel or, if it has not yet been appointed, the President of the Division may proceed in an expedited manner and shall issue appropriate directions for such procedure.

Where a party files a statement of appeal in connection with a decision which is the subject of a pending appeal before the CAS, the President of the Panel, or if he has not yet been appointed, the President of the Division, may, after consulting the parties, decide to consolidate the two procedures.

R53    Nomination of Arbitrator by the Respondent

Unless the parties have agreed to a Panel composed of a sole arbitrator or the President of the Division considers that the appeal should be submitted to a sole arbitrator, the Respondent shall nominate an arbitrator within ten days after receipt of the statement of appeal. In the absence of a nomination within such time limit, the President of the Division shall proceed with the appointment in lieu of the Respondent.

R54    Appointment of the Sole Arbitrator or of the President and Confirmation of the Arbitrators by the CAS

If, by virtue of the parties' agreement or of a decision of the President of the Division, a sole arbitrator is to be appointed, the President of the Division shall appoint the sole arbitrator upon receipt of the motion for appeal.

If three arbitrators are to be appointed, the President of the Division shall appoint the President of the Panel upon nomination of the arbitrator by the Respondent and after having consulted the arbitrators. The arbitrators nominated by the parties shall only be deemed appointed after confirmation by the President of the Division. Before proceeding with such confirmation, the President of the Division shall ensure that the arbitrators fulfil the requirements of Article R33.

Once the Panel is formed, the CAS Court Office takes notice of the formation of the Panel and transfers the file to the arbitrators, unless none of the parties has paid an advance of costs in accordance with Article R64.2 of the Code.

An *ad hoc* clerk may be appointed to assist the Panel. He must be independent from the parties. His fees shall be included in the arbitration costs.

In addition, Article R41 is applicable mutatis mutandis to the appeals arbitration procedure, except that the President of the Panel is appointed by the President of the Appeals Division.

R55    Answer of the Respondent – CAS Jurisdiction

Within twenty days from the receipt of the grounds for the appeal, the Respondent shall submit to the CAS an answer containing :

- a statement of defence;
- any defence of lack of jurisdiction;
- any exhibits or specification of other evidence upon which the Respondent intends to rely;
- the name(s) of any witnesses, including a brief summary of their expected testimony; the witness statements, if any, shall be filed together with the answer, unless the President of the Panel decides otherwise;
- the name(s) of any experts, stating their area of expertise, whom he intends to call and state any other evidentiary measure which he requests.

If the Respondent fails to submit its response by the given time limit, the Panel may nevertheless proceed with the arbitration and deliver an award.

The Respondent may request that the time limit for the filing of the answer be fixed after the payment by the Appellant of the advance of costs in accordance with Art. R64.2 of this Code.

The Panel shall rule on its own jurisdiction. It shall rule on its jurisdiction irrespective of any legal action already pending before a State court or another arbitral tribunal relating to the same object between the same parties, unless substantive grounds require a suspension of the proceedings.

When an objection to the CAS jurisdiction is raised, the CAS Court Office or the Panel, if already constituted, shall invite the parties to file written submissions on the CAS jurisdiction. In general, the arbitral tribunal may rule on its jurisdiction either in a preliminary decision or in an award on the merits.


R56    Appeal and answer complete - Conciliation

Unless the parties agree otherwise or the President of the Panel orders otherwise on the basis of exceptional circumstances, the parties shall not be authorized to supplement or amend their requests or their argument, nor to produce new exhibits, nor to specify further evidence on which they intend to rely after the submission of the appeal brief and of the answer.

The Panel may at any time seek to resolve the dispute by conciliation. Any settlement may be embodied in an arbitral award rendered by consent of the parties.


R57    Scope of Panel's Review, Hearing

The Panel shall have full power to review the facts and the law. It may issue a new decision which replaces the decision challenged or annul the decision and refer the case back to the previous instance. Upon transfer of the file, the President of the Panel shall issue directions in connection with the hearing for the examination of the parties, the witnesses and the experts, as well as for the oral arguments. He may also request communication of the file of the federation, association or sports-related body, whose decision is the subject of the appeal. Articles R44.2 and R44.3 shall apply.

After consulting the parties, the Panel may, if it deems itself to be sufficiently well informed, decide not to hold a hearing. At the hearing, the proceedings take place in camera, unless the parties agree otherwise.

If any of the parties is duly summoned yet fails to appear, the Panel may nevertheless proceed with the hearing.

R58    Law Applicable to the merits

The Panel shall decide the dispute according to the applicable regulations and the rules of law chosen by the parties or, in the absence of such a choice, according to the law of the country in which the federation, association or sports-related body which has issued the challenged decision is domiciled or according to the rules of law, the application of which the Panel deems appropriate. In the latter case, the Panel shall give reasons for its decision.

R59    Award

The award shall be rendered by a majority decision, or in the absence of a majority, by the President alone. It shall be written, dated and signed. The award shall state brief reasons. The signature of the President shall suffice.

Before the award is signed, it shall be transmitted to the CAS Secretary General who may make rectifications of pure form and may also draw the attention of the Panel to fundamental issues of principle. Dissenting opinions are not recognized by the CAS and are not notified.

The Panel may decide to communicate the operative part of the award to the parties, prior to the reasons. The award shall be enforceable from such written communication.

The award, notified by the CAS Court Office, shall be final and binding upon the parties. It may not be challenged by way of an action for setting aside to the extent that the parties have no domicile, habitual residence, or business establishment in Switzerland and that they have expressly excluded all setting aside proceedings in the arbitration agreement or in an agreement entered into subsequently, in particular at the outset of the arbitration.

The operative part of the award shall be communicated to the parties within three months after the transfer of the file to the Panel. Such time limit may be extended by the President of the Appeals Arbitration Division upon a reasoned request from the President of the Panel.

The award, a summary and/or a press release setting forth the results of the proceedings shall be made public by the CAS, unless both parties agree that they should remain confidential.

**D**      **Special Provisions Applicable to the Consultation Proceedings**

R60      [abrogated]

R61      [abrogated]

R62      [abrogated]

**E**      **Interpretation**

R63      A party may apply to the CAS for the interpretation of an award issued in an ordinary or appeals arbitration, whenever the operative part of the award is unclear, incomplete, ambiguous or whenever its components are self-contradictory or contrary to the reasons, or whenever the award contains clerical mistakes or a miscalculation of figures.

When an application for interpretation is filed, the President of the relevant Division shall review whether there are grounds for interpretation. If so, he shall submit the request to the Panel which has rendered the award for interpretation. Any Panel members who are unable to act shall be replaced in accordance with Article R36. The Panel shall rule on the request within one month following the submission of the request to the Panel.

**F**      **Costs of the Arbitration Proceedings**

R64      In general

R64.1    Upon filing of the request/statement of appeal, the Claimant/Appellant shall pay a Court Office fee of Swiss francs 1000.—, without which the CAS shall not proceed. The CAS shall in any event keep this fee. The Panel shall take it into account when assessing the final amount of costs.

If an arbitration procedure shall be terminated before a Panel has been constituted, the Division President shall rule on costs in the termination order. However, he can order the payment of legal costs only upon request of a party and after all parties have been given the opportunity to file written submissions on costs.

R64.2   Upon formation of the Panel, the CAS Court Office shall fix, subject to later changes, the amount and the method of payment of the advance of costs. The filing of a counterclaim, where applicable, or a new claim shall result in the calculation of separate advances.

To determine the amount to be paid in advance, the CAS Court Office shall fix an estimate of the costs of arbitration, which shall be borne by the parties in accordance with Article R64.4. The advance shall be paid in equal shares by the Claimant/Appellant and the Respondent. If a party fails to pay its share, the other may substitute for it; in case of non-payment within the time limit fixed by the CAS, the request/appeal shall be deemed withdrawn and the CAS shall terminate the arbitration; this provision shall also apply to any counterclaim, where applicable.

R64.3   Each party shall advance the cost of its own witnesses, experts and interpreters.

If the Panel appoints an expert or an interpreter or orders the examination of a witness, it shall issue directions with respect to an advance of costs, if appropriate.

R64.4   At the end of the proceedings, the CAS Court Office shall determine the final amount of the cost of arbitration, which shall include the CAS Court Office fee, the administrative costs of the CAS calculated in accordance with the CAS scale, the costs and fees of the arbitrators calculated in accordance with the CAS fee scale, a contribution towards the expenses of the CAS, and the costs of witnesses, experts and interpreters. The final account of the arbitration costs may either be included in the award or communicated separately to the parties.

R64.5   In the arbitral award, the Panel shall determine which party shall bear the arbitration costs or in which proportion the parties shall share them. As a general rule, the Panel has discretion to grant the prevailing party a contribution towards its legal fees and other expenses incurred in connection with the proceedings and, in particular, the costs of witnesses and interpreters. When granting such contribution, the Panel shall take into account the outcome of the proceedings, as well as the conduct and the financial resources of the parties.

R65   Appeals against decisions issued by international federations in disciplinary

R65.1   The present Article R65 is applicable to appeals against decisions which are exclusively of a disciplinary nature and which are rendered by an international federation or sports-body.

R65.2   Subject to Articles R65.2, para. 2 and R65.4, the proceedings shall be free. The fees and costs of the arbitrators, calculated in accordance with the CAS fee scale, together with the costs of the CAS are borne by the CAS.

Upon submission of the statement of appeal, the Appellant shall pay a Court Office fee of Swiss francs 1000.— without which the CAS shall not proceed and the appeal shall be deemed withdrawn. The CAS shall in any event keep this fee.

If an arbitration procedure shall be terminated before a Panel has been constituted, the Division President shall rule on costs in the termination order. However, he can order the payment of legal costs only upon request of a party and after all parties have been given the opportunity to file written submissions on costs.

R65.3    The costs of the parties, witnesses, experts and interpreters shall be advanced by the parties. In the award, the Panel shall decide which party shall bear them or in what proportion the parties shall share them, taking into account the outcome of the proceedings, as well as the conduct and financial resources of the parties.

R65.4    If all circumstances so warrant, the President of the Appeals Arbitration Division may decide to apply Article R64 to an appeals arbitration, either ex officio or upon request of the President of the Panel.

R66    Consultation Proceedings

[abrogated]

## G    Miscellaneous Provisions

R67    The present Rules are applicable to all procedures initiated by the CAS as from 1 January 2010. The procedures which are pending on 1 January 2010 remain submitted to the Rules in force before 2010, unless both parties request the application of the present Rules.

R68    Neither the CAS arbitrators, nor the CAS mediators, nor the ICAS and its members, nor the CAS and its employees shall be liable to any person for any act or omission in connection with any CAS procedure.

R69    The French text and the English text are authentic. In the event of any discrepancy, the French text shall prevail.

R70    The Procedural Rules may be amended by the decision of the Council, in conformity with Article S8.