**Weil, Gotshal & Manges LLP**

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Andrew S. Tulumello**
+1 (202) 682-7100
drew.tulumello@weil.com

BY ECF

July 1, 2025

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

Re:     *Pospisil et al. v. ATP Tour, Inc. et al.,* No. 1:25-cv-02207-MMG (S.D.N.Y.)

Dear Judge Garnett:

We write jointly with Defendants ATP Tour, Inc. and WTA Tour, Inc. in response to the Court's May 27 Order to propose next steps in the above-captioned case. On June 24, Plaintiffs filed an amended complaint, ECF No. 109, which adds new allegations against ATP Tour, Inc. and WTA Tour, Inc. and removes International Tennis Federation Ltd. and International Tennis Integrity Agency, Ltd. as defendants. Now that Plaintiffs have filed an amended complaint, Defendants ATP Tour, Inc. and WTA Tour, Inc. intend to file new responsive motions to dismiss, transfer, and/or compel arbitration (the "Motions"). The parties therefore understand that the Court will be denying the previously filed motions as moot without prejudice. *See* Individual Rule II(B)(6) ("If the plaintiff chooses to file an amended complaint, the Court will deny the previously-filed motion to dismiss as moot without prejudice . . . ."); ECF No. 104.

### Briefing Schedule to Respond to Amended Complaint

Mindful of the Court's request for accelerated resolution of any motions to compel arbitration or dismiss/transfer based on improper venue, the parties both acknowledge that a briefing schedule should be entered, but disagree as to the deadlines.

*Plaintiffs' Statement*: In light of the Court's request for accelerated briefing on these matters (which Defendants have already thoroughly briefed), Plaintiffs propose that Defendants file any renewed Motions by July 15, 2025 (three weeks after Plaintiffs filed their amended complaint), that Plaintiffs file their oppositions by August 5, 2025 (three weeks later), and that Defendants file any replies by August 12, 2025 (one week later). This proposed schedule would conclude briefing before the end of the summer, largely to address Your Honor's "concern[]" that the Court would "not even [be] in a position to decide the motions until the end of October." (May 27, 2025 Tr. at 9:1-7). While the amended complaint adds additional substantive allegations about the nature of Defendants' conspiracies and anticompetitive conduct, these new allegations do not materially alter Defendants' renewed arbitration and venue motions. Defendants have not represented that their new motions will substantially differ

Hon. Margaret M. Garnett **Weil, Gotshal & Manges LLP**

July 1, 2025
Page 2

from their original briefing nor have they articulated any basis for why they need over a month to refile the same motion they already filed.

*Defendants' Statement*: Plaintiffs' 177-page amended complaint—which Plaintiffs were given nearly five weeks to file after they received Defendants' initial motions—adds two new plaintiffs and contains more than 100 paragraphs of new allegations, many of which relate to issues raised in Defendants' initial responsive motions to dismiss, transfer, and/or compel arbitration. Defendants must research each of Plaintiffs' new allegations, including all allegations for the new named plaintiffs. Defendants therefore propose that they file all of their Motions by July 31, that Plaintiffs respond to the Motions by August 28, and that Defendants file replies to the Motions by September 18. That new proposed schedule concludes briefing more than a month before the schedule that had previously been agreed to by the parties, while still allowing Defendants the necessary amount of time to respond to Plaintiffs' new allegations that is commensurate with the nearly five weeks Plaintiffs had to amend their complaint in response to Defendants' earlier motions. Indeed, on the morning of May 27, before the most recent conference with the Court, the parties agreed on the following briefing schedule for Plaintiffs' amended complaint, which Defendants agreed could be filed on June 24: "July 30 for the responses, September 30 for oppositions, and October 27 for the replies." (May 27, 2025 Tr. at 7:21-8:5.) After having agreed to that schedule, Plaintiffs' proposal that Defendants should now have only two weeks from the filing of this Letter—inclusive of the 4th of July holiday—to respond to the 177-page amended complaint, and only one week to file Replies, while affording themselves three weeks to file oppositions (on top of all the time they have had with Defendants' initial motions), is not reasonable.

## Discovery Pending Resolution of the Motions

The parties have conferred about whether and to what extent class certification discovery should occur while the Motions are pending, and are unable to reach agreement.

*Plaintiffs' Position:* The parties should engage in an initial phase of class discovery while the Motions are pending, consistent with the Court's suggestion at the May 27 Initial Case Management Conference. While ATP has agreed in principal, WTA objects to doing so at this time because it intends to file a renewed motion to compel arbitration. But WTA's forthcoming motion to compel arbitration, which Plaintiffs will oppose, would not be case dispositive in any event, as WTA will be required to participate in discovery regardless of this case's ultimate forum. And even if the motion was case dispositive—it is not—the "fil[ing] [of] an early dispositive motion does not in and of itself give rise to justification to warrant a stay." *Robbins v. Candy Digital Inc.*, 2024 WL 2221362, at *1 (S.D.N.Y. May 15, 2024). Permitting an initial phase of class discovery will provide significant efficiencies in case management, and will cause no prejudice to WTA.

*Defendants' Position:* In light of the Court's "general view . . . that discovery should not begin until [any motion to compel arbitration] is resolved," and "reluctan[ce] to begin the substantive management of a case" that ATP believes belongs in a different federal court, both Defendants believe any formal discovery is inappropriate until the Motions are resolved. Notwithstanding Plaintiffs' new allegations that ATP is a member of WTA (which could compel arbitration of those claims), ATP is amenable to a

Hon. Margaret M. Garnett

**Weil, Gotshal & Manges LLP**

July 1, 2025
Page 3

reciprocal exchange of documents primarily relating to anticipated Rule 23 class certification issues that would be presented in either this Court or the District of Delaware. WTA does not believe that an exchange of discovery information is appropriate while its motion to compel arbitration is pending. *Brookridge Funding Corp. v. Nw. Hum. Res., Inc.*, 170 F. App'x 170, 171 (2d Cir. 2006) (waiver when party participated in discovery). WTA respectfully submits that the scope of discovery it is required to provide to Plaintiffs should be determined by the arbitrator.

The parties further agree to provide the Court with a proposal on next steps within seven days after the Motions are resolved.

Respectfully submitted,

*/s/ Andrew S. Tulumello*

Andrew S. Tulumello
Weil, Gotshal and Manges LLP
*Counsel for Plaintiffs*
(admitted *pro hac vice*)

*/s/ Bradley Ruskin*

Bradley Ruskin
Proskauer Rose LLP
*Counsel for Defendant ATP Tour, Inc.*

*/s/ Lawrence Buterman*

Lawrence Buterman
Latham & Watkins LLP
*Counsel for Defendant WTA Tour, Inc.*

cc:     all counsel of record (via ECF)