# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vasek Pospisil, Nicholas Kyrgios, Anastasia Rodionova, Nicole Melichar-Martinez, Saisai Zheng, Sorana Cîrstea, John-Patrick Smith, Noah Rubin, Aldila Sutjiadi, Varvara Gracheva, Tennys Sandgren, Sachia Vickery, Nicolas Zanellato, and Reilly Opelka, on behalf of themselves and all others similarly situated, | Civil Action No. 1:25-cv-02207-MMG |
| -and- | |
| The Professional Tennis Players Association, | |
| Plaintiffs, | |
| vs. | |
| ATP Tour, Inc. and WTA Tour, Inc., | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT AND FOR RESOLUTION OF OUTSTANDING MOTIONS

From the start of this lawsuit, Plaintiffs have alleged that Defendants ATP Tour, Inc. ("ATP") and WTA Tour, Inc. ("WTA") have conspired with professional tennis tournament owners and operators, including the owners and operators of the four largest professional tennis tournaments—the U.S. Open, Australian Open, French Open, and Wimbledon (the "Grand Slam Co-Conspirators")—to eliminate competition and monopsonize the market for men's and women's professional tennis services. *See* Dkt. 1 ("Compl.") ¶¶ 3, 6, 9, 50–51, 89, 114, 116, 133–35, 137, 141, 147, 160–63, 168, 170, 172–76, 177, 182, 199, 205, 212, 214, 218, 220, 227; Dkt. 109 ("Am. Compl.") ¶¶ 3, 6, 12, 56–57, 103, 138, 140, 160–62, 164, 170, 186, 205–10, 217, 220, 223–35, 236, 241, 262, 275, 281, 282, 288, 290, 305.

During the May 27, 2025, Initial Case Management Conference, Plaintiffs advised the Court that they intended to amend their Complaint to name the operators of the four Grand Slams—Tennis Australia Limited, Fédération Française de Tennis, All England Lawn Tennis Club (Championships) Limited, and United States Tennis Association Incorporated—as defendants. May 27, 2025 Tr. at 7:3-15. However, on June 24, 2025, Plaintiffs agreed to abstain from naming the Grand Slams while the Plaintiffs and the Grand Slams engaged in settlement discussions. *See* Dkt. 108. Over the last 90 days, Plaintiffs have engaged with the Grand Slams, but the parties were not able to resolve the issues raised in the Amended Complaint. Plaintiffs now seek to amend their First Amended Complaint to name the Grand Slam Co-Conspirators as defendants.

Plaintiffs' proposed amendments to the complaint do not affect the substance of the allegations against Defendants ATP and WTA. *See* Ex. 1 (Plaintiffs' proposed Second Amended Complaint); Ex. 2 (Redline of proposed Second Amended Complaint). The changes to the complaint fall into three categories:

(1) Naming the Grand Slams as defendants, and referring to them as such (instead of co-conspirators), *see, e.g.*, Ex. 2 ¶¶ 17, 62, 66;

(2) Adding facts and allegations specific to the Grand Slams, *see, e.g.*, *id.* ¶¶ 42–48, 50, 54, 325, 326, 462; and

(3) Other non-substantive changes, such as updating the rankings of the Tennis Player Plaintiffs, *see, e.g.*, *id.* ¶¶ 24–37, 124.

Plaintiffs' proposed Second Amended Complaint does *not* change or modify the substance of Plaintiffs' claims against the ATP and WTA. Nevertheless, Defendants ATP and WTA have not consented to Plaintiffs' request to file the proposed Second Amended Complaint. Ex. 3 (Email

from Counsel for ATP).[1] Defendants believe the Court should rule on their fully-briefed and pending motions before deciding Plaintiffs' motion for leave to amend its complaint. *Id.* Plaintiffs disagree. Plaintiffs' proposed amendment is timely and made in good faith, and has no bearing on the pending fully-briefed motions filed by ATP and WTA. No purpose will be served by delaying the naming of the Grand Slams—and in any event, leave is freely granted. Plaintiffs respectfully move this Court for an order granting leave to file Plaintiffs' Second Amended Complaint.

## ARGUMENT

**I.     This Court Should Grant Plaintiffs Leave to File a Second Amended Complaint.**

Under the Federal Rules of Civil Procedure, a court "should freely give leave when justice so requires" to allow a party to amend its pleading over the objection of defendants. *See* Fed. R. Civ. P. 15(a)(2). If the proposed amended complaint seeks to add parties, Federal Rule of Civil Procedure 21 "comes into play," but this "creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule 15(a)[2].'" *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (quoting *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)) (alteration in original).

Rule 15(a)(2) provides "a liberal and permissive standard, and the only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quotation

---

[1] Defendants also filed a letter purporting to reserve their rights to oppose Plaintiffs' motion to amend the complaint and to file supplemental briefs in support of the operative motions or seek new briefing on entirely new motions. Dkt. 134. For the reasons set forth in Part II, the proposed Second Amended Complaint does *not* alter the substance of Plaintiffs' claims against ATP or WTA; any changes are related to the addition of the Grand Slams and other non-substantive updates. Accordingly, judicial economy would not be served by having the clock start all over with ATP and WTA refiling their pending motions. If something new in the Second Amended Complaint agitates ATP and WTA, Plaintiffs are willing to confer with them about supplemental submissions, but Plaintiffs do not believe any legitimate need exists for more briefing.

omitted) (holding district court abused its discretion in denying plaintiffs' motion to amend complaint and add named defendants); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Any refusal to grant leave to amend "must be based on a valid ground." *Oliver Schs., Inc. v. Foley*, 903 F.2d 248, 253 (2d Cir. 1991).

None of these grounds applies here. First, Plaintiffs have not unduly delayed seeking leave to amend their complaint; on the contrary, Plaintiffs intended to name the Grand Slams on June 24, but at the urging of the Grand Slams, Plaintiffs agreed to a 90-day extension to discuss settlement. Plaintiffs then filed this motion on the day their 90-day agreement with the Grand Slams ended; Plaintiffs have no dilatory motive. Nor would the proposed amendments be futile; Plaintiffs seek to add defendants to the case, and Plaintiffs' antitrust claims are not futile, as evidenced by the fact that neither ATP nor WTA have challenged the actual merits of them and instead seek to move the case away from this Court to Delaware and to private arbitration. *See Allison v. Clos-ette Too, LLC*, 2015 WL 136102, at *2 (S.D.N.Y. 2015) (noting that an amendment is futile when the proposed amendment would not enable the claim to withstand a motion to dismiss).

Furthermore, Plaintiffs have proceeded in good faith and Plaintiffs' request to amend at this juncture is not an attempt to gain an unfair advantage in these proceedings. *See in re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003) (finding bad faith where plaintiffs purposefully waited to seek leave to amend the complaint until after the court had held argument and ruled on motions to dismiss). To the contrary, Plaintiffs dismissed without prejudice claims against the International Tennis Federation and International Tennis Integrity Agency to streamline the litigation by focusing on those parties important to facilitating the relief Plaintiffs seek, and Plaintiffs agreed to a reasonable period of time to reach agreement with the Grand Slams. Plaintiffs

have been transparent about their intentions regarding amendment. Plaintiffs advised the parties and the Court at the May 27, 2025 status conference that it intended to amend the complaint and add the Grand Slams as defendants. May 27, 2025 Tr. at 7:3-15. Plaintiffs then notified Defendants and the Court that they would abstain from naming the Grand Slams for 90 days in order to pursue settlement discussions. Dkt. 108. Now that the parties have reached the end of 90 days without resolution, Plaintiffs have promptly moved this Court to name the Grand Slams as defendants.

Finally, filing of the proposed Second Amended Complaint would not prejudice Defendants. As described in more detail below, the Second Amended Complaint does not alter the substance of the claims against ATP and WTA or the merits of their pending fully-briefed motions. The filing of the Second Amended Complaint will also not prejudice ATP and WTA because, with the exception of some limited discovery between Plaintiffs and the ATP on class certification issues, discovery has been largely stayed and no case schedule has been entered. Dkt. 112. In sum, filing a Second Amended Complaint at this early stage of the proceedings would not prejudice Defendants.

## II. Defendants' Outstanding Motions Are Not Rendered Moot by the Second Amended Complaint.

Courts in this district regularly evaluate pending fully briefed motions in light of the facts alleged in an amended complaint, rather than denying pending motions as moot, where "the motion[s] [are] fully briefed and address[] the same issues raised in the Amended Complaint." *Lindell v. Mail Media, Inc.*, 575 F. Supp. 3d 479, 484 & n.5 (S.D.N.Y. 2021) (proceeding to consider pending motion to dismiss where Amended Complaint included few substantive changes); *see also L'Amore Consulting LLC v. SBS Servs., Inc.*, 2024 WL 3925953, at *2 (S.D.N.Y. Aug. 23, 2024) (considering motion in light of new allegations in amended complaint); *eShares, Inc. v. Talton*, 727 F. Supp. 3d 482, 487 n.1 (S.D.N.Y. 2024); *Holley v. City of New York*,

5

2024 WL 3519795, at *1 (S.D.N.Y. Jan. 29, 2024); *Rodriguez v. Palmer*, 2023 WL 8603124, at *1 (S.D.N.Y. Dec. 12, 2023). This "sound approach [] promotes judicial economy by obviating the need for multiple rounds of briefing." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020).

Similarly, courts in this district proceed to evaluate pending fully briefed motions where the changes in the amended complaint are largely procedural. *See Ikigai Mktg. Works LLC v. Brofsky*, 2025 WL 1183975, at *2 (S.D.N.Y. Apr. 23, 2025) (proceeding to consider motion to dismiss first amended complaint in light of second amended complaint, where changes focused on "properly alleg[ing] diversity of citizenship"); *Steward v. Napoli*, 2025 WL 2494431, at *3 (S.D.N.Y. July 31, 2025). Naming the Grand Slams as defendants, identifying conduct specific to those defendants, and making other non-substantive updates to the ranking status of Player Plaintiffs are all procedural updates that do not affect the pending motions. Similarly, ATP and WTA's motions raise procedural issues specific to them as defendants that are unaffected by the proposed changes in Plaintiffs' Second Amended Complaint. There is plainly no need to restart a lengthy briefing schedule yet again.

To start, the factual allegations referred to in ATP and WTA's motions to transfer venue and compel arbitration remain unchanged in the proposed Second Amended Complaint. WTA's motion to compel arbitration focuses on the language of the WTA Rulebook, which the WTA claims require the female Plaintiffs' claims to be arbitrated. *See* Dkt. 116 at 7–11. Similarly, ATP's motion to transfer venue focuses on the language of the ATP Bylaws, which ATP claims require the male Plaintiffs' claims to be dismissed or severed and transferred to Delaware. *See* Dkt. 121 at 5–18. The proposed Second Amended Complaint does not affect those arguments.

Similarly, the proposed Second Amended Complaint does not affect ATP and WTA's other

motions to dismiss: ATP seeks to dismiss the WTA Players' claims against it, WTA seeks to dismiss the ATP Players' claims against it, and both parties seek to dismiss the PTPA. *See* Dkt. 116 at 11–15; Dkt. 121 at 18–26; Dkt. 119. ATP's motion to dismiss the WTA Players' claims and WTA's motion to dismiss the ATP Players' claims both focus on the propriety of Plaintiffs' claims against them as defendants; the addition of the Grand Slams as defendants does not affect their arguments that certain claims against the ATP and WTA should be dismissed. Similarly, their argument that the PTPA cannot bring these claims does not depend on the identity of the defendants in the case; naming the Grand Slams as defendants does not affect their argument that the PTPA lacks standing. Because Plaintiffs' proposed changes have not changed the substance of the allegations against ATP and WTA, for the sake of judicial economy, this Court should proceed to rule on their motions to dismiss.[2]

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' Motion for Leave to File a Second Amended Complaint and should take under consideration Defendants' outstanding motions in light of the Second Amended Complaint.

---

[2] Defendants filed a letter announcing a "reservation" of their rights to oppose Plaintiffs' motion to amend the complaint *and* to file supplemental briefs in support of the operative motions or seek new briefing on entirely new motions. Dkt. 134. For the reasons set forth above, the Second Amended Complaint does not alter the substance of Plaintiffs' claims against ATP or WTA and Plaintiffs do not see any legitimate basis for supplemental briefing, much less a re-start.

DATED:  September 22, 2025                  Respectfully submitted,
        New York, New York


                                            By:     */s/ Andrew S. Tulumello*
                                                    Andrew S. Tulumello

                                            Andrew S. Tulumello (admitted *pro hac vice*)
                                            Meagan Bellshaw (admitted *pro hac vice*)
                                            **WEIL, GOTSHAL & MANGES LLP**
                                            2001 M Street NW, Suite 600
                                            Washington, D.C.
                                            Tel: (202) 682-7100
                                            Fax: (202) 857-0940
                                            drew.tulumello@weil.com
                                            meagan.bellshaw@weil.com

                                            Luna N. Barrington
                                            Zachary A. Schreiber
                                            Nicholas J. Reade
                                            **WEIL, GOTSHAL & MANGES LLP**
                                            767 Fifth Avenue
                                            New York, NY 10153
                                            Tel: (212) 310-8000
                                            Fax: (212) 310-8007
                                            luna.barrington@weil.com
                                            zach.schreiber@weil.com
                                            nick.reade@weil.com

                                            James W. Quinn
                                            **JW QUINN ADR LLC**
                                            767 Fifth Avenue
                                            Suite RP4
                                            New York, NY 10153
                                            Tel: (646) 465-3607
                                            Fax: (646) 219-1977
                                            quinn@jwquinnlaw.com

                                            *Counsel for Plaintiffs*