```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/25/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VASEK POSPISIL, et al.,

                        Plaintiffs,

-against-

ATP TOUR, INC., et al.,

                        Defendants.

25-CV-02207 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On September 22, 2025, Plaintiffs moved for leave pursuant to Federal Rule of Civil Procedure 15(a)(2) to file a Second Amended Complaint. *See* Dkt. Nos. 135–37. Plaintiffs seek to amend their Complaint to: (i) add the owners and operators of the four largest professional tennis tournaments as Defendants (the "Grand Slam Defendants"); (ii) add factual allegations concerning the Grand Slam Defendants; and (iii) update certain outdated factual information in the Complaint. *See* Dkt. No. 136 at 2.

Because Plaintiffs seek to amend components of the Complaint and add new parties, the Court's analysis is governed by Federal Rules of Civil Procedure 15(a)(2) and 21. *Wood v. Mike Bloomberg 2020, Inc.*, 343 F.R.D. 470, 473 (S.D.N.Y. 2023). Under Federal Rule of Civil Procedure 15(a)(2) the Court must "freely give leave [to amend] when justice so requires." The standard under Rule 15(a)(2) is a "liberal and permissive standard, and the only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, [or] futility." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (internal references omitted). The same standard applies to motions to add parties pursuant to Rule 21. *Wood*, 343 F.R.D. at 4723.

1

Plaintiffs' proposed Second Amended Complaint satisfies the liberal standard under Rules 15(a)(2) and 21.  *First*, Plaintiffs' motion is timely.  On June 24, 2025, Plaintiffs informed the Court that they intended to name the Grand Slam owners and operators as defendants but stated that they would refrain from doing so for 90 days in order to continue conferring with those prospective defendants.  *See* Dkt. No. 108.  90 days later, Plaintiffs moved for leave to file the Second Amended Complaint.  *See* Dkt. No. 135.  Thus, Plaintiffs have shown no "undue delay" in filing the proposed amendments.  *Second*, the Court sees no indication of bad faith, dilatory motive, or futility; Plaintiffs have long held that the Grand Slam Defendants were relevant to this case and previously named them as "Co-Conspirators" to the current Defendants.  *See* Dkt. No. 109 ¶ 6.  Accordingly, Plaintiffs' motion is GRANTED.  Plaintiffs are directed to file their Second Amended Complaint by no later than **September 29, 2025**.

It appears to the Court that the addition of the Grand Slam Defendants does not substantively change the allegations against the current Defendants.  However, given Defendants' request to permit supplemental briefings if the Court allowed Plaintiffs to file a Second Amended Complaint, *see* Dkt. No. 134, the Court will permit the current Defendants to submit supplemental briefings to the extent necessary to address any new allegations relevant to the current Defendants.  To that end, the parties are directed to meet and confer and submit a joint status letter by no later than **October 3, 2025** that (i) states whether the current Defendants believe that any supplemental briefing is required, and (ii) if so, provides a proposed schedule for any supplemental briefings.

The Clerk of Court is respectfully directed to terminate Dkt. No. 135.

Dated: September 25, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge