

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

October 3, 2025

Bradley I. Ruskin
Member of the Firm
d +1.212.969.3465
f 212.969.2900
bruskin@proskauer.com
www.proskauer.com

**BY ECF**

The Honorable Margaret M. Garnett
United States District Judge
40 Foley Square, Room 2102
New York, NY 10007

Re:    ***Pospisil, et al. v. ATP Tour, Inc., et al.*, No. 1:25-cv-02207-MMG (S.D.N.Y.)**

Dear Judge Garnett:

Plaintiffs Vasek Pospisil, Nicholas Kyrgios, Anastasia Rodionova, Nicole Melichar-Martinez, Saisai Zheng, Sorana Cîrstea, John-Patrick Smith, Noah Rubin, Aldila Sutjiadi, Varvara Gracheva, Tennys Sandgren, Sachia Vickery, Nicolas Zanellato, and Reilly Opelka, on behalf of themselves and all others similarly situated, and The Professional Players Association ("Plaintiffs") and Defendants ATP Tour, Inc. ("ATP"), and WTA Tour, Inc. ("WTA") (together, the "Tour Defendants"), submit this joint letter pursuant to Your Honor's September 25, 2025 Order Granting Plaintiffs' Motion to File Second Amended Complaint, and directing the parties to submit a letter which "(i) states whether the current Defendants believe that any supplemental briefing is required, and (ii) if so, provides a proposed schedule for any supplemental briefings."  ECF No. 138 at 2.

**_Tour Defendants' Position_**

In their motion for leave to file the Second Amended Complaint (the "SAC"), Plaintiffs represented to the Court that "Naming the Grand Slams as defendants, identifying conduct specific to those defendants, and making other non-substantive updates to the ranking status of Player Plaintiffs are all procedural updates that do not affect the pending motions" and that "ATP and WTA's motions raise procedural issues specific to them as defendants that are unaffected by the proposed changes in Plaintiffs' Second Amended Complaint."  ECF No. 136 at 6.  In light of these representations, and in order to determine whether supplemental briefing would be necessary, the Tour Defendants asked Plaintiffs to confirm their agreement that the SAC does not affect the pending motions by stipulating to the following: "(1) The new allegations in the Second Amended Complaint and the joinder of the Grand Slams as defendants have no bearing on the legal or factual analysis regarding any of the Tour Defendants' pending motions (ECF Nos. 115, 118, and 120), and should not affect the resolution of any of those motions" and "(2) Neither Plaintiffs nor the Tour Defendants will argue that Plaintiffs' claims or allegations against the Grand Slams, or the Grand Slams being named as Defendants, are in any way relevant to resolution of any of the Tour Defendants' pending motions, including to Plaintiffs' oppositions to those motions, at any oral



Judge Garnett
October 3, 2025
Page 2

argument on the pending motions or otherwise."  Earlier this afternoon, Plaintiffs confirmed that they *do* intend to use the joinder of additional defendants to oppose ATP's and WTA's motions.

Also, if the Tour Defendants had been given an opportunity to respond to Plaintiffs' noticed motion for leave to amend, the Tour Defendants would have requested that the Court rule on the fully-briefed and pending motions to dismiss and to compel arbitration, which may result in dismissal of the entirety of this matter from this Court, before granting leave to further amend the complaint and join additional defendants.  Defendants' motions should be granted notwithstanding the new allegations in the Second Amended Complaint and the joinder of the Grand Slams as defendants. But, any consideration of the addition of the Grand Slams as defendants on legal or factual issues in Defendants' motions would be premature given the current procedural posture of the case.  The Grand Slam defendants have not yet been served, may contest jurisdiction, may seek enforcement of their own forum-selection clauses, and may bring other motions and raise other defenses, any of which may result in dismissal.  Nonetheless, given Plaintiffs' intent to argue that the joinder of the Grand Slam defendants supports denial of ATP's and WTA's motions (an argument relegated to a footnote in their Opposition to ATP's Motion to Dismiss (ECF No. 128 at 2) which addressed the potential joinder of the Grand Slams as defendants in the hypothetical), the Tour Defendants request supplemental briefing on that topic, now that the joinder of the Grand Slams as defendants is no longer hypothetical, in order to avoid learning for the first time at oral argument the exact manner in which Plaintiffs plan to use the new defendants and/or allegations to support their oppositions to the pending motions.

Should the Court grant the Tour Defendants' request for supplemental briefing, the Tour Defendants and Plaintiffs have agreed to the following schedule: ATP and WTA are to file a supplemental brief not exceeding 2,000 words on October 13, 2025; Plaintiffs may submit an opposition not exceeding 2,000 words on October 20, 2025; ATP and WTA may file a reply not exceeding 1,000 words on October 27, 2025.

### *Plaintiffs' Position*

Plaintiffs have repeatedly represented to the Tour Defendants and this Court that we do not believe that adding the Grand Slams as Defendants has any bearing on the resolution of the Tour Defendants' pending motions. *See* ECF No. 128; *see also* Ex. A (email chain between Tour Defendants and Plaintiffs). Indeed, Plaintiffs have confirmed that we will not raise any new arguments concerning the Grand Slams at oral argument on the pending motions. *See* Ex. A (Plaintiffs' Proposal: "Neither Plaintiffs nor the Tour Defendants will advance any argument not already included in their briefs at oral argument on the pending motions.").

Plaintiffs' most recent proposed language for the joint stipulation was:

1. The new allegations pertaining to the Grand Slams in Plaintiffs' Second Amended Complaint have no bearing on the legal or factual analysis regarding any of the Tour Defendants' pending motions (ECF Nos. 115, 118, and 120) and should not affect the resolution of any of those motions.

**Proskauer》》**

Judge Garnett
October 3, 2025
Page 3

2.  Neither Plaintiffs nor the Tour Defendants will advance any argument not already included in their briefs at oral argument on the pending motions.

At this point, Plaintiffs have no idea why the ATP and WTA believe any additional briefing is warranted to address the new allegations pertaining to the Grand Slams. Plaintiffs did not "confirm[] that they *do* intend to use the joinder of additional defendants to oppose ATP's and WTA's motions," as Defendants suggest. Rather, Plaintiffs made clear that our opposition brief stated that "if and when the Grand Slam Co-Conspirators are added as Defendants, those claims will be litigated in this District as well." D.I. 128 at 2; *see* Ex. A. Plaintiffs simply wanted to ensure that this argument, raised in their original briefing, could be noted at oral argument. This hardly seems to be an issue warranting a supplemental brief. The Court and all parties recognize that the Slams have the right to file motions to dismiss, transfer, etc., and that if those are denied, the litigation will proceed here.

Respectfully submitted,

*/s/ Bradley I. Ruskin*
Bradley I. Ruskin
**PROSKAUER ROSE LLP**
Eleven Times Square
New York, NY 10036
Tel: (212) 969-3000
bruskin@proskauer.com

*Counsel for Defendant ATP Tour, Inc.*

cc: All counsel of record