## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vasek Pospisil, Nicholas Kyrgios, Anastasia Rodionova, Nicole Melichar-Martinez, Saisai Zheng, Sorana Cîrstea, John-Patrick Smith, Noah Rubin, Aldila Sutjiadi, Varvara Gracheva, Tennys Sandgren, Sachia Vickery, Nicolas Zanellato, and Reilly Opelka, on behalf of themselves and all others similarly situated, <br><br> -and- <br><br> The Professional Tennis Players Association, <br><br>        Plaintiffs, <br><br>   vs. <br><br> ATP Tour, Inc., WTA Tour, Inc., Tennis Australia Limited, Fédération Française de Tennis, All England Lawn Tennis Club (Championships) Limited, and United States Tennis Association Incorporated, <br><br>       Defendants. | Case No. 25-cv-2207 (MMG) <br><br> **ORAL ARGUMENT REQUESTED** |

## DEFENDANTS FÉDÉRATION FRANÇAISE DE TENNIS AND THE ALL ENGLAND LAWN TENNIS CLUB (CHAMPIONSHIPS) LIMITED'S MEMORANDUM IN SUPPORT OF THEIR JOINT MOTION TO DISMISS FOR FAILURE TO ESTABLISH PERSONAL JURISDICTION

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

BACKGROUND .................................................................................................................... 2

LEGAL STANDARD ............................................................................................................ 3

ARGUMENT ......................................................................................................................... 3

I.  Plaintiffs Fail To Allege Facts Sufficient To
    Establish A Statutory Basis For Jurisdiction Over AELTC And FFT ............................... 3

    A.  The Clayton Act Does Not Confer Jurisdiction Over AELTC Or FFT ................. 4

        1.  AELTC And FFT Are Not Corporations ................................................... 4

        2.  AELTC And FFT Are Not Inhabitants Of,
            Nor Found In, Nor Transact Business In This District .............................. 6

    B.  New York's Long-Arm Statute
        Does Not Confer Personal Jurisdiction Over AELTC Or FFT ............................. 8

II. Plaintiffs Fail To Allege Facts Sufficient
    To Establish Compliance With Constitutional Due Process ............................................. 14

    A.  AELTC And FFT Are Not "At Home" In The United States ............................... 15

    B.  AELTC And FFT Do Not Plead The Requirements
        To Demonstrate A Sufficient Nexus With The United States ............................. 16

    C.  Exercising Jurisdiction Over AELTC
        And FFT Would Offend Notions Of Fair Play And Substantial Justice .............. 17

CONCLUSION ..................................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*79th Grp., Inc. v. Moore*,
   No. 23-cv-02521, 2024 WL 36992 (S.D.N.Y. Jan. 3, 2024) ....................................................3

*Aaron Consulting Co. v. Snap Sols. LLC*,
   No. 16-cv-6775, 2018 WL 4568800 (E.D.N.Y. Sept. 24, 2018) ...........................................10

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
   529 F. Supp. 3d 111 (S.D.N.Y. 2019)..................................................................................7, 16

*In re Aluminum Warehousing Antitrust Litig.*,
   90 F. Supp. 3d 219 (S.D.N.Y. 2015)........................................................................................7

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
   480 U.S. 102 (1987)................................................................................................................18

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007)......................................................................................................8

*Boyce v. Cycle Spectrum, Inc.*,
   148 F. Supp. 3d 256 (E.D.N.Y. 2015) ...................................................................................14

*Brown v. Showtime Networks, Inc.*,
   394 F. Supp. 3d 418 (S.D.N.Y. 2019)..............................................................................16, 17

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018)..................................................................................................3, 10

*City of Long Beach v. Total Gas & Power N. Am.*,
   465 F. Supp. 3d 416 (S.D.N.Y. 2020)...................................................................................16

*City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Sec. Corp.*,
   92 F.4th 381 (2d Cir. 2024) (*Treasuries*).........................................................................5, 12

*Clean Coal Techs., Inc. v. Leidos, Inc.*,
   377 F. Supp. 3d 303 (S.D.N.Y. 2019)...................................................................................10

*Contant v. Bank of Am. Corp.*,
   385 F. Supp. 3d 284 (S.D.N.Y. 2019)...................................................................................17

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)..........................................................................................................15, 16

*Daniel v. Am. Bd. of Emergency Med.*,
   428 F.3d 408 (2d Cir. 2005)......................................................................................................6

*Doron Precision Sys., Inc. v. FAAC, Inc.*,
    423 F. Supp. 2d 173 (S.D.N.Y. 2006).................................................................5

*Fuld v. Palestine Liberation Org.*,
    606 U.S. 1 (2025)....................................................................................14, 15

*GovernmentGPT Inc. v. Axon Enter. Inc.*,
    769 F. Supp. 3d 959 (D. Ariz. 2025) .................................................................4

*Gucci Am., Inc. v. Bank of China*,
    768 F.3d 122 (2d Cir. 2014)............................................................................15

*Herlihy v. Sandals Resorts Int'l, Ltd.*,
    795 Fed. Appx. 27 (2d Cir. 2019).....................................................................17

*HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*,
    No. 20-cv-00967, 2021 WL 918556 (S.D.N.Y. Mar. 10, 2021).............................9

*Hussein v. Dahabshiil Transfer Services Ltd.*,
    230 F. Supp. 3d 167 (S.D.N.Y. 2017)..............................................................12

*Ins. Co. of N. Am. v. Marina Salina Cruz*,
    649 F.2d 1266 (9th Cir. 1981) ........................................................................19

*Kazanjian Bros. v. Jaziri*,
    No. 14-cv-05625, 2015 WL 438293 (C.D. Cal. Feb. 3, 2015) ..............................19

*Kingsepp v. Wesleyan Univ.*,
    763 F. Supp. 22 (S.D.N.Y. 1991)..................................................................4, 6

*Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*,
    26 F. Supp. 2d 593 (S.D.N.Y. 1998)................................................................18

*Lehigh Valley Indus., Inc. v. Birenbaum*,
    527 F.2d 87 (2d Cir. 1975)..............................................................................11

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013)............................................................................18

*Mareno v. Rowe*,
    910 F.2d 1043 (2d Cir. 1990)..........................................................................13

*Moussaoui v. Bank of Beirut and the Arab Countries*,
    No. 22-cv-6137, 2023 WL 5977239 (S.D.N.Y Sept. 14, 2023) .............................9

*NewMarkets Partners LLC v. Oppenheim*,
    638 F. Supp. 2d 394 (S.D.N.Y. 2009)..............................................................13

*Nixon v. Inquisitr Ltd.*,
    No. 20-cv-1819, 2021 WL 3667154 (E.D.N.Y. Aug. 17, 2021) ...............................................3

*Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*,
    No. 24-cv-00744, 2025 WL 3022826 (S.D.N.Y. Oct. 29, 2025).................................15, 16, 18

*P&L Dev., LLC v. Gerber Prods. Co.*,
    715 F. Supp. 3d 435 (E.D.N.Y. 2024) .............................................................................11, 12

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
    609 F.3d 30 (2d Cir. 2010).................................................................................................3

*PharmacyChecker.com, LLC v. Nat'l Ass'n of Boards of Pharmacy*,
    530 F. Supp. 3d 301 (S.D.N.Y. 2021)................................................................................14

*Porina v. Marward Shipping Co.*,
    521 F.3d 122 (2d Cir. 2008)...............................................................................................14

*S.F. Comprehensive Tours, LLC v. Tripadvisor, LLC*,
    No. 20-cv-02117, 2021 WL 4394253 (D. Nev. Sep. 24, 2021)................................................5

*Shat Acres Highland Cattle, LLC, v. Am. Highland Cattle Ass'n*,
    No. 21-cv-1348, 2023 WL 7089906 (D. Colo. Oct. 26, 2023)................................................4

*SPV OSUS Ltd. v. UBS AG*,
    114 F. Supp. 3d 161 (S.D.N.Y. 2015).................................................................................19

*In re SSA Bonds Antitrust Litig.*,
    420 F. Supp. 3d 219 (S.D.N.Y. 2019)......................................................................... *passim*

*Tera Grp., Inc. v. Citigroup, Inc.*,
    No. 17-cv-4302, 2018 WL 4732426 (S.D.N.Y. Sept. 28, 2018) ....................................3, 9, 11

*In re Terrorist Attacks on Sept. 11, 2001*,
    714 F.3d 659 (2d Cir. 2013)................................................................................................3

*Waldman v. Palestine Liberation Org.*,
    835 F.3d 317 (2d Cir. 2016)...............................................................................................3

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*,
    127 F. Supp. 3d 156 (S.D.N.Y. 2015).................................................................................5

*Wiwa v. Royal Dutch Petroleum Co.*,
    226 F.3d 88 (2d Cir. 2000)...............................................................................................19

*World Skating Fed'n v. Int'l Skating Union*,
    357 F. Supp. 2d 661 (S.D.N.Y. 2005)...................................................................4, 5, 10, 17

*Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*,
No. 00-cv-5663, 2001 WL 1468168 (S.D.N.Y. Nov. 19, 2001)..............................................11

**Statutes**

15 U.S.C. § 22.......................................................................................................... *passim*

**Other Authorities**

N.Y. C.P.L.R. § 302.................................................................................................. *passim*

Defendants The All England Lawn Tennis Club (Championships) Limited ("AELTC") and Fédération Française de Tennis ("FFT") respectfully move under Federal Rule of Civil Procedure 12(b)(2) to dismiss all claims asserted against them in the Second Amended Complaint ("SAC") for lack of personal jurisdiction. This Motion is being filed concurrently with a separate Rule 12(b)(6) motion to dismiss filed on behalf of AELTC, FFT, and Defendant United States Tennis Association Incorporated ("USTA").

## INTRODUCTION

It is clear on the face of the SAC that AELTC and FFT lack the ties to New York necessary to establish personal jurisdiction. AELTC is a U.K. entity that runs the Wimbledon tennis tournament in London, England. FFT is a French association that runs two tennis tournaments, the French Open (officially known as Roland-Garros) and the Paris Masters, in Paris, France. The SAC contains no allegation that either AELTC or FFT have offices, employees, or tennis tournaments in New York or anywhere else in the United States. On those basic, undisputed facts, it is clear this Court lacks personal jurisdiction over AELTC and FFT. The only allegations (insufficient as they may be) related to AELTC and FFT that concern the United States relate to their purported marketing, advertising, and promotional activities and licensing of television broadcasting rights. But these allegations lack any specificity and are unrelated to the alleged misconduct or Plaintiffs' purported injuries, which center around professional tennis players' prize money, permissible or available sources of compensation, and working conditions. Because the SAC fails on its face to establish any statutory basis for personal jurisdiction, and fails to satisfy the requirements of due process, all claims against AELTC and FFT should be dismissed under Federal Rule of Civil Procedure 12(b)(2).

## BACKGROUND[1]

AELTC is registered in London, United Kingdom, with a principal place of business in London, United Kingdom. SAC ¶ 46. AELTC owns, operates, and organizes the Wimbledon Championships. *Id.* ¶ 46. Plaintiffs do not allege that AELTC has any offices, other real property, or employees in New York or the United States or that AELTC owns, operates, or organizes any tennis tournaments in New York or the United States. Plaintiffs employ group pleading to allege that "Defendants" "transact substantial business in the State of New York" and committed tortious acts in or that caused injury within New York, *id.* ¶¶ 51–52, however, they make no factual allegations of any specific business or tortious conduct (or any actions at all) committed by AELTC within New York.

Plaintiffs allege that FFT "is registered in France with its principal place of business in Paris, France." *Id.* ¶ 44. FFT owns, operates, and organizes two tennis tournaments in Paris, France—the French Open and the Paris Masters. *Id.* ¶¶ 44–45. Plaintiffs do not allege that FFT has any offices, other real property, or employees in New York or the United States or that FFT owns, operates, or organizes any tennis tournaments in New York or the United States. While Plaintiffs employ group pleading to allege that "Defendants" "transact substantial business in the State of New York" and committed tortious acts in or that caused injury within New York, *id.* ¶¶ 51–52, they make no factual allegations of any specific business or tortious conduct (or any actions at all) committed by FFT within New York.

---

[1] To avoid duplication with the Grand Slam Defendants' Memorandum in Support of their Joint Motion to Dismiss the Second Amended Complaint ("Grand Slam Defendants' Joint Brief"), filed concurrently, AELTC and FFT limit this section to additional background facts relevant to their motion to dismiss for lack of personal jurisdiction.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of claims against a defendant when the court lacks personal jurisdiction. Plaintiffs bear the burden of demonstrating personal jurisdiction over *each* defendant. *Tera Grp., Inc. v. Citigroup, Inc.*, No. 17-cv-4302, 2018 WL 4732426, at *2 (S.D.N.Y. Sept. 28, 2018).[2] Plaintiffs can meet this burden only upon "a prima facie showing that jurisdiction exists." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010). "This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013). Conclusory allegations of jurisdiction "are insufficient to establish that the court has personal jurisdiction." *Nixon v. Inquisitr Ltd.*, No. 20-cv-1819, 2021 WL 3667154, at *3 (E.D.N.Y. Aug. 17, 2021). Plaintiffs' obligation to demonstrate personal jurisdiction is both claim- and defendant-specific; group pleading is prohibited. *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 83 (2d Cir. 2018); *Tera Grp.*, 2018 WL 4732426, at *2.

**ARGUMENT**

Personal jurisdiction requires that (i) there is a "statutory basis for personal jurisdiction" and (ii) "the exercise of personal jurisdiction . . . comport[s] with constitutional due process principles." *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016). Plaintiffs' SAC falls far short of pleading these requirements for AELTC and FFT.

**I.    Plaintiffs Fail To Allege Facts Sufficient
       To Establish A Statutory Basis For Jurisdiction Over AELTC And FFT**

A court may not exercise personal jurisdiction over a defendant absent a statutory basis. *79th Grp., Inc. v. Moore*, No. 23-cv-02521, 2024 WL 36992, at *5 (S.D.N.Y. Jan. 3, 2024).

---

[2] Unless otherwise stated, internal citations and quotes are omitted.

Plaintiffs do not allege a statutory basis for the Court to exercise personal jurisdiction over AELTC and FFT. *See* SAC ¶¶ 50–55 (allegations pertaining to personal jurisdiction). As explained below, nor can Plaintiffs concoct statutory jurisdiction over AELTC and FFT pursuant to (i) Section 12 of the Clayton Act, 15 U.S.C. § 22 or (ii) New York's long-arm statute, N.Y. C.P.L.R. § 302.

### A.     The Clayton Act Does Not Confer Jurisdiction Over AELTC Or FFT

### 1.     AELTC And FFT Are Not Corporations

Section 12 of the Clayton Act provides a statutory basis for personal jurisdiction only in antitrust suits "against a *corporation*." 15 U.S.C. § 22 (emphasis added); *see also World Skating Fed'n v. Int'l Skating Union*, 357 F. Supp. 2d 661, 664 (S.D.N.Y. 2005) ("Although section 12 is not without its ambiguities, it is clear that the provision is directed only to corporations and that it does not apply to other entities that simply share common attributes with corporations."). AELTC, however, is not a corporation but a "limited" company formed under the laws of the United Kingdom. *See* SAC ¶ 46. Similarly, FFT is not a corporation but an association formed under the laws of France. *See id.* ¶ 44, 100. Both AELTC and FFT are therefore outside the reach of the jurisdiction-conferring provision of Section 12. *See, e.g.*, *World Skating Fed'n*, 357 F. Supp. 2d at 664–65 (holding that Section 12 did not apply to an unincorporated sports body—the International Skating Union, a Swiss association—because "it is clear that [Section 12] is directed only to corporations"); *Kingsepp v. Wesleyan Univ.*, 763 F. Supp. 22, 25 (S.D.N.Y. 1991) (collecting cases in which courts limited the application of Section 12 to corporations only and refusing to apply Section 12 to an entity that had "some of the attributes of a corporation"); *GovernmentGPT Inc. v. Axon Enter. Inc.*, 769 F. Supp. 3d 959, 979 (D. Ariz. 2025) (holding that Section 12 did not apply to a limited liability company "[b]ased upon the statute's plain language"); *Shat Acres Highland Cattle, LLC, v. Am. Highland Cattle Ass'n*, No. 21-cv-1348, 2023 WL 7089906, at *3 n.3 (D. Colo.

Oct. 26, 2023) (holding that Section 12 applies only to corporations); *S.F. Comprehensive Tours, LLC v. Tripadvisor, LLC*, No. 20-cv-02117, 2021 WL 4394253, at * 5 (D. Nev. Sep. 24, 2021) (holding that Section 12 did not apply to a limited liability company).

Plaintiffs label AELTC and FFT as "corporation[s]" in some parts of their SAC. SAC ¶¶ 44, 46, 100, 102. But these "mere labels" are not only insufficient (and incorrect[3]), *City of Pontiac Police & Fire Ret. Sys. v. BNP Paribas Sec. Corp.*, 92 F.4th 381, 390 (2d Cir. 2024) (*Treasuries*) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), they are contradicted by the SAC. For AELTC, its business structure is plainly stated in its name: The "All England Lawn Tennis Club (Championships) *Limited*." SAC ¶ 46 (emphasis added). For FFT, the SAC (correctly) recognizes that "FFT is a non-profit sports association." *Id.* ¶ 100. Plaintiffs' attempt to characterize AELTC and FFT as anything else is therefore unavailing, and courts regularly reject attempts to define other entities as corporations for purposes of Section 12's jurisdictional provision. *See, e.g.*, *World Skating Fed'n*, 357 F. Supp. 2d at 664–65 (rejecting plaintiff's argument that Section 12 should apply to a Swiss association whose structure was purportedly similar to an American corporation

---

[3] A simple search for "The All England Lawn Tennis Club (Championships) Limited" on the UK Government Company Register confirms that AELTC is a "Private limited Company" and not a corporation. *See The All England Lawn Tennis Club (Championships) Limited*, UK Government Company Registry, https://find-and-update.company-information.service.gov.uk/company/07546773 [https://perma.cc/98US-3LZF] (last visited Dec. 21, 2025). The Court can take judicial notice of "documents retrieved from official government websites." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015). Likewise, FFT's structure as an association is also confirmed by the simplest of internet searches. *See, e.g.*, *Privacy Policy*, Rolex Paris Masters 2026, https://www.rolexparismasters.com/en/privacy-policy [https://perma.cc/L2LZ-FPUH] (last visited Dec. 21, 2025) (describing FFT as "an association governed by [French] law of July 1st, 1901"). The Court can also take judicial notice of this fact as it is on a website owned and operated by FFT. *See, e.g.*, *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination.").

because "Section 12, as written, and as interpreted, does not apply to entities that simply share common attributes with corporations" despite broader application of other statutes); *Kingsepp*, 763 F. Supp. at 25–26 ("[T]his Court will not interpret the term 'corporation' in a statute restricting federal jurisdiction as encompassing a trust with some of the attributes of a corporation."). In any event, Plaintiffs do not plead that the business structure of either FFT or AELTC is the functional equivalent of a corporation.

**2.    AELTC And FFT Are Not Inhabitants Of,
Nor Found In, Nor Transact Business In This District**

Even if Section 12 of the Clayton Act were applicable to both AELTC and FFT—it is not—it would not provide a statutory basis to confer personal jurisdiction over either Defendant. Plaintiffs would still need to demonstrate individually for each of AELTC and FFT that it (i) is an inhabitant of, (ii) transacts business in, or (iii) is found in the Southern District of New York. 15 U.S.C. § 22; *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 422 (2d Cir. 2005) ("[W]e are obliged to conclude that [the Clayton Act's] service of process provision can properly confer personal jurisdiction over a defendant only when the action is brought in the district where the defendant resides, is found, or transacts business, that is, the district where Section 12 venue lies."); *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d 219, 229–30 (S.D.N.Y. 2019) (applying the rule as stated in *Daniel*). Plaintiffs do not and cannot establish any of these bases for personal jurisdiction.

*(i) Inhabitant*. Plaintiffs do not allege that either AELTC or FFT is an inhabitant of the Southern District of New York, as they are not incorporated here. *See In re SSA Bonds*, 420 F. Supp. 3d at 230 n.4 ("For a corporation, 'inhabitant' means its place of incorporation."); SAC ¶ 46 (AELTC is "registered in London, United Kingdom, with its principal place of business located at Church Road, Wimbledon, London SW19 5AE, United Kingdom."); *id.* ¶ 44 (FFT is "registered

6

in France with its principal place of business at Stade Roland-Garros, 2 Avenue Gordon Bennett, 75016 Paris, France.").

*(ii) Transacts business.* "[T]ransact[ing] business" in the Southern District of New York involves "the practical, everyday business or commercial concept of doing business or carrying on business of any substantial character." *In re SSA Bonds*, 420 F. Supp. 3d 219, 230 (S.D.N.Y. 2019). It requires "some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district." *Id.* Beyond the conclusory and group pleaded allegation that "Defendants" generally "transact substantial business in the State of New York, including in this District," SAC ¶ 51, Plaintiffs do not make a single specific allegation that AELTC or FFT transacted *any* business in the District, *see infra* I.B., let alone of the "amount of business continuity" in the District necessary to satisfy the "transacts business" standard of Section 12. Because Plaintiffs' conclusory and generic allegations concerning "Defendants" are insufficient to demonstrate that either AELTC or FFT does any manner of business in the District, they cannot satisfy the "transacting business" standard of Section 12. *See In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219, 235 (S.D.N.Y. 2015) ("plaintiffs must separately establish a sufficient basis for this Court's exercise of personal jurisdiction" under Section 12); *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 140, 143, 158–59 (S.D.N.Y. 2019) (declining to exercise personal jurisdiction where plaintiffs' allegations were conclusory); *In re SSA Bonds*, 420 F. Supp. 3d at 231 (finding that plaintiffs failed to provide any "factual corroboration" or information as to the individual defendants' "specific activities" in the district to satisfy the "transacts business" standard).

*(iii) Is found.* Finally, because Plaintiffs have failed to allege anything close to demonstrating that AELTC or FFT transact business in this District, neither AELTC nor FFT can

be said to be "found" in this District either. *See In re SSA Bonds*, 420 F. Supp. 3d at 230 n.5 ("To 'be found' in a district requires more than 'transacting business' there," with "more" meaning "proof of continuous local activities.").

### B. New York's Long-Arm Statute Does Not Confer Personal Jurisdiction Over AELTC Or FFT

New York's long-arm statute confers personal jurisdiction over an out-of-state defendant only if one of the following requirements is met: the out-of-state defendant (i) "transacts any business" or "contracts anywhere to supply goods or services in the state," N.Y. C.P.L.R. § 302(a)(1); (ii) commits a "tortious act within the state," *id.* § 302(a)(2); (iii) commits a "tortious act" outside of the state causing injury in the state, and either (iii.a) regularly engages in business or "derives substantial revenue from" the state or (iii.b) "expects or should reasonably expect the act to have consequences in the state," *id.* § 302(a)(3); or (iv) "owns, uses or possesses any real property" in the state, *id.* § 302(a)(4). Plaintiffs also must establish that the "cause of action aris[es] from" one of the above delineated acts. *Id.* § 302(a); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246–47 (2d Cir. 2007) (Plaintiffs must demonstrate that defendant engaged in "purposeful activity" in New York, i.e., "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum," and "some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted."). Plaintiffs' SAC contains no allegations sufficient to plead that any of these conditions are met for AELTC or FFT.

*(i) Transacts any business/contracts to supply goods/services.* As discussed above, Plaintiffs' SAC does not contain a single allegation specific to either AELTC or FFT that it transacts any business or supplies goods or services in New York.

Just as it is insufficient to satisfy Section 12 of the Clayton Act, Plaintiffs' broad conclusory group pleading that "Defendants . . . transact substantial business in the State of New York," SAC ¶ 51, is simply not enough under New York's long-arm statute. *See Moussaoui v. Bank of Beirut and the Arab Countries*, No. 22-cv-6137, 2023 WL 5977239 at *7 (S.D.N.Y Sept. 14, 2023) (finding no personal jurisdiction where the complaint pleaded only "broad allegations" without identifying "an alleged actual transaction made [in New York]"); *Tera Grp.*, 2018 WL 4732426, at *2–3 (holding that to allege personal jurisdiction over a defendant, "group pleading" is not permitted). Nor is their equally broad allegation that "each Defendant undertakes substantial marketing, advertising, and promotion of its product, which is the subject of this dispute, . . . in this District" enough. SAC ¶ 52; *see HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-cv-00967, 2021 WL 918556, at *15 (S.D.N.Y. Mar. 10, 2021) ("In relying only on group pleadings, in which it conflates multiple parties and fails to provide specific allegations, Plaintiff neglects its burden of establishing personal jurisdiction over each defendant."). Plaintiffs do not aver *any*—let alone "substantial"—marketing, advertising, and promotion activity undertaken *by AELTC or FFT* in New York. Moreover, Plaintiffs' allegation that AELTC and FFT have U.S. television rights deals, SAC ¶ 113, is not specific as to any business in New York.

Even if these allegations were tied to New York, they would be insufficient because Plaintiffs' claims do not "arise from" AELTC's and FFT's purported U.S.-based marketing, advertising, or promotional activities or television broadcasting. *See Moussaoui*, 2023 WL 5977239 at *7 (holding N.Y. C.P.L.R. § 302(a)(1) not met when "the instant claims d[id] not arise out of any *specific* transaction or business activity conducted by the defendants in New York" (emphasis in original)). Plaintiffs have brought an antitrust claim related to Defendants' alleged "complete control over the players' pay and working conditions." SAC ¶ 1. The SAC lacks any

allegation explaining how Defendants' purported U.S.-based marketing, advertising, and promotional activities or television broadcasting gives rise to Plaintiffs' complaints concerning players' pay and working conditions let alone how their "cause of action would not exist" without these activities. *World Skating Fed'n*, 357 F. Supp. 2d at 665; *see also id.* (rejecting the notion that television contracts entered into in New York sufficed to establish a *prima facie* case for jurisdiction under the New York long-arm statute); *Charles Schwab Corp.*, 883 F.3d at 84 (antitrust cause of action did not "arise from" forum contacts where defendant's business transactions "did not cause [the alleged anticompetitive conduct], nor did the transactions in some other way give rise to claims seeking to hold Defendants liable for those [claims]").

Plaintiffs thus fail to establish jurisdiction with respect to AELTC and FFT under Section 302(a)(1). *See Aaron Consulting Co. v. Snap Sols. LLC*, No. 16-cv-6775, 2018 WL 4568800 at *5 (E.D.N.Y. Sept. 24, 2018) (finding that "online advertising, even if directed at New York residents, is not sufficient to support the exercise of personal jurisdiction over a defendant" when there is not also "business transactions [in the state]" or "the defendant's permanence and continuity [in the state]").

*(ii) Commits a tortious act within New York.* Section 302(a)(2) "has been interpreted narrowly by the Second Circuit to require a defendant to be physically present in New York State when committing a tortious act." *Clean Coal Techs., Inc. v. Leidos, Inc.*, 377 F. Supp. 3d 303, 312 (S.D.N.Y. 2019). Plaintiffs do not allege that AELTC or FFT engaged in any act, much less an act that amounted to an antitrust violation, while "physically present" in New York. The closest Plaintiffs come to asserting any sort of purported tortious activity in New York is the allegation that "upon information and belief, Defendants ATP, WTA, USTA, and their co-conspirators have regularly met during the relevant period in the State of New York and in this District to agree to

the illegal and anticompetitive restraints in furtherance of the conspiracies alleged herein." SAC ¶ 54. This allegation, however, amounts to no more than conclusory, improper group pleading as to AELTC and FFT, *Tera Grp.*, 2018 WL 4732426, at *2 (determining that plaintiffs "fail[ed] to establish personal jurisdiction over each defendant" by conflating separate corporate entities), and is so lacking in specificity that it cannot be credited, *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93 (2d Cir. 1975) (indicating that the failure to allege "any facts" as to the details of an alleged meeting that took place is "totally insufficient to create tortious activity in New York"); *Yellow Page Sols., Inc. v. Bell Atl. Yellow Pages Co.*, No. 00-cv-5663, 2001 WL 1468168, at *8 (S.D.N.Y. Nov. 19, 2001) ("Absent a specific showing that these meetings served an unlawful end [such] allegations are totally insufficient to create tortious activity in New York.").

Additionally, Plaintiffs' apparent attempt to invoke AELTC's and FFT's alleged participation in the alleged conspiracy as a basis by which to confer jurisdiction also fails. *See* SAC ¶¶ 53–54. To establish personal jurisdiction using a "conspiracy" theory under 302(a)(2), Plaintiffs must demonstrate that both: (i) the defendant was "part of a conspiracy involving overt acts in New York," and (ii) "(a) the defendant had an awareness of the effects in New York of its activity; (b) the activity of the co-conspirators in New York was to the benefit of the out-of-state conspirators; and (c) the co-conspirators acting in New York acted at the direction or under the control, or at the request of or on behalf of the out-of-state defendant." *P&L Dev., LLC v. Gerber Prods. Co.*, 715 F. Supp. 3d 435, 453 (E.D.N.Y. 2024). Plaintiffs fail with respect to both prongs.

First, as discussed in the Grand Slam Defendants' Joint Brief, Plaintiffs fail to sufficiently allege that a conspiracy existed among the Defendants or that AELTC or FFT were participants in it, let alone that AELTC or FFT participated in a conspiracy that involved specific overt acts in New York. Instead, Plaintiffs rely on wholly conclusory allegations in the form of group pleading

11

that "Defendants . . . conspired with other entities and those entities took overt acts in furtherance

of the conspiracy in the State of New York," SAC ¶ 53, and that, "upon information and belief,"

USTA took "substantial overt actions in furtherance of its conspiracy with the other Defendants in

the State of New York," *id.* ¶ 54. Once again, Plaintiffs' conclusory allegations that merely parrot

the standard fall far short of resembling anything close to a factual basis sufficient to establish

jurisdiction. *See Treasuries*, 92 F.4th at 390 ("[M]ere 'labels and conclusions,' or 'naked

assertions' absent 'further factual enhancement'" will not suffice at the pleading stage) (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *P&L Dev., LLC*, 715 F. Supp. 3d at 455 ("Mere

speculation and conjecture do not suffice to assert conspiracy jurisdiction.").

      Second, even if Plaintiffs did plausibly allege a conspiracy in which AELTC or FFT were

participants involving overt acts in New York—they do not—there is not a single allegation

specific to AELTC or FFT that: (a) each was aware of any purported effects of the alleged

conspiracy in New York, (b) any action taken by any other Defendant or alleged co-conspirator

was taken in New York for the benefit of AELTC or FFT, or (c) any other Defendant or alleged

co-conspirator took any overt action in New York, let alone at AELTC's or FFT's direction or

request. *See Hussein v. Dahabshiil Transfer Services Ltd.*, 230 F. Supp. 3d 167, 176 (S.D.N.Y.

2017) (finding no conspiracy-based personal jurisdiction because the plaintiffs did not plausibly

allege that the defendants, who are part of a fund-transfer network, were "aware of the risk that

their network could be used to transfer funds to [a terrorist group]," i.e., the alleged conspiracy).

      Plaintiffs therefore fail to establish jurisdiction with respect to AELTC or FFT under

Section 302(a)(2). *See In re SSA Bonds*, 420 F. Supp. 3d at 234.

      *(iii) Committing a tortious act outside New York that causes injury within New York.* As

discussed above, the SAC does not contain a single, non-group pleaded allegation that AELTC or

FFT committed a tortious act in New York or anywhere else. N.Y. C.P.L.R. § 302(a)(3). Nor does the SAC contain a single, non-group pleaded allegation that AELTC or FFT "regularly does or solicits business, or engages in any other persistent course of conduct" in New York or "derives substantial revenue" from New York. *Id.* § 302(a)(3)(i).

Moreover, Section 302(a)(3) requires that the "situs of the injury" take place in New York. *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990). The situs of the injury "is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Id.* The SAC contains no such plausible allegation of an injury-causing "original event" in New York. Indeed, Plaintiffs have not alleged what or when that "original event" event was, let alone that it occurred within New York or involved participation by AELTC or FFT. *See In re SSA Bonds*, 420 F. Supp. 3d at 234 (finding no personal jurisdiction under Section 302(a)(3) because "Plaintiffs allege that the tort originated [in] London"). Instead, Plaintiffs allege that one player is a New York-resident, SAC ¶¶ 31, 54, but a plaintiff's location and purported lost profits in New York are insufficient to establish jurisdiction under the New York long-arm statute. *See NewMarkets Partners LLC v. Oppenheim,* 638 F. Supp. 2d 394, 402 (S.D.N.Y. 2009) ("The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York.") (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001)). Jurisdiction "must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there." *Id.* at 403; *see also Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir.1990) (an "injury does not occur within the state simply because the plaintiff is a resident").

13

Finally, because Plaintiffs fail to allege any injury occurring in New York, they certainly cannot allege that any such injury was foreseeable there under N.Y. C.P.L.R. § 302(a)(3)(ii). *See PharmacyChecker.com, LLC v. Nat'l Ass'n of Boards of Pharmacy*, 530 F. Supp. 3d 301, 323 (S.D.N.Y. 2021) (ruling that the plaintiff could not satisfy N.Y. C.P.L.R. § 302(a)(3)(ii) where it had "not articulated a non-speculative and direct injury to person or property in New York that goes beyond the simple economic losses that its New York-based business suffered").

*Owning real property in New York*. The SAC contains no allegation that either AELTC or FFT owns real property in New York. Plaintiffs therefore fail to establish jurisdiction with respect to AELTC or FFT under Section 302(a)(4). *PharmacyChecker.com*, 530 F. Supp. 3d at 327 (finding no personal jurisdiction under Section 302(a)(4), because "[plaintiff] does not allege that [defendant] owns property in New York").

## II.      Plaintiffs Fail To Allege Facts Sufficient To Establish Compliance With Constitutional Due Process

Because Plaintiffs cannot establish that personal jurisdiction is authorized by statute, the Court need not reach the due process analysis. *See PharmacyChecker.com*, 530 F. Supp. 3d at 321 (finding that because neither the Clayton Act nor the New York long-arm statute provided a basis for personal jurisdiction, there was no need to undertake the due process analysis); *Boyce v. Cycle Spectrum, Inc.*, 148 F. Supp. 3d 256, 270 (E.D.N.Y. 2015) (same).

If the Court were to reach the due process question, Plaintiffs would separately fail under that test. Plaintiffs fail to allege facts establishing that the assertion of personal jurisdiction over AELTC and FFT comports with "traditional notions of fair play and substantial justice." *See Porina v. Marward Shipping Co.*, 521 F.3d 122, 129 (2d Cir. 2008). The SAC does not satisfy this requirement, as reflected by a complete absence of pleading (i) that AELTC and FFT are "at home" in the United States, *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 12 (2025), or (ii) that either

has any sort of "meaningful relationship" or "meaningful nexus" with the United States, *see Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, No. 24-cv-00744, 2025 WL 3022826, at *5 (S.D.N.Y. Oct. 29, 2025) (concluding that following the Supreme Court's recent decision in *Fuld v. Palestine Liberation Org.*, plaintiffs must still plead a "meaningful relationship" or "meaningful nexus" between a foreign defendant and the forum to show that "the extraterritorial exercise of personal jurisdiction over a noncitizen defendant would be consistent with the Fifth Amendment").

### A.    AELTC And FFT Are Not "At Home" In The United States

Typically a court may exercise general jurisdiction over a company only in a forum where that corporation's contacts are "so continuous and systematic as to render [it] essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). In general, a company is "at home" in the forum in which it is incorporated or its principal place of business is located. *Id.* at 137. Neither AELTC or FFT are organized in the United States; Plaintiffs concede that AELTC is a U.K. company with its principal place of business in London, England, SAC ¶ 46, and FFT is a French association with a principal place of business in Paris, France, *id.* ¶ 44.

Moreover, this is not the kind of "exceptional case" that could warrant the exercise of general jurisdiction in a forum where a company is not incorporated or principally located. *Daimler*, 571 U.S. at n.19 (defining an "exceptional case" to be one where "a corporation's operations in a forum other than its formal place of incorporation or place of business may be so substantial . . . so as to render the corporation at home in the state"); *see also Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 135 (2d Cir. 2014) (indicating the district court may not exercise general personal jurisdiction because the activities in the forum state "plainly do not approach the required level of contact" so as to be an "exceptional case"). Plaintiffs' vague and conclusory allegation that "Defendants . . . transact substantial business" in the United States, SAC ¶ 51, does not come close to overcoming the high bar necessary to establish general jurisdiction over foreign-

registered and located companies like AELTC and FFT. *See In re Aegean Marine Petroleum Network*, 529 F. Supp. 3d at 140, 143, 158–59 (finding conclusory, group pleading allegations insufficient to establish personal jurisdiction).

Indeed, even "engage[ment] in a substantial, continuous, and systematic course of business" alone does not sufficiently render a company at home in a forum, *Daimler*, 571 U.S. at 118–19, and Plaintiffs do not specify any business AELTC or FFT engaged in within the United States, let alone business that rises above "substantial, continuous, and systematic" in nature. The sole allegation about AELTC's purported contacts with the United States is that in 2021, it "announced that it renewed its television rights deal with ESPN [which is described as an 'American company'] through 2025." SAC ¶ 113. Similarly, the sole allegation regarding FFT is that in 2024, it "announced a $65 million-per-year, 10-year deal with TNT Sports, a subsidiary of Warner Bros. Discovery, to make TNT the lead U.S. media partner of the French Open." *Id.* Such limited relationships cannot confer general jurisdiction over AELTC or FFT in the United States. *See Brown v. Showtime Networks, Inc.*, 394 F. Supp. 3d 418, 432 (S.D.N.Y. 2019) (finding broadcasting contracts with "*New York-based enterprises*" to be insufficient to establish general jurisdiction over foreign entity, BBC) (emphasis added).

**B.    AELTC And FFT Do Not Plead The Requirements To Demonstrate A Sufficient Nexus With The United States**

Specific jurisdiction considers whether a sufficient nexus exists between the forum and the defendant's conduct giving rise to the claims. *See Orient Plus Int'l Ltd.*, 2025 WL 3022826, at *5 (evaluating whether foreign defendant had a "sufficient nexus" with the United States). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the [forum]." *City of Long Beach v. Total Gas & Power N. Am.,* 465 F. Supp. 3d 416, 435 (S.D.N.Y. 2020). Plaintiffs' conclusory allegation that all Defendants transact

business and conduct marketing, advertising, and promotional activities in the United States is wholly insufficient to confer jurisdiction over AELTC or FFT. *See Herlihy v. Sandals Resorts Int'l, Ltd.*, 795 Fed. Appx. 27, 29–30 (2d Cir. 2019) (finding no specific jurisdiction where plaintiff's complaint did not demonstrate that the foreign defendant "purposefully directed its activities" or "market[ed] itself directly" to the citizens of the state).

Again, the sole specific allegations that Plaintiffs put forth concerning AELTC's and FFT's alleged activity within the United States are their purported respective deals with ESPN and TNT Sports. SAC ¶ 113. This allegation "border[s] on frivolous," *World Skating Fed'n*, 357 F. Supp. 2d at 665, because the SAC contains no allegations demonstrating that these purported relationships with ESPN and TNT Sports have any nexus to Plaintiffs' claims. *See id.* (rejecting claim that television contracts entered into in New York sufficed to establish a *prima facie* case for jurisdiction under the New York long-arm statute); *Brown*, 394 F. Supp. 3d at 434 (finding no specific jurisdiction because the plaintiffs "have not identified any nexus between BBC's 'television deals' with cable providers and the claims they assert here"). Additionally, as detailed in Section I.B. above, Plaintiffs do not allege any facts sufficient to demonstrate specific jurisdiction under a theory of "conspiracy jurisdiction." *See Contant v. Bank of Am. Corp.*, 385 F. Supp. 3d 284, 295 (S.D.N.Y. 2019) (finding no specific jurisdiction under a theory of "conspiracy-related conduct" where the complaint only includes "conclusory allegation[s]" and "does not specifically allege" that the purported co-conspirators "engaged in suit-related conduct aimed at or taking place" in the relevant forum).

### C. Exercising Jurisdiction Over AELTC And FFT Would Offend Notions Of Fair Play And Substantial Justice

Even if Plaintiffs could show that AELTC and FFT are subject to general or specific personal jurisdiction, the Court's exercise of personal jurisdiction would still not be reasonable.

*See Orient Plus Int'l Ltd.*, 2025 WL 3022826, at \*4 (requiring that plaintiffs demonstrate that the exercise of personal jurisdiction over the foreign defendant is reasonable); *Laborers Local 17 Health & Benefit Fund v. Philip Morris, Inc.*, 26 F. Supp. 2d 593, 598 (S.D.N.Y. 1998) (holding that even if a defendant has sufficient contacts with the forum, "a court also must consider whether the assertion of jurisdiction comports with traditional notions of fair play and substantial justice— that is, whether it is reasonable under the circumstances of a particular case"). The "reasonableness" analysis takes into account five factors: (i) the burden on the defendant; (ii) the interests of the forum; (iii) the interests of the plaintiffs in obtaining relief; (iv) the efficient administration of justice; and (v) whether any substantive social policies would be served by permitting the case to be heard in plaintiffs' chosen forum. *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987).

These factors weigh against the exercise of jurisdiction. First, AELTC is registered and operates in the United Kingdom and FFT is registered and operates in Paris, France, and as such, defending a case in New York would be very burdensome. *See Laborers Local 17*, 26 F. Supp. 2d at 599 (finding exercising of jurisdiction would be unreasonable where defendant's "officers, records and employees are located in the United Kingdom" and plaintiff failed to explain why defendant "is a necessary party to [the] lawsuit where the actual [parties at issue] are before the Court").

Moreover, because AELTC is located and operates in London and FFT is located and operates in Paris, their documents, witnesses, and evidence are likely to be overwhelmingly there as well. Requiring them to defend a lawsuit in a city where neither has any connection would be a considerable burden. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 174

(2d Cir. 2013) (noting that "many of the documents and witnesses relevant to this litigation are located abroad," increasing the burden of bringing suit in the U.S.).

In addition, FFT faces an additional burden as many of its internal documents are in French and its to-be-determined witnesses may not be comfortable testifying under oath in English. *See Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1272 (9th Cir. 1981) (finding burden when "[t]estimony and documents would need to be translated"); *Kazanjian Bros. v. Jaziri*, No. 14-cv-05625, 2015 WL 438293, at *5 (C.D. Cal. Feb. 3, 2015) (recognizing that litigating in English could be a burden for French defendants); *contrast Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 99 (2d Cir. 2000) (finding that litigating in New York City was not a burden in part because the Dutch defendant "face[d] little or no language barrier," in addition to "hav[ing] a physical presence in the forum state" and being the parent company "of one of America's largest corporations, which has a very significant presence in New York").

Finally, AELTC's, FFT's, and this Court's interests in judicial efficiency overcome any interests Plaintiffs have in this Court's exercising jurisdiction over AELTC and FFT because, as discussed above, the SAC contains only conclusory allegations that the purported improper conduct giving rise to Plaintiffs' claims took place in New York and that AELTC and FFT engaged in or knew about such conduct. *See SPV OSUS Ltd. v. UBS AG*, 114 F. Supp. 3d 161, 171 (S.D.N.Y. 2015) (finding exercise of jurisdiction unreasonable given "the utter lack of nexus between the [foreign defendants'] alleged conduct and plaintiffs' claims").

## CONCLUSION

For the foregoing reasons, Plaintiffs' claims against AELTC and FFT should be dismissed for a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated: December 22, 2025

Respectfully submitted,

*/s/ Bradley Justus* _____

Bradley Justus (*pro hac vice*)
Jeny M. Maier
Allison Vissichelli (*pro hac vice*)
AXINN, VELTROP & HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Phone: (202) 912-4700
Fax: (202) 912-4701
bjustus@axinn.com
jmaier@axinn.com
avissichelli@axinn.com

*Counsel for Defendant The All England Lawn Tennis Club (Championships) Limited*

*/s/ Michael Schaper* _____

Michael Schaper
Jacob Hochberger
DEBEVOISE & PLIMPTON LLP
66 Hudson Blvd.
New York, NY 10001
Phone: (212) 909-6000
mschaper@debevoise.com
jhochberger@debevoise.com

Tim Cornell
Leah S. Martin (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Ave NW
Washington, DC 20004
Phone: (202) 383-8000
tjcornell@debevoise.com
lmartin@debevoise.com

*Counsel for Defendant Fédération Française de Tennis*

## CERTIFICATE OF COMPLIANCE

I, Bradley Justus, certify that the foregoing Memorandum Of Law conforms to the requirements of Local Civil Rule 7.1(c) and Rule (II)(B)(2) of the Honorable Margaret M. Garnett's Individual Rules & Practices. The Memorandum, including footnotes and endnotes, contains 6,337 words and complies with the limits as ordered by the Court on December 18, 2025, ECF No. 177. This brief was prepared using Microsoft Word, and the word processing program has been applied specifically to include all required text for word count purposes.


Dated: December 22, 2025                              */s/ Bradley Justus*
                                                     Bradley Justus