UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vasek Pospisil, Nicholas Kyrgios, Anastasia Rodionova, Nicole Melichar-Martinez, Saisai Zheng, Sorana Cîrstea, John-Patrick Smith, Noah Rubin, Aldila Sutjiadi, Varvara Gracheva, Tennys Sandgren, Sachia Vickery, Nicolas Zanellato, and Reilly Opelka, on behalf of themselves and all others similarly situated, <br><br> -and- <br><br> The Professional Tennis Players Association, <br><br>     Plaintiffs, <br><br>  v. <br><br> ATP Tour, Inc. and WTA Tour, Inc., <br><br>     Defendants. | Civil Action No. 1:25-cv-02207-MMG |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, Plaintiffs Vasek Pospisil, Nicholas Kyrgios, Anastasia Rodionova, Nicole Melichar-Martinez, Saisai Zheng, Sorana Cîrstea, John-Patrick Smith, Noah Rubin, Aldila Sutjiadi, Varvara Gracheva, Tennys Sandgren, Sachia Vickery, Nicolas Zanellato, and Reilly Opelka (collectively, the "Player Plaintiffs"), on behalf of themselves and all others similarly situated (together with the Player Plaintiffs, the "Damages Class Plaintiffs"), and Defendant Tennis Australia, Ltd. ("Tennis Australia," and together with Player Plaintiffs the "Parties") have determined to settle the Settled Damages Claims asserted against Tennis Australia in this Action with prejudice on the terms and conditions set forth in the Damages Settlement Agreement, subject to approval of this Court;

WHEREAS, Player Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Damages Settlement in accordance with the Damages Settlement Agreement, and approving the notice of the Settlement to the Damages Settlement Class as more fully described herein;

WHEREAS, the Court has considered: (i) Player Plaintiffs' Motion for Preliminary Approval of the Damages Settlement and the papers filed and arguments made in connection therewith; and (ii) the Damages Settlement Agreement; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained in this Order shall have the same meanings as they have in the Damages Settlement Agreement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Damages Settlement.** Pursuant to Fed. R. Civ. P. 23(e)(1)(B), based on "the parties' showing that the court will likely be able to (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court hereby preliminarily approves the Damages Settlement, as embodied in the Damages Settlement Agreement, as described below.

2. **Notice to Damages Settlement Class.** Notice of the Damages Settlement is hereby stayed for a period of 180 days after the entry of this Order. Prior to issuing notice, Weil, Gotshal & Manges LLP shall submit a motion for the Court to approve the form and manner of notice of the Damages Settlement.

3. **CAFA Notice.** As provided in the Damages Settlement Agreement, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1715 *et seq*. ("CAFA") Tennis Australia, at its own cost, shall serve proper notice of their proposed Settlement upon those who are entitled to such notice

pursuant to CAFA. Tennis Australia shall cause to be filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

4.      **Effect of No Approval.** If the Damages Settlement is not approved, or the Effective Date of the Damages Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, and this Order shall be without prejudice to the rights of the Player Plaintiffs, the other Damages Settlement Class members, and Tennis Australia.

5.      **Use of This Order.** Neither this Order, the Damages Settlement Agreement (whether or not consummated), the negotiations leading to the execution of the Damages Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Damages Settlement Agreement and/or approval of the Damages Settlement (including any arguments proffered in connection therewith) shall be: (i) offered against Tennis Australia as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Tennis Australia of the truth of any fact alleged by Plaintiffs, the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Tennis Australia, other than such proceedings as may be necessary to effectuate the provisions of this Damages Settlement Agreement; or (ii) offered against Plaintiffs or any of the other Settling Plaintiffs as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Plaintiffs or any of the other Settling Plaintiffs that any of their claims are without merit or that Tennis Australia had meritorious defenses, other than such proceedings as may be necessary to effectuate the provisions of this Damages Settlement Agreement.

6. All proceedings in the Action with respect to Tennis Australia continue to remain stayed until further order of the Court, except as may be necessary to implement the Damages Settlement set forth in the Damages Settlement Agreement or comply with the terms thereof.

7. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Damages Settlement.

SO ORDERED.


DATED:   New York, NY                  _____
                                       HON. MARGARET M. GARNETT
         _____           United States District Judge