# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vasek Pospisil, Nicholas Kyrgios, Anastasia Rodionova, Nicole Melichar-Martinez, Saisai Zheng, John-Patrick Smith, Noah Rubin, Aldila Sutjiadi, Varvara Gracheva, Tennys Sandgren, Sachia Vickery, Nicolas Zanellato, Christian Harrison, Ingrid Neel, and Marco Trungelliti, on behalf of themselves and all others similarly situated, <br><br> -and- <br><br> The Professional Tennis Players Association, <br><br><br> Plaintiffs, <br><br> vs. <br><br><br> ATP Tour, Inc., and WTA Tour, Inc., Tennis Australia Limited, Fédération Française de Tennis, All England Lawn Tennis Club (Championships) Limited, and United States Tennis Association Incorporated, <br><br><br> Defendants. | Case No. 25-cv-2207 (MMG) |

## DECLARATION OF WAJID MIR SYED

I, Wajid Mir Syed, declare, upon personal knowledge and under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney admitted to practice law in the State of Minnesota.

2. I am the General Counsel and Executive Vice President of Player Engagement for the Professional Tennis Players Association ("PTPA"), a position I have held since December 2022.

3. In my capacity as the PTPA's General Counsel and Executive Vice President of Player Engagement, I have developed resources to improve the medical welfare and career prospects of professional tennis players. I also regularly correspond with professional tennis players regarding financial, medical, legal, and other professional issues they face.

4. As part of the PTPA's efforts to facilitate these programs and services, I annually attend at least eight professional tennis tournaments, including the four Grand Slam tournaments, the Australian Open, the US Open, the French Open, and Wimbledon, as well as other tournaments on the ATP and WTA tours, such as the BNP Paribas Open at Indian Wells, and the Miami Open.

5. I have been regularly attending professional tennis tournaments since 2015, including the Grand Slam tournaments and numerous other tournaments on the ATP and WTA tours. Several other PTPA employees, including, but not limited to, Romain Rosenberg, PTPA's Executive Director, and Anastasia Skavronskaia, PTPA's Director of Player Relations, also attend professional tennis tournaments several times per year to facilitate PTPA's programs and services to players.

6. To effectuate PTPA's services to players, my fellow PTPA employees and I are required to obtain credentials from each tournament that permit us access to the non-public facilities that the players occupy and use during the tournaments.

7. Since filing our original complaint, PTPA employees and I have utilized tournaments' non-public facilities to meet with professional tennis players, including named plaintiffs in this lawsuit and putative class members, to keep them fully apprised about developments in this litigation and answer their questions about the lawsuit.

2

8.    Despite being named as defendants in this lawsuit since March 2025, defendants ATP Tour, Inc. and WTA Tour, Inc. have granted PTPA employees credentials to every tournament on the tours to which PTPA employees sought credentials.

9.    PTPA will not have the ability to serve players and fulfill its mission during the 2026 French Open and 2026 Wimbledon if FFT and AELTC do not provide the requested credentials.

10.    PTPA employees being denied credentials will prevent PTPA employees from being able to detect and address wrongdoing by any of the Defendants in this litigation that occurs during the tournaments. For example, at the 2025 Miami Open tournament, only a few days after the complaint in this lawsuit was filed, I was told by several players that a member of Defendant ATP's board of directors approached male professional tennis players in players-only areas of the Miami Open facilities and asked the players to sign a position statement disavowing any affiliation with the PTPA or this lawsuit.

11.    Without being on premises at the 2025 Miami Open, the PTPA would have been unable to quickly mobilize support and resources to assist players in dealing with this intimidation by Defendant ATP.

12.    As General Counsel and Executive Vice President of Player Engagement of the PTPA, my presence alongside professional tennis players during tournaments is crucial to ensuring that their legal rights as absent class members, and as PTPA members generally, are protected.

13.    PTPA employees' presence at Grand Slam and other professional tennis tournaments is critical to protect players' legal rights, effectuate PTPA's core mission, programs, and services, and communicate with its members generally during a rare opportunity to do so in-person.

Dated: May 13, 2026
       Chicago, Illinois

Signed by:

DD7E4EFC4EFC488...

Wajid Mir Syed