July 2, 2026

**Via PACER**

Hon. Margaret M. Garnett
United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Pospisil, et al., v. ATP Tour, Inc., et al.*, No. 25-cv-2207-MMG

Dear Judge Garnett:

We are counsel for defendants ATP Tour, Inc., WTA Tour, Inc., Fédération Française de Tennis, The All England Lawn Tennis Club (Championships) Limited, and United States Tennis Association Incorporated ("Defendants") in the above-referenced case.[1]  We write to inform the Court of a recently filed lawsuit brought in District of Columbia Superior Court by certain plaintiffs in the case before Your Honor—specifically, Saisai Zheng, Marco Trungelliti and Professional Tennis Players Association ("PTPA")—against, among others, another plaintiff in this case, Vasek Pospisil.  The lawsuit's amended complaint is attached as Exhibit A.  Plaintiffs also filed papers seeking a temporary restraining order regarding governance and related issues.

We are bringing this newly-filed lawsuit to the Court's attention because we respectfully submit it bears on and further confirms that PTPA lacks associational standing and should be dismissed as a plaintiff.  (ECF Nos. 118, 119, 131; 190 at 40, collectively, Defendants' pending motions to dismiss PTPA for lack of standing (the "Pending Motions").)  In particular, there are allegations by Ms. Zheng and Mr. Trungelliti that are inconsistent with statements made to the Court in opposition to the Pending Motions.  Moreover, the fact that it certainly now appears unsettled as to who has legal authority to run PTPA—per the amended complaint, a Zheng-led contingent and a Pospisil-led contingent each claim to be PTPA's true executive committee—further underscores that PTPA should not be allowed to continue as a plaintiff in the present lawsuit, where it is at best redundant of the player plaintiffs and, now, its governance impasse threatens to make impractical its participation.

**The Allegations in the D.C. Lawsuit**

The plaintiffs in the D.C. lawsuit allege that in 2023, the year PTPA was incorporated, PTPA entered into an agreement with Winners Alliance, Inc., a for-profit company.  (Am. Compl. ¶¶ 31, 57-60.)  According to the plaintiffs, the agreement gave Winners Alliance, which shares an address with PTPA, an exclusive twenty-year license (with automatic ten-year renewals) to exploit "all tennis-related athlete IP rights," in exchange for monies that evidently constitute all of PTPA's revenue (and, by extension, source of funding for the present lawsuit).  (*See id*. ¶¶ 58-

---

[1] Defendants' submission of this letter does not waive, and Defendants expressly reserve, any and all objections and defenses regarding the Court's lack of jurisdiction, improper venue, and improper forum, as applicable.

Hon. Margaret M. Garnett
July 2, 2026
Page 2

59.)[2]  Allegedly, from the outset and until a few months ago (when he passed the reins to another Winners Alliance-affiliated individual), Winners Alliance's CEO and equity holder Ahmad Nassar was also PTPA's executive director, and Winners Alliance paid Nassar's salary.  (*Id*. ¶¶ 52-53; 76.)  Similarly, Winners Alliance has allegedly given undisclosed cash and equity to Mr. Pospisil, while he was serving on PTPA's executive committee.  (*Id*. ¶¶ 69-70.)  In addition, plaintiffs allege "Winners Alliance [does] not merely fund the Association [PTPA]; it operates it. . . . Winners Alliance controls the Association's payroll, its financial accounts, its technology environment, and its social-media channels."  (*Id*. ¶ 54.)

As alleged in the D.C. lawsuit, in December 2025, a journalist began reporting on the connection between Winners Alliance and PTPA; and, around this time, Novak Djokovic, PTPA's co-founder and most prominent voice, stepped away from PTPA, announcing "ongoing concerns regarding transparency, governance, and the way [his] voice and image have been represented," and that his own values and approach "no longer aligned with the current direction of the organization." (*Id*. ¶¶ 73, 75.)

Allegedly, in early 2026, the PTPA executive committee (*i.e.*, board of directors; *id*. ¶ 36) turned over, with Ms. Zheng and another individual continuing in their prior roles as executive-committee members and the addition of four new executive-committee members, including Mr. Trungelliti (who, with Ms. Zheng, is also a professional tennis player and a plaintiff in this, the S.D.N.Y. action). (*Id*. ¶¶ 47-49.)  In June 2026, after the new alleged executive committee directed an investigation into Winners Alliance and Mr. Nassar, a group of four individuals, including Mr. Pospisil, purporting to be on the executive committee—but whom the complaint calls a "Fake Executive Committee"—allegedly convened a purported executive-committee meeting, at which they purported to fire the person whom the Zheng-led executive committee had directed to lead the investigation. (*Id*. ¶¶ 10, 92-94.)

**The Allegations in the D.C. Suit Conflict with Declarations Submitted Here and Further Underscore that PTPA Lacks Standing and Its Claims Should Be Dismissed**

The allegations in the D.C. lawsuit (with Ms. Zheng as a plaintiff) are at odds with Ms. Zheng's declaration that she submitted in this case in opposition to Defendants' Pending Motions.  In the declaration, Ms. Zheng stated she was a member of the executive committee. She stated: "I was elected by PTPA's membership at-large."  (ECF No. 127 ¶ 3.) Ms. Zheng's D.C. suit says something different:

---

[2] Billionaire Bill Ackman is Winners Alliance's Chairman and has led fundraising for it. *Winners Alliance Launched to Serve the Interests of Professional Athletes*, https://winnersalliance.com/winners-alliance-launched-to-serve-the-interests-of-professional-athletes/ (Apr. 4, 2023).  PTPA is presently contemplating seeking to raise $1 billion, presumably on the promise of a business model that would richly benefit Winners Alliance and Mr. Ackman.  *PTPA May Seek $1 Billion Raise for Efforts to Remake Pro Tennis*, https://sports.yahoo.com/articles/ptpa-may-seek-1-billion-213320556.html (Jan. 21, 2026).

Hon. Margaret M. Garnett
July 2, 2026
Page 3

> The Association [PTPA] has always constituted its Executive Committee by appointment. Professional players are difficult to recruit to unpaid governance service, and the Association's founders and leadership have accordingly identified and appointed willing, eligible players to serve—the practical method by which every member of the Executive Committee, on every side of this dispute, came to be seated. The founding Executive Committee was seated by . . . a written resolution effective January 12, 2023 . . . It named . . . Ms. Zheng . . . [In 2026] Ms. Zheng . . . was reappointed by Defendant Nassar's successor [*i.e.*, the executive director].

(Am. Compl. ¶¶ 44-45, 47.)_

Thus, it appears that, contrary to Ms. Zheng's sworn declaration, there was no "elect[ion]" by any "membership at-large." In fact, PTPA has no members, and, thus, no associational standing. (ECF No. 119 at 13-15.)

Ms. Zheng's D.C. lawsuit also suggests that neither her nor Mr. Nassar's declarations submitted in this case fully or accurately describe how PTPA operates. The declarations claim PTPA is directed by its executive committee, but they never mention Winners Alliance or the fact that, per Ms. Zheng's D.C. suit, it is allegedly Winners Alliance that actually operates PTPA—and exerts inappropriate influence over it. (*See* ECF No. 127 ¶ 7 (describing executive committee duties; alluding to its "approv[al] [of] PTPA's external vendors, partners, and advisors," seemingly, now, Winners Alliance); ECF No. 126 ¶ 12.) PTPA cannot claim to answer to a constituency consisting of its "members" (or even, in the absence of an actual membership roster, quasi-members) when, if the allegations in Ms. Zheng's suit are true, it is operated by and beholden to Winners Alliance, and not genuinely directed, controlled, financed, or reasonably influenced by the professional tennis players it purports to represent.

*    *    *

Two of the named plaintiffs in the present case are in conflict with another named plaintiff—Ms. Zheng and Mr. Trungelliti, on the one hand vs. Mr. Pospisil, on the other hand—about who controls another named plaintiff, PTPA. It is not clear how or if plaintiffs' counsel can negotiate this conflict or discern from whom it must take direction on behalf of PTPA. Just as critically, PTPA's governance impasse underscores an important prudential reason for dismissing it on standing grounds (*see* ECF No. 119 at 17-18): PTPA's participation as a plaintiff adds nothing to this case—particularly where there are named player plaintiffs (and alleged classes of player plaintiffs) who have asserted the substantive claims and who purport to be adequate class representatives. There are two organizations in this lawsuit that *actually have player members*: defendants ATP Tour, Inc. and WTA Tour, Inc. PTPA, by contrast, has no members and is now the subject of claims by certain of its co-plaintiffs in this case that it in effect has been an instrument of the sports-licensing company that operates it, even though the fundamental role and interests of this for-profit company have never been brought to the Court's attention by plaintiffs. These developments only further underscore Defendants' arguments that PTPA lacks standing and its claims should be dismissed.

Hon. Margaret M. Garnett
July 2, 2026
Page 4

Respectfully submitted,

/s/ Bradley I. Ruskin
Bradley I. Ruskin
Lee M. Popkin
Jordan B. Leader
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3465
Facsimile: (212) 969-2900
bruskin@proskauer.com
lpopkin@proskauer.com
jleader@proskauer.com

Kyle A. Casazza
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 284-5677
Facsimile: (310) 557-2193
kcasazza@proskauer.com

*Counsel for Defendant ATP Tour, Inc.*


/s/ Bradley Justus
Bradley Justus (pro hac vice)
Jeny M. Maier
Allison Vissichelli (pro hac vice)
Axinn
1901 L St NW
Washington, DC 20036
Telephone: (202) 912-4700
bjustus@axinn.com
jmaier@axinn.com
avissichelli@axinn.com

*Counsel for Defendant The All England
Lawn Tennis Club (Championships) Limited*

/s/ Lawrence Buterman
Lawrence E. Buterman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
lawrence.buterman@lw.com

Amanda P. Reeves (admitted pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
amanda.reeves@lw.com

Christopher S. Yates (admitted pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8157
chris.yates@lw.com

*Counsel for Defendant WTA Tour, Inc.*

Hon. Margaret M. Garnett
July 2, 2026
Page 5

<u>/s/ Derek Ludwin</u>
Derek Ludwin
Covington & Burling LLP
850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
dludwin@cov.com

*Counsel for Defendant United States Tennis Association Incorporated*

<u>/s/ Michael Schaper</u>
Michael Schaper
Jillian Tancil
DEBEVOISE & PLIMPTON LLP
66 Hudson Blvd.
New York, NY 10001
Telephone: (212) 909-6000
mschaper@debevoise.com
jtancil@debevoise.com

Tim Cornell
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Ave NW
Washington, DC 20004
Telephone: (202) 383-8000
tjcornell@debevoise.com

*Counsel for Defendant Fédération Française de Tennis*

Attachment

cc:    all counsel of record