# Weil, Gotshal & Manges LLP

2001 M Street, NW Suite 600
Washington, DC 20036
+1 202 682 7000 tel
+1 202 857 0940 fax

**Andrew S. Tulumello**
+1 (202) 682-7100
drew.tulumello@weil.com

BY ECF

July 24, 2026

Hon. Margaret M. Garnett
United States District Judge
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007


Re:     *Pospisil et al. v. ATP Tour, Inc. et al.,* No. 1:25-cv-02207-MMG (S.D.N.Y.)

Dear Judge Garnett:

Plaintiffs write in response to the letter filed by Defendants ATP Tour, Inc., WTA Tour, Inc., Fédération Française de Tennis, The All England Lawn Tennis Club (Championships) Limited, and United States Tennis Association Incorporated ("Defendants") on July 2, 2026, in which Defendants bring to the Court's attention a separate lawsuit concerning the governance of the PTPA (the "DC Complaint"), claiming that allegations in that litigation bear on whether the PTPA has associational standing in this action. ECF No. 218. Defendants are incorrect.

As the Court is aware, the parties' motion to dismiss is fully briefed.  Defendants state that a governance dispute regarding the composition of the PTPA's Executive Committee supports their argument that the PTPA has no members and, therefore, cannot have associational standing. ECF No. 218 at 3. As Plaintiffs have already explained in their Opposition to Defendants' Motion to Dismiss, Defendants' claim that the PTPA lacks standing is meritless. *See generally* ECF No. 124.

The PTPA has members (including its Executive Committee members). ECF No. 124 at 3–4, 8–9. Nothing about the governance dispute in DC alters that fact. That alone resolves the standing question.

Moreover, for associational standing, no formal members list is necessary. ECF No. 124 at 9–11.  Courts in this District routinely hold that an organization that is largely "staffed, directed, and driven by the individuals . . . that [they] seek[] to serve," satisfies the requirements for associational standing. *Westchester Indep. Living Ctr., Inc. v. State Univ. of N.Y., Purchase Coll.,* 331 F.R.D. 279, 296–97 (S.D.N.Y. 2019) (disability rights group had associational standing even though it was "not a traditional voluntary membership organization" because its mission was to "empower people with disabilities" and the vast majority of its staff and board had disabilities); *see also Brooklyn Ctr. for Indep. of the Disabled v. Bloomberg,* 290 F.R.D. 409, 416–17 (S.D.N.Y. 2012) (plaintiff could sue on behalf of people with disabilities because, as a "service provider managed and directed by persons with disabilities" that

Hon. Margaret M. Garnett
July 24, 2026
Page 2

**Weil, Gotshal & Manges LLP**

"serv[ed] persons with disabilities," it functioned as a membership organization (quotations omitted)); *Bronx Indep. Living Servs. v. Metro. Transp. Auth.*, 2021 WL 1177740 at *12 (S.D.N.Y. Mar. 29, 2021) (organization primarily composed of disabled individuals that served and advocated for other disabled individuals had standing).

Here, Defendants do not dispute that the PTPA's Executive Committee is comprised of professional tennis players or that the PTPA has provided services to its members. As explained in Plaintiffs' Opposition, the PTPA Executive Committee members are all current and former professional tennis players. ECF No. 124 at 3–4. The PTPA has provided more than 700 professional tennis players "medical services through PTPA MedNet, mental health services through PTPA Mental Fitness Program, legal services through PTPA Ace, as well as other travel and educational services" at little to no cost to the players. ECF No. 124 at 10–11. The PTPA satisfies the requirements for associational standing. The PTPA also possesses organizational and antitrust standing because the organization itself has suffered harm caused by Defendants' conduct. ECF No. 124 at 16–24. Every one of the Plaintiffs in this action supports the PTPA's standing to sue. The interim governance dispute Defendants refer to has no bearing on this Court's standing analysis.

Respectfully submitted,

*/s/ Andrew S. Tulumello*

Andrew S. Tulumello
Weil, Gotshal & Manges LLP
*Counsel for Plaintiffs*
(admitted *pro hac vice*)

cc:     All counsel of record (via ECF)